IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; ) <br> DEBORA PARADIES, LONDON ) <br> LEWIS; and ROBERT MANLEY, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ) <br> ASERACARE INC,; ) <br> and GGNSC ADMINISTRATIVE ) <br> SERVICES d/b/a Golden Living ) <br> f/k/a Beverly Enterprises Inc., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO: <br> 2:12-CV-245-KOB |

MEMORANDUM OPINION AND ORDER

This matter comes before the court on "Defendants' Motion for Reconsideration of Order Granting Government's Motion to Intervene." (Doc. 136). The court granted the Motion for Reconsideration and now reconsiders its July 3, 2012 Order, granting the Government's Motion to Intervene. The Defendants argue that the Government's intervention will cause undue prejudice and delay the adjudication in contravention of Rule 24(b). Fed. R. Civ. Pro. 24(b)(3). The Government argues that the court should allow intervention "for good cause" under the False Claims Act because of the discovery of new evidence after the initial intervention deadline. *See* 31 U.S.C. § 3730(c)(3). The court does not find the Defendants' arguments for reversing its decision granting the Government's motion to intervene persuasive, and thus the court will CONFIRM its July 3, 2012 Order, granting the Government's Motion to Intervene.

1

I.   Procedural History

The court granted the Government's motion to intervene on July 3, 2012. (Doc. 115). The court held a status conference on August 28, 2012.  As a result of that status conference, the court entered a revised scheduling order and consolidated *Paradies* (Civil Action No. 2:12-cv-245-KOB) and *Micca* (Civil Action No. 2:12-cv-2264-KOB) for discovery purposes. (Doc. 135). Three days later, the Defendants filed the motion for reconsideration of the court's order granting the Government's motion to intervene. (Doc. 136). The court granted the motion for reconsideration (doc. 138) and allowed a written response from the Government (doc. 141) and a reply from the Defendants (doc. 142).

II.   Discussion

Under the False Claims Act, when the government declines to intervene in the *qui tam* case initially, it may intervene at a later time upon a showing of good cause under 31 U.S.C. § 3730(c)(3). The Act does not define "good cause," but courts have found good cause in cases where the government realized the magnitude of the alleged fraud was much larger than it had originally anticipated; where the government received additional and new evidence about the case; and where intervention would protect the interests of the relators. *See U.S. ex rel. Hall v. Schwartzman*, 887 F. Supp. 60, 62 (E.D. N.Y. 1995) (granting government intervention when the government had "uncovered information suggesting that the scope of the alleged fraud [was] more extensive than originally anticipated"); *U.S. ex rel. Stone v. Rockwell Intern. Corp.*, 950 F. Supp. 1046, 1049 (D. Colo. 1996) ("Even if good cause requires a showing of new evidence, the government has sustained that burden"); *Id.* ("Such reading leads us to the conclusion that the 'good cause' requirement of § 3730(c)(3) was intended to protect the interests of the relator."

(quoting 29 U.S.C. § 3730(c)(3))).

In addition, the legislative history of the Act suggests that Congress intended for the Government to be able to intervene upon the discovery of new information. *See* S. Rep. No. 99-345, at 26 to 27 (1986) (discussing that the discovery of new evidence "could escalate the magnitude or complexity of the fraud, causing the Government to reevaluate its initial assessment or [make] it difficult for the *qui tam* relator to litigate alone").

The Government claims that after its initial decision not to intervene in this case, it discovered new relevant information and evidence of the Defendants' fraud. *See* Doc. 108, at 3 ("On several occasions after May 16, 2011, representatives of the United States met with counsel for AseraCare to discuss the United States' investigation, including new information that AseraCare provided to the United States since May 2011"). The relators support the Government's intervention in this case.

The Defendants argue that the Government's intervention will result in duplicative discovery and undue prejudice. Under Rule 24(b)(1)(A), the court may allow a party to intervene who "is given a conditional right to intervene by a federal statute." Fed. R. Civ. Pro. 24(b)(1)(A). Under the False Claims Act, the Government is given a conditional right to intervene in qui tam actions "for good cause" once the initial intervention period has expired. 31 U.S.C. § 3730(c)(3). In deciding whether to allow a party to intervene, the court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. Pro. 24(b)(3).

As discussed at the August 28, 2012 status conference, the court is not persuaded that the government's intervention and accompanying revised scheduling order (doc. 137), including an

appropriate discovery period, will unduly prejudice the Defendants. The discovery conducted in this case before it was transferred from the Eastern District of Wisconsin to this court was minimal, and the Wisconsin court recognized that the discovery was "only in the early stages" when it transferred the case to this court. (Doc. 99, at 8). This court recognizes the need for further meaningful discovery on the alleged fraud perpetrated by the Defendants.

The additional discovery that the Defendants *may* have to engage in because of the Government's intervention "is not sufficient . . . to deny any intervention absent a showing of undue prejudice." *U.S. ex rel. Hall v. Schwartzman*, 887 F. Supp. 60, at 62. Here, the court has not found any showing of undue prejudice, and thus a possibility of broader discovery is not enough to deny the Government's intervention.

The Defendants also argue that under *United States v. Jefferson County*, the court should not allow the Government to intervene because the motion to intervene was not timely filed. 720 F.2d 1511, 1519 (11th Cir. 1983). The court is unaware of any court that has analyzed the Government's motion to intervene in a False Claims Act *qui tam* action under *Jefferson*'s factors for permissive intervention. The court agrees with the Government in that "the very nature of government intervention in FCA cases creates circumstances and considerations not present in ordinary cases involving a non-party's efforts to intervene under Rule 24." Doc. 141, at 4. The court, however, finds that the Government is entitled to intervention, even assuming the *Jefferson* framework does apply to this situation.

Under *Jefferson*, the district court must consider four factors when deciding whether to allow intervention:

(1) the length of time during which the would-be intervenor knew or reasonably

> should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*Id.* at 1516. First, the Government gained new information in the time between when it initially declined to intervene and its February 20, 2012 Motion to Intervene. Additionally, the Government filed its Motion to Intervene within one month of the case being transferred to this court. Second, as already discussed, the court does not find any significant prejudice to the Defendants as a result of the Government's intervention. Third, the Government's intervention in a False Claims Act case serves to protect the public interest which is of "paramount importance" in cases such as this one. *U.S. ex rel. Stone v. Rockwell Intern. Corp.*, 950 F. Supp. 1046 at 1049. Finally, the unusual circumstances of a *qui tam* action under the False Claims Act and the unususal and prolonged procedural history of this particular case "militate" for the finding of timeliness and allowing the Government to intervene. *Jefferson,* 720 F.2d at 1516.

III.    Conclusion

The court is satisfied that the new evidence involving AseraCare's hospice operations and Medicare claims and the "full support" of the relators justify the Government's intervention in this case. *U.S. ex rel. Stone v. Rockwell Intern. Corp.*, 950 F. Supp. at 1049. Additionally, under the general intervention considerations of Rule 24 and *Jefferson,* the court finds that the Defendants will not suffer any undue prejudice as a result of the Government's intervention in this case. Thus, the court CONFIRMS its July 7, 2012 Order, granting the Government's Motion to Intervene.

DONE and ORDERED this 24th day of September, 2012.

                                                _____
                                                KARON OWEN BOWDRE
                                                UNITED STATES DISTRICT JUDGE