FILED
2013 Aug-14 PM 10:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit D

**Snow, Holly H. (CIV)**

| | |
|---|---|
| **From:** | Snow, Holly H. (CIV) |
| **Sent:** | Friday, August 09, 2013 1:58 PM |
| **To:** | Christie Jr., James S. |
| **Cc:** | Ellis, Cameron (cellis@babc.com); Tapie, Carolyn B. (CIV); Olson, William E. (CIV); Woodke, Lane (USAALN) |
| **Subject:** | U.S. v. AseraCare - redactions of Liao-related documents |
| **Attachments:** | LIAO_00001527_pw.pdf; LIAO_00001529_pw.pdf |

Chris,

Further discussion on this issue is needed as we appear to have misunderstood each other.  As we said in our July 19 email "we understood from our call on July 5 that you want unredacted versions of the email communication at LIAO_00000985-LIAO_00000986 and LIAO_00001301-LIAO_00001302."  In other words, we thought we were discussing the production of unredacted versions of two documents, which contain the same email communication between Dr. Liao's assistants, in which non-responsive information had been redacted.  We did not understand you to request disclosure of all redacted information, which includes our protected communications with Dr. Liao and his assistants, in the over 1,500 pages of Liao-related documents that we have produced.

Disclosure of counsel's protected communications with Dr. Liao and his assistants is inconsistent with our understanding that the parties were operating under Rule 26 of the Federal Rules of Civil Procedure and our February 2013 agreement in which we agreed that the parties would not log individually "[p]rotected communications between a party's attorney and his expert witness" under FRCP 26.  While we think this agreement that attorney/expert communications protected under Rule 26 need not be logged is fairly extended to communications between a party's attorney and assistants for the expert witness, Fed. R. Civ. Proc. 26, advisory committee's note ("Protected 'communications' include those between the party's attorney and assistants of the expert witness"), we are happy to provide a privilege log identifying the basis for the redactions in the Government's Liao-related productions, and assume that you would also produce a privilege log for any redactions in AseraCare's expert productions.  We do not, however, agree to produce the information that we redacted on the basis that it is protected without further discussion and mutual agreement.

In our July 19 email, we agreed to provide a new version of the communication at LIAO_00000985-LIAO_00000986 and LIAO_00001301-LIAO_00001302 that discloses previously redacted, non-responsive content except that content that relates to unrelated contract negotiations that we were not given consent to disclose.  The new version that we agreed to provide is attached at LIAO_00001527-LIAO_00001528 and LIAO_00001529-LIAO_00001530.  I will sent the password separately.  We understand that you want to see

1

this new version to satisfy yourself that the information is unrelated to this case and that AseraCare agrees not to use the documents at LIAO_00001527-LIAO_00001528 and LIAO_00001529-LIAO_00001530.  Please note that the redacted information at the top of the first page of each document is a communication between Dr. Liao's assistant and DOJ counsel for the purpose of collecting the document for production.

As it was not clear from our previous discussions what specifically (if anything) we were disputing on this issue, all efforts to resolve the dispute plainly have not been exhausted.  We remain willing to discuss.

Regards,
Holly

---

**From:** Christie Jr., James S. [mailto:jchristie@babc.com]
**Sent:** Sunday, July 21, 2013 11:06 PM
**To:** Snow, Holly H. (CIV)
**Cc:** Tapie, Carolyn B. (CIV); Olson, William E. (CIV); Woodke, Lane (USAALN); Ellis, Cameron
**Subject:** U.S. v. AseraCare - redactions of Liao-related documents

Holly,

As discussed July 5, 2013, and as AseraCare confirmed in a July 8, 2013 email, and as to the Government's redactions of Liao-related documents:

3. Please provide the information redacted from the Liao/four assisting physicians' emails, with the understanding that AseraCare will use redacted versions to avoid disclosing any personal information or other irrelevant information, even if not privileged.

On July 19, 2013, the Government responded as follows:

> With respect to item 3 in your email below, we understood from our call on July 5 that you want unredacted versions of the email communication at LIAO_00000985-LIAO_00000986 and LIAO_00001301-LIAO_00001302.  As we told you on July 5, the redacted information is non-responsive.  Some of the redacted, non-responsive content relates to unrelated contract negotiation.  We requested but were not given consent to disclose that information to you, but we can represent that it is not related to issues in this case.  Other redacted, non-responsive content does not raise the same confidentiality concerns and we are preparing a version of the communication that discloses that information with the understanding that AseraCare will not use this new version per your representation which we accept in good faith.

My understanding is that the Governemnt intends to provide unredacted copies of the redacted Liao-related documents other than the two documents that you reference above (LIAO_00000985-LIAO_00000986 and

LIAO_00001301-LIAO_00001302).  If that is not correct, please let AseraCare know.  If that is correct, please let AseraCare know when the Government expects to provide the unredacted copies of the redacted Liao-related documents other than these two.

AseraCare is not interested in information not related to this litigation.  The redactions, however, appear to alter one's possible interpretaton of the emails.

As examples, the two documents referred to above (LIAO_00000985-LIAO_00000986 and LIAO_00001301-LIAO_00001302) are two versions of the same two page email chain.  Several times, the email chain has language appearing to be related to two assisting physicians' review of medical charts for this action, then redactions, and then more language related to the two assisting physicians' review of medical charts for this action.  For example, Dr. Yamarik writes to Dr. Ito, after saying she is doing chart reviews, "what crooks!" then the language apparently explaining who she is calling crooks is redacted, and then after the redactions Dr. Yamarik writes, "so it's nice to have the chart review work to do in the meantime."   For these reasons, the redactions for this two page email chain generates specific concern that can be identified.

Please discuss this email chain further?



**J.S. "Chris" Christie, Jr.**
*Partner*

**Phone** 205-521-8387
**Fax**   205-488-6387
**Email**  jchristie@babc.com

**One Federal Place**
1819 Fifth Avenue North
Birmingham, AL  35203-2119

Confidentiality Notice: This e-mail is from a law firm and may be protected by the attorney-client or work product privileges. If you have received this message in error, please notify the sender by replying to this e-mail and then delete it from your computer.