FILED
2014 Feb-03 PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 3

Page 1

```
1    IN THE UNITED STATES DISTRICT COURT
2    FOR THE NORTHERN DISTRICT OF ALABAMA
3             SOUTHERN DIVISION
4
5    CIVIL ACTION NO.:  2:12-CV-00245-KOB
6
7    UNITED STATES OF AMERICA, ex. rel.
8    DEBORA PARADIES, LONDON LEWIS and ROBERTA
9    MANLEY and UNITED STATES OF AMERICA,
10        Plaintiffs,
11   v.
12   GGNSC ADMINISTRATIVE SERVICES, LLC, et
13   al.,
14        Defendants.
15
16        VIDEOTAPE DEPOSITION
17              OF
18        DR. SOLOMON LIAO
19        19TH DAY OF MARCH, 2013
20
21   TAKEN BEFORE:  Gary N. Morgan
22            Registered Professional
23            Reporter and Notary Public
```

Page 2

```
1         S T I P U L A T I O N
2         IT IS STIPULATED AND AGREED,
3    by and between the parties, through their
4    respective counsel, that the videotape
5    deposition of DR. SOLOMON LIAO may be
6    taken before Gary N. Morgan, Commissioner,
7    Registered Professional Reporter and
8    Notary Public, State at Large;
9         That it shall not be necessary
10   for any objections to be made by counsel
11   to any questions, except as to form or
12   leading questions, and that counsel for
13   the parties may make objections and assign
14   grounds at the time of trial, or at the
15   time said deposition is offered in
16   evidence, or prior thereto.
17
18
19
20
21
22
23
```

Page 3

```
1              A P P E A R A N C E S
2
3    FOR THE PLAINTIFFS:
4         Ms. Holly H. Snow
5         Attorney at Law
6         U.S. Department of Justice
7         Civil Division
8         P. O. Box 261 Ben Franklin Station
9         Washington, DC 20044
10        (202) 616-2879
11
12        Ms. Stacy C. Gerber Ward
13        Attorney at Law
14        U.S. Department of Justice (ED-WI)
15        Office of the U.S. Attorney
16        517 E. Wisconsin Avenue - Room 530
17        Milwaukee, Wisconsin 53202
18        (414) 297-1700
19
20
21
22
23
```

Page 4

```
1    FOR THE DEFENDANTS:
2         Messrs. James S. Christie and
3              Jack W. Selden
4         Attorneys at Law
5         Bradley Arant Boult Cummings LLP
6         One Federal Place
7         1819 Fifth Avenue North
8         Birmingham, Alabama 35203
9         (205) 581-8000
10
11   OTHERS PRESENT:
12        Mr. Brad Campbell, videographer
13
14
15
16
17
18
19
20
21
22
23
```

Page 37

1    A.    Correct.
2    Q.    Those lively discussions would
3  be on both sides of whether or not
4  somebody might be eligible, right?
5    A.    Well, again, I wouldn't
6  characterize it as a side because the --
7  so, perhaps maybe it would be helpful for
8  us to discuss a little bit about the
9  process. So, the team members provide
10 information to the physician.
11   Q.    Yes.
12   A.    It is the physician, and only
13 the physician, who can sign the
14 certification. So, if I can clarify,
15 there is no side. There are no sides
16 because the only side that matters is the
17 physician. So, it's ultimately the
18 physician's analysis and judgment that
19 matters, so there is no side to
20 eligibility. The team members provide the
21 physician the necessary information that
22 he or she needs, and it is the physician
23 who makes the determination.

Page 38

1    Q.    All right. And if the
2  physician doesn't certify somebody as
3  eligible, then they cannot get hospice
4  benefits, correct?
5    A.    That's correct.
6    Q.    And, so, the physician really
7  is a check on whatever else the hospice,
8  as a nonprofit or profit hospice, may be
9  doing, a physician certifies somebody as
10 eligible, and if the physician is right or
11 the physician is wrong, that's what you
12 should be looking at if you're trying to
13 review what somebody else did, right?
14       MS. SNOW:  Objection,
15 confusing.
16   A.    Yeah, I'm sorry. I agree.
17 I'm a little confused by that. Could you
18 clarify your question, please.
19   Q.    Yeah. Sure. You said only
20 the physician makes the decision as to
21 whether or not to certify someone as
22 eligible for hospice, right?
23   A.    I believe the statement I have

Page 39

1  made was that only the physician can
2  certify a patient for eligibility, yeah.
3    Q.    And if the physician does not
4  certify the patient as being eligible,
5  then the patient is not eligible, right?
6    A.    That's correct.
7    Q.    And, so, what the nurse thinks
8  and what the social worker thinks and what
9  the chaplain thinks is part of the
10 physician's decision, but the physician
11 makes the decision, right?
12   A.    That's correct.
13   Q.    And if some administrator at
14 the hospice has a different opinion, his
15 opinion doesn't control any more than the
16 nurse's opinion or the chaplain's opinion
17 or the social worker's opinion; the
18 physician makes the decision, right?
19   A.    Well, I'm not sure what you
20 mean by control. But if you're talking
21 about certification which -- correct?
22 Okay. So, if you're talking about
23 certification, it is ultimately the

Page 40

1  physician who certifies the patient.
2    Q.    Right. Not -- not the nurse,
3  right?
4    A.    The nurse does not certify the
5  patient for hospice, correct.
6    Q.    Not the president of the
7  hospice company, right?
8    A.    That is correct.
9    Q.    Now, if the nurse has during
10 the discussion a view that the patient
11 might not be eligible, do those views
12 appear in the written notes?
13       MS. SNOW:  I'm going to
14 object. What written notes are you
15 referring to?
16       MR. CHRISTIE:  Whatever
17 written notes the hospice company may
18 keep. The medical records, maybe I should
19 just say medical record. I didn't mean
20 notes as a defined term of art. I --
21   Q.    (BY MR. CHRISTIE:) The IDT
22 team meetings keep records of their
23 meetings, don't they?