FILED
2015 Jun-09  AM 11:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA; ex rel., et al.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO:** |
| | ) | **2:12-CV-245-KOB** |
| | ) | |
| **ASERACARE INC, et al.** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER
### (Under Seal)

On June 3, 2015, in a conference call with Lane Woodke for the Plaintiff, and Chris

Christie for the Defendant, I disclosed that my father-in-law had just been accepted into hospice

care and that the prognosis was two to three weeks to live with Parkinson's.  I reminded counsel

that I had made a similar disclosure at an earlier stage of the case that my mother had been in

hospice care for approximately one-and-a-half years because of ALS and Alzheimer's; no one

raised any issue then.  I asked counsel to discuss this disclosure with other counsel and if anyone

had any issue with my remaining in the case to advise the Clerk of Court Sharon Harris; if so, I

would look more closely at the issue.

Ms. Harris advised me on Friday, June 5, 2015, that one party had requested my recusal.

In response to that request, I have carefully reviewed 28 U.S.C. § 455, the Code of

Conduct for United States Judges, and conducted a cursory review of commentary and case law.

I have also consulted with a respected colleague to be sure that I am examining the issue of my impartiality as an objective reasonable person may view it.  After so considering the issue, in my opinion, these facts do not suggest that my impartiality "might reasonably be questioned." 28 U.S.C. § 455(a).

Section 455(a) provides that "[a]ny justice, judge or magistrate judge in the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).   Because the statute provides that a judge must disqualify herself when her impartiality might *reasonably* be questioned, "what matters under § 455(a) 'is not the reality of bias or prejudice but its appearance.'" *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000) (citing *Liteky v. United States*, 510 U.S. 540, 549 (1994)). Accordingly, "[t]he test [under § 455(a)] is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality."  *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003); *see also Bolin v. Story,* 225 F.3d 1234, 1239 (11th Cir. 2000); *McWhorter v. City of Birmingham*, 906 F.2d 674, 678 (11th Cir. 1990); *Parker v. Connors Steel Co.*, 855 F.2d 1510, 1524 (11th Cir. 1988)(citing *Potashnick v. Port City Const. Co.,* 609 F. 2d 1101, 1111 (5th Cir. 1980)).

The recusal inquiry must be made from the perpective of a reasonable observer who is informed of all of the surrounding facts and circumstances.  *Cheney v. U.S. Dist. Court of D.C.*, 541 U.S. 913, 924 (2004).  The standard for impartiality is based on objective reasonableness. *Id*; *Microsoft Corp. v. U.S.*, 530 U.S. 1301, 1301 (2000); *Parker*, 855 F.2d at 1524 .  "The decision whether a judge's impartiality can be 'reasonably questioned' is to be made in light of the facts as they existed and not as they were surmised or reported."  *Cheney*, 541 U.S. at 914 (quoting *Microsoft Corp. v. United States.*, 530 U.S. 1301, 1301 (2000)).

The facts as they exist is that my father-in-law was accepted into hospice care by Navicent Health in Macon, Georgia on June 2 or 3, 2015. I have had no contact with any of the caregivers, administrators, or other employees. His stay in hospice may be very short; in fact, we have been called to come to Macon as soon as I finish this Order as he appears to be slipping away.

In contrast, my mother was in hospice care in Prattville from early 2002 until her death on September 24, 2003. Although I cannot recall the name of the hospice company, my sister and I received frequent contact from the attending nurse. If my mother's hospice care did not create concern about my impartiality when I disclosed that fact in 2012, I do not believe that a reasonable basis exists to question my impartiality now because my father-in-law is having a brief encounter with hospice.

In considering this request, I have also taken into account my duty to decide cases assigned to me and the unfairness that would result if I shirk that duty by recusing from this complex case on the very eve of a three-to-four month trial. *See* Canon 3A(2) of the Code of Conduct for United States Judges. Indeed, judges have as much an obligation *not* to recuse absent a valid reason as to recuse when their impartiality can *reasonably* be questioned. *See Carter v. West Pub. Co.*, No. 99-11959-EE, 1999 WL 994997 at * 2 (11th Cir. Nov. 1, 1999) (citing *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987)).

Having made this analysis based on an anonymous request without the benefit of any reasons for it, I do not want to foreclose consideration of a formal motion to recuse. I welcome such a motion as an opportunity to point out if my analysis is skewed or to fill in my cursory research with any authority I may have overlooked that would shed light on the basis to reasonably question my impartiality. Because deadlines are quickly approaching in this case, any

such motion must be filed within seven days of this ORDER.

**DONE** and **ORDERED** this 9th day of June, 2015.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE