FILED

2015 Oct-16  AM 10:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| **ex rel. DEBORA PARADIES,** | ) | |
| **LONDON LEWIS and ROBERTA** | ) | |
| **MANLEY and UNITED STATES** | ) | |
| **OF AMERICA,** | ) | |
| | ) | **Civil Action No:** |
| **Plaintiff,** | ) | |
| | ) | **2:12-cv-00245-KOB** |
| **v.** | ) | |
| | ) | |
| **GGNSC ADMINISTRATIVE** | ) | |
| **SERVICES, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANTS' RENEWED MOTION FOR JUDGMENT
## AS A MATTER OF LAW AFTER THE JURY'S
## ANSWERS TO SPECIAL INTERROGATORIES IN PHASE ONE

Pursuant to Federal Rule of Civil Procedure 50(a) & (b), Defendants ("AseraCare") hereby renew their motion for judgment as a matter of law after the jury's answers to special interrogatories in Phase One of this bifurcated trial,[1] and request that the Court direct the entry of (1) judgment as a matter of law on the falsity element of the Government's first and second causes of action under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729(a)(1)(A) & (B), for each of the

---

[1]     On September 3, 2015, AseraCare filed its Motion For Judgment As A Matter Of Law At The Close Of The Government's Case-In-Chief In Phase One.  Doc. 419.  On September 28, 2015, AseraCare filed its Motion For Judgment As A Matter Of Law At The Close Of Defendants' Case-In-Chief In Phase One.  Doc. 433.  On September 29, 2015, AseraCare filed its Motion For Judgment As A Matter Of Law At The Close Of All Evidence In Phase One. Doc. 436.

remaining 104 allegedly ineligible sample patients, separately and severally; and (2) as a result, judgment as a matter of law on the Government's first and second (FCA), third (payment under mistake of fact), and fourth (unjust enrichment) causes of action, separately and severally, on the following grounds.

1.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity[2] with respect to sample patient Agnes B.

2.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Alice D.

3.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Alice M.

4.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Alice P.

---

[2]     The Court instructed the jury that the issue in Phase One is "whether the United States proved by a preponderance of the evidence that AseraCare made false claims to Medicare for hospice services for any of the 121 patients at issue now, and if so, the time period of those false claims." Doc. 440 at 10.  AseraCare's reference in this motion to "the issue of falsity" is to the question decided by the jury in Phase One. *See* 31 U.S.C. §§ 3729(a)(1)(A) & (B).

5.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Amelia G.

6.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Ann K.

7.     The jury found for AseraCare on the issue of falsity with respect to sample patient Ann S.

8.     The jury found for AseraCare on the issue of falsity with respect to sample patient Anna S.

9.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Argentina P.

10.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Aristotle S.

11.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Arthur W.

3

12.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient B.J.C.

13.     The jury found for AseraCare on the issue of falsity with respect to sample patient Barbara N.

14.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Beatrice V.

15.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Bertha R.

16.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Betty H.

17.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Birdie C.

18.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Caroline M.

19.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Caron K.

20.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Catherine F.

21.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Celia B.

22.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Dollie K.

23.     The jury found for AseraCare on the issue of falsity with respect to sample patient Donna W.

24.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Dorothea R.

25.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Dorothy V.

26.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Dorothy S.

27.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Edith T.

28.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Edward O.

29.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Elbert D.

30.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Eleanor S.

31.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Elizabeth B.

32.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Elizabeth K.

33.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Elsin K.

34.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Esther A.

35.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Evelyn B.

36.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Faye A.

37.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Frances U.

38.     The jury found for AseraCare on the issue of falsity with respect to sample patient Georgia M.

39.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Geraldine A.

40.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Geraldine H.

41.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Gladys M.

42.     The Court already has granted AseraCare judgment as a matter of law with respect to sample patient Helen K.  *See* Doc. 427; *see also* Doc. 419.

43.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Herbert J.

44.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Hermina P.

45.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Idella K.

46.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Ingeborg D.

47.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Irene F.

48.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Irene L.

49.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Irma L.

50.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient James A.

51.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient James T.

52.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Jean M.

53.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Jennie S.

