# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA; ex rel., et al.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **v.** ) <br> ) <br> ) <br> **ASERACARE INC, et al.** ) <br> ) <br> ) <br> **Defendants.** ) | **CIVIL ACTION NO:** <br> **2:12-CV-245-KOB** |

## ORDER TO SHOW CAUSE

This matter comes before the court on the Defendants' oral motion of October 19, 2015 to revoke the *pro hav vice* admission of Nola J. Hitchcock Cross, Cross Law Firm SC for violation of the rules of confidentiality contained in the court's Alternative Dispute Resolution Plan.

The court granted Ms. Cross's motion to appear *pro hac vice* (doc. 106) on February 21, 2012. An attorney who is admitted *pro hac vice* is required to be familiar with, and is governed by the local rules of this court. As such, Ms. Cross was required to abide by the court's local rules and is deemed to have conferred disciplinary jurisdiction upon this court. *See* Local Rule 83.1.

This court's Alternative Dispute Resolution Plan provides:

> The entire mediation process is confidential and by entering into mediation the parties mutually covenant with one another to preserve confidentiality on the basis established in this Plan. The parties and the mediator may not disclose information regarding the process, including the terms of settlement, except as required by law or otherwise agreed by the parties.

United States District Court for the Northern District of Alabama "Alternative Dispute

Resolution Plan."

On Monday, October, 19, 2015, the Defendants brought to the court's attention an article authored by Jeff Overley and published by Law360 on October 15, 2015 entitled "Jury Backs DOJ in AseraCare's FCA Sampling Trial." The article quotes Ms. Cross and reads in part that: "It wasn't clear whether the jury's verdict would spur settlement talks. Nola J. Hitchcock Cross of Cross Law Firm SC, counsel for the whistleblowers, said on Thursday that she is 'hopeful but not optimistic' that a deal will be struck." As a result, the court held a conference in which Nola Cross participated by telephone. Her statements regarding the quotation in the article were inconsistent and confusing, but she does not dispute that the court's rule requires the parties to maintain the entire mediation process as confidential.

The Defendants contend that Ms. Cross violated the court's rules of confidentiality contained in the court's Alternative Dispute Resolution Plan. The court believes that Defendants' concerns are well taken. Accordingly, as noted on the record, the court **ORDERS** Nola J. Hitchcock Cross to **SHOW CAUSE** on or before Friday, October 23, 2015, why the court should not revoke her *pro hac vice* admission for violating the rules of confidentiality contained in this courts Alternative Dispute Resolution Plan.

DONE and ORDERED this 20th day of October, 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE