FILED
 2015 Oct-20  PM 01:25
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DEBORA PARADIES, et al., | |
| Plaintiff, | |
| v. | Civil Action No. |
| GGNSC ADMINISTRATIVE SERVICES, LLC, et al., | 2:12-cv-00245-KOB |
| Defendants. | |

### UNITED STATES' OPPOSITION TO DEFENDANT'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AFTER THE JURY'S ANSWERS TO SPECIAL INTERROGATORIES IN PHASE ONE

Defendants ("AseraCare") have filed, pursuant to Rules 50(a) and (b) of the Federal Rules of Civil Procedure, a Renewed Motion for Judgment as a Matter of Law After the Jury's Answers to Special Interrogatories in Phase One ("Motion," ECF No. 446). AseraCare's current Motion follows its three prior motions for judgment as a matter of law. (ECF Nos. 419, 433, 436). The United States hereby files this Opposition in response to AseraCare's renewed Motion, and incorporates the arguments made in response to AseraCare's prior motion (ECF No. 423). For the reasons discussed below, AseraCare's renewed Motion should be denied.

I.  **LEGAL STANDARD**

Federal Rule of Civil Procedure 50 governs motions for judgment as a matter of law preceding and following the jury's verdict. Fed. R. Civ. P. 50(a) & (b). "Judgment as a matter of law is appropriate only if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." *Middlebrooks v. Hillcrest Foods, Inc.*, 246 F.3d 1241, 1246 (11th Cir. 2001); *see BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1150 (11th Cir. 2007) (on a motion for a judgment as a matter of law, the court must find "the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict.").

Thus, if the jury had a "legally sufficient evidentiary basis to find" for the non-moving party on a controlling issue, then the moving party's motion must fail. Fed. R. Civ. P. 50(a)(1). Further, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Instead, [the court] consider[s] all the evidence, and the inferences drawn therefrom, in the light most favorable to the nonmoving party." *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1312 (11th Cir. 2013) (citations and internal quotation marks omitted); *see also BUC Int'l*, 489 F.3d at 1150; *Abel*

*v. Dubberly*, 210 F.3d 1334, 1337 (11th Cir. 2000) (courts must "look at the evidence in the light most favorable to the non-moving party").  Conversely, the court should "give credence to that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that [it] comes from disinterested witnesses; however, we will disregard all evidence favorable to the moving party that the jury is not required to believe." *Lamonica*, 711 F.3d at 1312 (citations and internal quotation marks omitted).

## II.     LEGAL ANALYSIS

Apart from the distinctions based on the jury's findings that false claims were submitted for 104 of the 123 patients (*Compare* ECF No. 446 ¶¶ 1-124 *with* ECF Nos. 423 ¶¶ 1-124, and 433 ¶¶ 1-124), AseraCare's renewed Motion mirrors its prior motions almost precisely.[1]  Indeed, AseraCare offers no new factual or legal bases for the present Motion.  More critically, the reasserted bases remain generalized and conclusory, contravene the Court's holdings, and fail to identify how any such legal arguments speak to the sufficiency of the evidence with respect to the 104 false claims, as would be required to prevail under Rule 50 of the Federal Rules of Civil Procedure.

For example, Defendant's Motion offers no compelling basis to find that the jury lacked a "legally sufficient evidentiary basis" to support the Answers provided

---

[1] Paragraph 129 of AseraCare's Motion appeared as Paragraph 129 in its two earlier motions for judgment as a matter of law (ECF Nos. 423 and 433), but not in its first motion (ECF No. 419).

to the Special Interrogatories. Fed. R. Civ. P. 50(a)(1). Instead, it is evident from the record that the jury possessed ample evidence, deemed admissible by the Court, on which to base its Answers. Specifically, the Government presented the testimony of 13 witnesses, including several former AseraCare employees who testified to the actions and instructions that led to the admission of ineligible hospice patients. The jury also considered the expert testimony of Dr. Solomon Liao, who testified about the hospice eligibility of 121 patients. Finally, the Government introduced approximately 200 exhibits to the jury, which included the medical records relevant to each of the 121 patients, the relevant hospice and Medicare guidelines that governed hospice admissions, documents from Medicare's Administrative Contractor, and others.

