UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. DEBORA PARADIES, et al.,<br><br>Plaintiff,<br><br>v.<br><br>GGNSC ADMINISTRATIVE SERVICES, LLC, et al.,<br><br>Defendants. | Civil Action No.<br><br>2:12-cv-00245-KOB |

### UNITED STATES' TRIAL MEMORANDUM ON THE ADMISSIBILITY OF KNOWLEDGE EVIDENCE

The United States respectfully submits this trial memorandum in response to the Court's request for briefing on the admissibility of knowledge evidence in the context of whether the United States may preview evidence regarding The Corridor Group in its Phase Two Opening Statement to the jury.

The Eleventh Circuit has held that testimony by a witness about a third party's findings, which provided notice to a defendant of improper corporate practices, is not hearsay when it is being used to prove the knowledge of the defendant in a fraud case involving Medicare

1

reimbursement. *See United States v. Calhoon*, 97 F.3d 518, 533 (11th Cir. 1996).

Here, the United States intends to present testimony about The Corridor Group's findings to show that there was reason for AseraCare to question whether its corporate practices were causing the submission of false claims. Thus, there is no legal basis for AseraCare's request to prevent the United States from previewing witness testimony it intends to elicit about The Corridor Group's findings in its Opening Statement.

## I. The Corridor Group

There is no factual dispute that AseraCare hired The Corridor Group, an outside auditor, to review AseraCare agencies' operations in 2007 and early 2008. *See* Exhibit A (A. Hollis 30(b)(6) depo. 29:2-5). The Corridor Group conducted a random review of patient charts in those AseraCare agencies, interviewed AseraCare Directors of Operations, Clinical Services Regional Managers, and for some agencies interviewed Executive Directors and Directors of Clinical Services, and attended the interdisciplinary team meetings for some agencies. *Id.* (A. Hollis 30(b)(6) depo. 29:6-10, 3:5 – 31:23).

In the late 2007 and early 2008 time frame, The Corridor Group reported to AseraCare management, including Vice President of Clinical

Services Angie Hollis, findings of patient medical files that did not support that patient was terminally ill, and AseraCare practices that contributed to the risk that AseraCare was billing Medicare for patients who were terminally ill. The Corridor Group provided Vice President of Clinical Services Hollis and other executives with a summary report of its review in late 2007 and early 2008 entitled AseraCare Hospice Compliance Review, Organization Wide Summary, Draft Report, December 28,2 007. *Id.* (A. Hollis 30(b)(6) depo. 35: 10 -36:9; 37:3-5). Chief Compliance Officer Marie Infante, CEO Cindy Susienka, and Vice President of Clinical Services Hollis received copies of this report. *Id.* (A. Hollis (30)(b)(6) depo. 37:9-15); Exhibit B (C. Susienka depo. 179:19 – 179:25).

## II. Testimony about The Corridor Group's Audit and Findings Is Relevant and Probative of AseraCare's Knowledge.

Under Rule 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. The determination of whether evidence is relevant to an action or issue is expansive and inclusive. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384-87 (2008).

The United States bears the burden of proving that AseraCare's submission of the false claims occurred with "actual knowledge" of the

3

information, "deliberate ignorance," or "reckless disregard" of the truth or falsity of the information in the claims. 31 U.S.C. § 3729(b)(1)(A). The United States intends to meet its burden by presenting evidence of AseraCare's corporate practices and pressure, and evidence that AseraCare knew that these practices likely caused the submission of false claims given the complaints it received nationwide from its employees and from the results of internal and external audits.

Here, the United States will present testimony about The Corridor Group's findings to show that there was reason for AseraCare to question whether its corporate practices were causing the submission of false claims. The United States intends to elicit the following key facts at trial: (a) AseraCare hired a company called The Corridor Group to review its corporate practices at certain agencies, (b) The Corridor Group made findings that identified problems regarding these corporate practices, and (c) The Corridor Group presented these findings to AseraCare's management. These facts are relevant to whether AseraCare knew that its corporate practices were causing the submission of false claims. *See* Fed. R. Evid. 401; *see also United States v. Gold*, 743 F. 2d 800, 817-18 (11th Cir. 1984) (where former employees testified that they had put their superiors on notice that there was reason to question whether the company's billing practices

were in compliance with the law, court held the testimony relevant because it established that the conspirators had reason to know that their activities were illegal). The fact that The Corridor Group's findings were presented to AseraCare's upper-level management proves, *inter alia*, that AseraCare was on notice that there was reason to question the propriety of their corporate practices.

### III. Testimony About The Corridor Group's Findings Is Not Hearsay When it Is Being Offered to Prove Knowledge.

In order to constitute hearsay, a statement must be "offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Witness testimony about The Corridor Group – and the fact that the Corridor Group's findings were presented to AseraCare's upper management – is not hearsay because the testimony will not be offered for its truth but rather to prove AseraCare's knowledge.