54.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Joan S.

55.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient John G.

56.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient John S.

57.     The jury found for AseraCare on the issue of falsity with respect to sample patient John W.

58.     The jury found for AseraCare on the issue of falsity with respect to sample patient Julia H.

59.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Katherine K.

60.     The jury found for AseraCare on the issue of falsity with respect to sample patient Kathleen M.

61.     The jury found for AseraCare on the issue of falsity with respect to sample patient Kathryn H.

62.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Lanny R.

63.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Laura H.

64.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Lena G.

65.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Lena S.

66.     The jury found for AseraCare on the issue of falsity with respect to sample patient Lennie D.

67.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Lidia S.

68.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Lillian H.

69.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Lottie W.

70.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Lucille P.

71.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Mabel B.

72.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Maggie S.

73.     The jury found for AseraCare on the issue of falsity with respect to sample patient Margaret G.

74.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Margaret S.

75.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Margaret W.

76.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Marguerite G.

77.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Marian F.

78.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Marilla B.

79.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Marion G.

80.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Marjorie G.

81.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Mary A.

82.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Mary B.

83.     The jury found for AseraCare on the issue of falsity with respect to sample patient Mary C.

84.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Mary H.

85.     The Court already has granted AseraCare judgment as a matter of law with respect to sample patient Mary M.  *See* Doc. 427; *see also* Doc. 419.

86.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Mary S.

87.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Micaela C.

88.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Michael B.

89.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Mildred H.

90.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Mildred O.

91.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Myra P.

92.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Naomi M.

93.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Nellie C.

94.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Norman K.

95.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Oral D.

96.     A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Oron L.

97.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Patricia D.

98.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Patricia F.

99.    A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Paul M.

100.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Phyllis P.

101.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Ralph S.

102.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Robert G.

103.   The jury found for AseraCare on the issue of falsity with respect to sample patient Rosalyn H.

104.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Rosemary D.

105.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Rubye Y.

106.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Ruth S.

107.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Samuel T.

108.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Sarah C.

109.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Saverio L.

110.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Sheila A.

111.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Sue S.

112.   The jury found for AseraCare on the issue of falsity with respect to sample patient Sue R.

113.   The jury found for AseraCare on the issue of falsity with respect to sample patient Thomas S.

114.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Vera W.

115.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Vina L.

116.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Virginia E.

117.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Virginia M.

118.   The jury found for AseraCare on the issue of falsity with respect to sample patient William B.

119.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient William M.

120.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient William T.

121.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Wilson B.

122.   A reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity with respect to sample patient Winoma T.

123.   The jury found for AseraCare on the issue of falsity with respect to sample patient Yvonne Y.

124.   For each of the remaining 104 allegedly ineligible sample patients as to which a reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity, the Government's FCA causes of action fail, separately and severally, as a matter of law.  *See, e.g.*, 31 U.S.C. §§ 3729(a)(1)(A) & (B); *Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1328 (11th Cir. 2009).

125.   For each of the remaining 104 allegedly ineligible sample patients as to which a reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity, the Government's payment under mistake of fact and unjust enrichment causes of action fail, separately and severally, as a matter of law.  *See, e.g.*, *United States v. Aegis Therapies, Inc.*, No. CV 210-072, 2015 WL 1541491, at *14 (S.D. Ga. Mar. 31, 2015) (holding on claims for payment by mistake and unjust enrichment that, "[b]ecause summary judgment was granted as to the FCA claims, summary judgment is due for these claims as well").

126.   With respect to the grounds asserted in paragraphs 1 through 125, AseraCare maintains that the Court should have adopted the falsity standard embodied in AseraCare's proposed jury instructions.  *See, e.g.*, Defendants' Proposed Jury Instruction Nos. 10–42, Doc. 309 at 66–139; Defendants' Supplemental Proposed Jury Charge, Docs. 417 & 417-1; Defendants' Second Supplemental Proposed Jury Charge, Docs. 426 & 426-1; *United States ex rel. Geschrey v. Generations Healthcare, LLC*, 922 F. Supp. 2d 695, 703–04 (N.D. Ill. 2012).[3]  But, even if the Government's proposed falsity standard were correct (and it is not), AseraCare still would be entitled to judgment as a matter of law.