In response, AseraCare proffered the testimony of one AseraCare employee, one AseraCare consultant, three third-party attending physicians, and two medical experts, each of whom were contradicted or impeached by the Government. *See Lamonica*, 711 F.3d at 1312 ("[W]e will disregard all evidence favorable to the moving party that the jury is not required to believe."). AseraCare also introduced over 200 exhibits for the jury's consideration.

The jury clearly acknowledged the enormity of the task laid before it as it sat through eight weeks of trial during Phase I. The jurors asked several questions during the proceedings, and tracked the evidence being proffered in their juror

notebooks, which contained tabs for each of the 121 patients. Once in deliberations, the jury took nine days to answer each of the 121 interrogatories submitted to it. For the 104 interrogatory responses finding a false claim, the jury identified the date range it found the patient to have been ineligible for the hospice care billed. (Special Interrogatories, ECF No. 445.) The testimony and records submitted to the jury substantiate these findings. Thus, for each of the 104 false claims, the evidence weighed by the jury provided a "legally sufficient evidentiary basis" for its findings. Fed. R. Civ. P. 50(a)(1).

In addition, AseraCare argues that "[a]ny requirement in 42 C.F.R. § 418.22(b) is a condition of participation, and not a condition of payment" (ECF No. 446, ¶ 129), when on Summary Judgment, the Court held that "Dr. Liao's testimony creates issues of material fact regarding whether clinical information and other documentation in the medical record support the certifications of terminal illness, ***a pre-requisite for payment of a Medicare Hospice Benefit claim***." ECF No. 268 (Order on Summary Judgment, at 15) (emphasis added). The Court's holding is supported by governing Eleventh Circuit precedent, *United States ex rel. Walker v. R&F Properties of Lake City, Inc.*, 433 F.3d 1349 (11th Cir. 2005),[2] where the Eleventh Circuit reversed the dismissal of allegations that a medical

---

[2] In contrast, AseraCare relies on non-governing, unpublished authority. (ECF No. 446, ¶ 129.) Regardless, *United States ex rel. Ortolano v. Amin Radiology, Inc., et al.*, No. 5:10-cv-583, 2015 WL 403221 (M.D. Fla. Jan. 28, 2015) is inapposite because it addresses conditions of participation rather than a condition of payment that applies in this case.

provider submitted false claims to Medicare by knowingly billing for services under a method that provided a higher reimbursement rate in violation of applicable Medicare regulations.  In reaching that result, the Eleventh Circuit explained that "Medicare claims may be false if they claim reimbursement for services or costs that either are not reimbursable or were not rendered as claimed." *Id.* at 1356.  Following *Walker,* this Court has appropriately recognized that a claim is false if it violates a condition of payment and is therefore not reimbursable.

### III. CONCLUSION

For the reasons set forth above, the United States respectfully requests that AseraCare's renewed Motion for Judgment as a Matter of Law be denied.

Dated: October 20, 2015

        Respectfully submitted,

        BENJAMIN C. MIZER
        PRINCIPAL DEPUTY ASSISTANT
        ATTORNEY GENERAL

        JOYCE WHITE VANCE
        UNITED STATES ATTORNEY

        LANE HINES WOODKE
        DON B. LONG III
        MARY LESTER
        Assistant United States Attorneys
        1801 4th Avenue North
        Birmingham, AL 35203
        Telephone: (205) 244-2107

Lane.Woodke@usdoj.gov

/s/ Jeffrey A. Wertkin
MICHAEL D. GRANSTON
RENÉE BROOKER
HOLLY H. SNOW
JEFFREY A. WERTKIN
CAROLYN B. TAPIE
WILLIAM E. OLSON
EVA U. GUNASEKERA
CHRISTINA DAVIS

Attorneys, Civil Division
Commercial Litigation Branch
P.O. Box 261, Ben Franklin Station
Washington, DC 20044
Telephone: (202) 305-3911
Jeffrey.A.Wertkin@usdoj.gov

*Counsel for the United States*

## CERTIFICATE OF SERVICE

I, Jeffrey A. Wertkin, Trial Attorney for the United States Department of Justice, hereby certify that on October 20, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for the relators and defendants.

/s Jeffrey A. Wertkin<br>
Jeffrey A. Wertkin<br>
Trial Attorney<br>
U.S. Department of Justice