The Eleventh Circuit has held that testimony by a witness about a third party's findings, which provided notice to a defendant of improper corporate practices, is not hearsay when it is being used to prove the knowledge of the defendant regarding the submission of false statements to Medicare. *See United States v. Calhoon*, 97 F.3d 518, 533 (11th Cir. 1996). In *Calhoon*, a hospital employee was convicted of "signing or causing to be signed a Medicare cost report claiming amounts he knew not to be

5

reimbursable." 97 F.3d at 522. The defendant appealed and one of the bases for his appeal was that the district court had erred in allowing testimony from a Senior Manager ("Hoffman"). Hoffman testified that he told defendant that he did not think defendant was properly organizing accounts to ensure only reimbursable outreach costs were submitted to Medicare. *Id*. at 533. Defendant disagreed with Hoffman's assessment and so they discussed the matter with an outside counsel named Shackleford. *Id.* At trial, Hoffman testified that Shackleford agreed with Hoffman that the corporate practice was improper. Defendant challenged the admission of Hoffman's testimony regarding "Shackleford's statements on the grounds that it was hearsay and irrelevant and that any relevance it did have was outweighed by danger of unfair prejudice." *Id*. The district court rejected defendant's hearsay objections as to the content of that opinion and admitted the testimony. *Id.*

The Eleventh Circuit upheld the district court's decision by explaining that "the government offered Hoffman's testimony about Shackelford's statements not for the truth of Shackelford's statements**, but to prove that Calhoon was on notice that there was reason to question the propriety of his actions**. **Therefore, the testimony was not hearsay and was**

**relevant to whether Calhoon had knowingly filed false claims**." *Id*. (emphasis added).

Applying the same analysis, the Eleventh Circuit has also found that the district court erred when it excluded a videotape containing statements that there was no fraud occurring at a medical facility. *United States v. Mateos*, 623 F.3d 1350 (11th Cir. 2010). In *Mateos*, the Eleventh Circuit noted that "[t]he relevant comment on the tape was not hearsay at all because it was not being offered for the truth of the matter asserted. *See* Fed. R. Evid. 801(c). Alvarez sought to admit the statement not as evidence that there was no fraud at St. Jude, a point which no defendant contested, but as evidence that she did not know of the fraud." *Mateos*, 623 F.3d at 1364. Thus, it did not matter that the statements in the videotape were patently false, the Eleventh Circuit found that the district court erred because the video was offered to show knowledge, and was therefore an exception to the hearsay rule. *Id*. (although finding the error to ultimately be harmless in light of cumulative testimony on the same statements).

Courts in this Circuit have similarly held that statements – whether true or false – are not hearsay if they are not being offered for their truth but to prove another element of the offense. *See United States v. Darby,* 744 F.2d 1508, 1524 (11th Cir. 1984) (statement not hearsay if it is being offered

7

"to show the impact of the making of the statement, whether true or false, on [witness's] inclination to tell the truth."); *United States v. Peaden*, 727 F.2d 1493, 1499 (11th Cir. 1984) ( "Indeed, the statements of the hearsay declarants would have been relevant for the point offered even if they were false."); *see also United States v. Aponte*, 31 F.3d 86, 88 (2d Cir. 1994) ("[F]abricated statement and false descriptions were not offered for the truth of the matter asserted and therefore were not hearsay," but were instead "offered to show . . . capacity for deception."); *United States v. Hackett*, 638 F.2d 1179, 1186-87 (9th Cir. 1980) (false exculpatory statements by co-conspirator not hearsay because not admitted for their truth, but rather only to show "consciousness of guilt").

Here, the United States will present testimony about The Corridor Group's findings to show that there was reason for AseraCare to question whether its corporate practices were causing the submission of false claims. As such, this testimony is not being offered for its truth and the United States does not need to establish the veracity of the Corridor Group's findings in order to offer this evidence to prove AseraCare's knowledge.

## IV. Conclusion

For the foregoing reasons, the United States respectfully request that the Court does not preclude any mention of The Corridor Group and its findings during Opening Statements.

Dated: October 23, 2015

        Respectfully submitted,

        BENJAMIN C. MIZER
        PRINCIPAL DEPUTY ASSISTANT
        ATTORNEY GENERAL

        JOYCE WHITE VANCE
        UNITED STATES ATTORNEY

        LANE HINES WOODKE
        DON B. LONG III
        MARY LESTER
        Assistant United States Attorneys
        1801 4th Avenue North
        Birmingham, AL 35203
        Telephone: (205) 244-2107
        Lane.Woodke@usdoj.gov

        /s/ Jeffrey A. Wertkin
        MICHAEL D. GRANSTON
        RENÉE BROOKER
        HOLLY H. SNOW
        JEFFREY A. WERTKIN
        CAROLYN B. TAPIE
        WILLIAM E. OLSON
        EVA U. GUNASEKERA
        CHRISTINA DAVIS
        Attorneys, Civil Division
        Commercial Litigation Branch

        P.O. Box 261, Ben Franklin Station
        Washington, DC 20044
        Telephone: (202) 305-3911
        Jeffrey.A.Wertkin@usdoj.gov

*Counsel for the United States*

# **CERTIFICATE OF SERVICE**

I, Jeffrey A. Wertkin, Trial Attorney for the United States Department of Justice, hereby certify that on October 23, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel for the relators and defendants.

/s Jeffrey A. Wertkin
Jeffrey A. Wertkin
Trial Attorney
U.S. Department of Justice