---

[3]   AseraCare incorporates by reference its arguments on the issue of falsity in support of its Motion For Summary Judgment, Docs. 225, 226, 254, including but not limited to the following: (a) as a matter of law, merely pointing to differing physician opinions about the eligibility of individuals for the Medicare hospice benefit does not and cannot prove falsity, *see, e.g.*, *United States ex rel. Geschrey v. Generations Healthcare, LLC*, 922 F. Supp. 2d 695, 703–04 (N.D. Ill.

127.   Because the testimony of the Government's physician expert witness, Dr. Solomon Liao, should have been excluded for the reasons previously identified by AseraCare,[4] a reasonable jury would not have a legally sufficient evidentiary basis to find for the Government on the issue of falsity, separately and severally, with respect to any sample patient.

128.   The Government elected to utilize a sampling methodology to attempt to meet its burden of proof on its causes of action.   In Phase One, however, the Government introduced "clinical practices" evidence not directly related to any of the sample patients in attempting to meet its burden of proof on the issue of falsity. As a result, the Government has abandoned its sampling methodology.

129.   Any requirement in 42 C.F.R. § 418.22(b) is a condition of participation, and not a condition of payment.   *See, e.g.*, *United States v. Amin Radiology*, No. 5:10-cv-583-Oc-PRL, 2015 WL 403221 (M.D. Fla. Jan. 28, 2015) (citing cases) (granting defendant judgment as a matter of law under Rule 50(b) after jury verdict).

---

2012); and (b) with respect to the issue of falsity, 42 C.F.R. § 418.22(b) must be interpreted consistently with—and cannot change the standard for eligibility for the Medicare hospice benefit under—42 U.S.C. 1395f(a)(7).

[4]      AseraCare incorporates by reference its arguments in support of its Motion To Exclude Testimony Of Solomon Liao, M.D., Docs. 233, 234, 254, its Bench Memorandum Regarding The Application Of Federal Rule Of Evidence 702 To Certain Testimony From The Government's Physician Expert, Dr. Solomon Liao, Doc. 412, its arguments in support of its Motion To Strike Certain Testimony From The Government's Physician Expert, Dr. Solomon Liao, Docs. 421 & 431, and all other arguments to exclude all or any part of Dr. Liao's testimony that AseraCare has made in these proceedings—whether orally (as reflected in the transcript) or in writing.

130.   Some or all of the purported claims and allegations in the Government's Consolidated Complaint in Intervention, Doc. 156 (the "Complaint"), are barred in whole or in part by the doctrine of estoppel.

131.   The Complaint fails to state with particularity facts to support the fraud allegations against AseraCare contained in the Complaint.

132.   Some or all of the purported claims and allegations in the Complaint are barred in whole or in part by the doctrine of waiver.

133.   The Government has ratified AseraCare's conduct.

134.   Some or all of the purported claims and allegations in the Complaint are barred in whole or in part by the doctrine of accord and satisfaction.

135.   Some or all of the purported claims and allegations in the Complaint are barred in whole or in part by the Government's prior knowledge of the facts underlying the allegedly false claims.

136.   Some or all of the purported allegations and claims in the Complaint are barred by jurisdictional bars in 31 U.S.C. § 3730.

137.   The Government has failed to exhaust its administrative remedies.

138.   The Government has failed to mitigate its damages.

139.   Any award of penalties or treble damages to the Government in this case would be a violation of the constitutional safeguards provided to AseraCare under the Constitution of the United States of America.

140.   The award of penalties and treble damages to the Government in this action would be a deprivation of property without the due process of law required under and the Fifth and Fourteenth Amendments to the United States Constitution.

141.   Penalties and treble damages are a form of quasi-criminal sanctions. Therefore, the claim of the Government for penalties and treble damages cannot be upheld, because an award of penalties and treble damages without the same protections that are accorded criminal defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate AseraCare's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution. These rights will be violated unless AseraCare is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by AseraCare for the determination of liability for treble damages and penalties, as well as for the determination of the amount of penalties and treble damages, if any.

142.   The award of penalties and treble damages to the Government would be an unconstitutionally excessive fine under the Eighth Amendment to the United States Constitution because any award would be grossly disproportional to the gravity of AseraCare's offense, if any.

143. The Government's claim for penalties and treble damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in *BMW v. Gore*, 517 U.S. 559 (1996).

144. Some or all of the Government's claims are barred by the doctrine of payment.

145. The Government asserts requirements that violate the Administrative Procedures Act.

146. The doctrine of forum *non conveniens* makes venue inappropriate.

147. Any recovery by the Government should be offset by the Government's gain.

148. The doctrine of *in pari delicto* bars the claims.

149. The claims are barred by the doctrines of recoupment and set-off.

150. The claims are barred because the Government can show no actual injury.

151. The Court lacks jurisdiction over this action based on the doctrine of primary jurisdiction.

152. The doctrine of unclean hands bars the claims.

153. The claims, in whole or in part, are barred by contributory negligence.

WHEREFORE, for the reasons stated above, AseraCare asks this Court to grant its Motion for Judgment As A Matter Of Law, and for such other relief as the Court deems just and equitable.

Respectfully submitted,

/s/ Matthew H. Lembke
Jack W. Selden (SEL005)
James S. Christie, Jr. (CHR011)
Matthew H. Lembke (LEM013)
Tiffany J. deGruy (DEG010)
**Bradley Arant Boult Cummings LLP**
1819 5th Avenue North
Birmingham, AL  35203
Telephone:  (205) 521-8000
Facsimile:  (205) 521-8800
jselden@babc.com
jchristie@babc.com
mlembke@babc.com
tdegruy@babc.com

Kimberly Bessiere Martin (BES002)
**Bradley Arant Boult Cummings LLP**
200 Clinton Avenue West, Suite 900
Huntsville, AL 35801-4900
Telephone:   (256) 517-5100
Facsimile:    (256) 517-5200
kmartin@babc.com

Charles H. Bohl
Andrew A. Jones
**Whyte Hirschboeck Dudek SC**
555 East Wells Street, Suite 1900
Milwaukee, WI  53202
Telephone:  (414) 273-2100
Facsimile:  (414) 223-5000
cbohl@whdlaw.com
ajones@whdlaw.com

**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2015, the foregoing was served by electronic mail on the following counsel:

Renee Brooker
Holly H. Snow
Carolyn B. Tapie
William Edward Olson
Eva U. Gunasekera
Jeffrey A. Wertkin
U.S. Dept. of Justice
Civil Division
P.O. Box 261 Ben Franklin Station
Washington, DC 20044
(202) 616-2879
Renee.Brooker@usdoj.gov
Holly.H.Snow@usdoj.gov
Carolyn.B.Tapie@usdoj.gov
William.E.Olson@usdoj.gov
Eva.Gunasekera@usdoj.gov
Jeffrey.A.Wertkin@usdoj.gov

Lane H. Woodke
Don B. Long III
U.S. Dept. of Justice (ND-AL)
Office of the U.S. Attorney
1801 4th Ave. North
Birmingham, AL  35203-2101
(205) 244-2001
Lane.Woodke@usdoj.gov
Don.Long@usdoj.gov

Stacy C. Gerber Ward
U.S. Dept. of Justice (ED-WI)
Office of the U.S. Attorney
517 E. Wisconsin Ave. – Rm. 530
Milwaukee, WI 53202
(414) 297-1700
Stacy.G.Ward@usdoj.gov

Henry I. Frohsin
James F. Barger, Jr.
Ronald R. Brunson
J. Elliott Walthall
Frohsin & Barger LLC
3430 Independence Drive, Suite 40
Birmingham, AL 35209
(205) 933-4006
henry@frohsinbarger.com
jim@frohsinbarger.com
ron@frohsinbarger.com
elliott@frohsinbarger.com

Nola J. Hitchcock Cross
Mary C. Flanner
Cross Law Firm SC
845 N. 11th St
Milwaukee, WI 53233
(414) 224-0000
njhcross@crosslawfirm.com
mflanner@crosslawfirm.com


/s/ Matthew H. Lembke
One of the Attorneys for Defendants