FILED

2015 Dec-04  PM 08:10
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel., DEBORA PARADIES, et al., | |
| Plaintiffs, | |
| v. | Civil Action No. |
| ASERACARE, INC., et al. | 2:12-cv-00245-KOB |
| Defendants. | |

## EXHIBIT 1

## STATEMENT OF DISPUTED FACTS IN SUPPORT OF THE UNITED STATES' OPPOSITION TO THE COURT'S SUA SPONTE CONSIDERATION OF SUMMARY JUDGMENT

1.     The United States submits the following statement of facts which present a genuine issue of material fact regarding whether AseraCare submitted false hospice claims to Medicare in the 2007 to 2012 time-frame.

2.     Hospices are not entitled to receive payment from Medicare for hospice services provided to a patient unless the hospice has clinical information and other documentation in the patient's medical record that supports the patient's terminal prognosis, in addition to a physician-signed certification of terminal illness.  Trial Tr. 3523:13-3524:17 (K. Lucas testimony); Trial Tr. 1200:18-1201:4, 1211:22-1212:19 (M. Schultz testimony); Trial Tr. 4077:16-4078:1 (A. Hollis testimony); Government Exhibit 227 at 3-4; Defendant's Exhibit 4024A.

3.     The documentation requirements necessary for payment under the Medicare hospice benefit existed during the entire time period relevant to this case.  Trial Tr. 1227:8-24. (M. Schultz testimony); Trial Tr. 3510:1-11 (K. Lucas testimony).

4.     Palmetto GBA, the Medicare Administrative Contractor responsible for processing and paying hospice claims that AseraCare submits to Medicare, conducts pre-payment reviews of certain hospice claims to determine if payment is appropriate.  Trial Tr. 1177:2-1189:20 (M. Schultz testimony).

5.     When Palmetto conducts a pre-payment review of a hospice claim, nurses at Palmetto review the medical records that the hospice submits to Palmetto to evaluate whether the clinical facts documented in the records are sufficient to pay the claim.  Trial Tr. 1189:21-1191:25, 1192:1-1194:21, 1195:3-1196:15, 1204:12-1206:3  (M. Schultz testimony).

6.     Palmetto, the Medicare Administrative Contractor for the AseraCare hospice claims at issue in this case, has issued diagnosis-specific Local Coverage Determinations as hospice eligibility guidelines. Defendant's Exhibit 4023 at AC0000002-0006341.

7.     Although the LCD guidelines are not mandatory, Palmetto has communicated to hospice providers that if a patient is being certified as hospice appropriate based on a non-cancerous diagnosis, the patient must meet, "**at minimum**, the eligibility criteria specified in the corresponding local coverage determination (LCD)."  Defendant's Exhibit 4023 at AC0000002-0006206 (emphasis in original); Trial Tr. at 6246:5-6247:19 (T. Melvin testimony); Trial Tr. 1245:14-1249:9 (M. Schultz testimony). During the testimony of the United States' medical expert, Dr. Solomon Liao, a hospice and palliative care physician, the Court instructed the jury that the Palmetto LCDs are "relevant to the question of whether AseraCare complied with Medicare regulations."  Trial Tr. 2137:15-2138:2.

8.     The Court instructed Dr. Liao to focus his testimony regarding the eligibility of AseraCare's patients to whether those patients met the LCD requirements.  Trial Tr. 2790:24-2792:15 ("I'm instructing you…to focus on whether the LCDs were -- LCD was met in terms of taking care of these underlying issues that could have been the cause for the debility.").

9.     At the close of Phase One of the trial, the Court instructed the jury as follows:

> You may also consider the relevant Local Coverage Determinations ("LCDs") issued by Palmetto….[i]n considering the relevant LCDs, you should keep in mind that the LCDs, which contain criteria or factors, are provided as eligibility guidelines.  As Palmetto advised: the beneficiary may not meet the criteria, yet still be appropriate for hospice care because of other comorbidities or structural/functional impairment. Coverage for these beneficiaries may be approved on an individually considered basis….Please do not consider these to be the exact criteria used for determining terminality.  These are suggested guidelines to help the clinical staff understand the type of information that should be assessed and documented to paint a clear picture of the beneficiary's medical condition.  There are many other factors, which may need to be considered when determining the beneficiary's terminal condition.   Of course, the whole picture of the beneficiary's condition should be considered when determining the beneficiary's hospice appropriateness.

ECF No. 440 at 13.

10.     The Palmetto LCD for Alzheimer's Disease and Related Disorders includes the following language:

Indications and Limitations of Coverage and/or Medical Necessity:  Alzheimer's Disease and related disorders may support a prognosis of six months or less under many clinical scenarios.  The identification of specific structural/functional impairments, together with any relevant activity limitations, should serve as the basis for palliative interventions and care planning.   The structural and functional impairments associated with a primary diagnosis of Alzheimer's Disease are often complicated by comorbid and/or secondary conditions. Comorbid conditions affecting beneficiaries with Alzheimer's Disease are by definition distinct from the Alzheimer's Disease itself – examples include coronary heart disease (CHD) and chronic obstructive pulmonary disease (COPD).  Secondary conditions on the other hand are directly related to a primary condition – in the case of Alzheimer's Disease examples include delirium and pressure ulcers.  The important roles of comorbid and secondary conditions are described below inorder to facilitate their recognition and assist providers in documenting their impact.

The Reisberg Functional Assessment Staging (FAST) Scale has been used for many years to describe Medicare beneficiaries with Alzheimer's Disease and a prognosis of six months or less.  The FAST Scale is a 16-item scale designed to parallel the progressive activity limitations associated with Alzheimer's Disease.  Stage 7 identifies the threshold of activity limitation that would support a six-month prognosis. The FAST Scale does not address the impact of comorbid and secondary conditions.  These two variables are thus considered separately by this policy.

Comorbid conditions: The significance of a given comorbid condition is best described by defining the structural/functional impairments – together with any limitation in activity – related to the comorbid condition.  For example a beneficiary with Alzheimer's

5

Disease and clinically significant CHD or COPD would have specific impairments of cardiorespiratory function (e.g., dyspnea, orthopnea, wheezing, chest pain) which may or may not respond/be amenable to treatment. The identified impairments in cardiorespiratory function would be associated with both specific structural impairments of the coronary arteries or bronchial tree and may be associated with activity limitations (e.g., mobility, self-care). Ultimately, the combined effects of the Alzheimer's Disease (stage 7) and any comorbid condition should be such that most beneficiaries with Alzheimer's Disease and similar impairments would have a prognosis of six months or less.

Secondary conditions: Alzheimer's Disease may be complicated by secondary conditions. The significance of a given secondary condition is best described by defining the structural/functional impairments – together with any limitation in activity – related to the secondary condition. The occurrence of secondary conditions in beneficiaries with Alzheimer's Disease is facilitated by the presence of impairments in such body functions as mental functioning and movement functions. Such functional impairments contribute to the increased incidence of secondary conditions such as delirium and pressure ulcers observed in Medicare beneficiaries with Alzheimer's Disease. Secondary conditions themselves may be associated with a new set of structural/functional impairments that may or may not respond/be amenable to treatment. Ultimately, the combined effects of the Alzheimer's Disease (stage 7) and any secondary condition should be such that most beneficiaries with Alzheimer's Disease and similar impairments would have a prognosis of six months or less.

The documentation of structural/functional impairments and activity limitations facilitate the selection of intervention strategies (palliative vs. curative) and provide objective criteria for determining the effects of

6

such interventions.   The documentation of these variables is thus essential in the determination of reasonable and necessary Medicare Hospice Services.

Summary: For Beneficiaries with Alzheimer's Disease to be eligible for hospice the individual should have a FAST level of greater than or equal to 7 and specific comorbid or secondary conditions meeting the above criteria.

Government Exhibit 252 at 2-4.

11.     The Palmetto LCD for Alzheimer's Disease applies to patients with Alzheimer's Disease and other dementias.  Government Ex. 252 at 5 (listing "Senile Dementia with Delirium" and "Dementia, Unspecified" as other diagnosis codes that support medical necessity under the Alzheimer's LCD).

12.     The Palmetto LCD for Heart Disease was in effect during the time period of January 2007 until March 27, 2008.  Government Exhibit 260 at 3.

13.     The Palmetto LCD for Heart Disease includes the following language:

Indications and Limitations of Coverage and/or Medical Necessity: Medicare coverage of hospice care depends upon a physician's certification of an individual's prognosis of a life expectancy of six months or less if the terminal illness runs its normal course.  Recognizing that determination of life expectancy during the course of a terminal illness is difficult, this intermediary has established medical criteria for determining prognosis

7

for non-cancer diagnoses. These criteria form a reasonable approach to the determination of life expectancy based on available research, and may be revised as more research is available. Skillful palliation in patients with end stage heart disease, including judicious use of diuretics and vasodilators, particularly angiotensin-converting enzyme (ACE) inhibitors, may promote survival for long periods with extremely severe symptoms. Conversely some patients with advance coronary disease may die suddenly and unexpectedly from acute ventricular arrhythmias. Coverage of hospice care for patients not meeting the criteria in this policy may be denied. However, some patients may not meet the criteria, yet still be appropriate for hospice care, because of other comorbidities or rapid decline. Coverage for these patients may be approved on an individual consideration basis.

The medical criteria listed below would support a terminal prognosis for individuals with a diagnosis of heart disease. Medical criteria 1 and 2 are important indications of the severity of heart disease and would thus support a terminal prognosis if met:

1. At the time of initial certification or re-certification for Hospice:
   - Patient is already optimally treated with diuretics and vasodilators, which may include anglotensin-converting enzymes (ACE) inhibitors or the combination of hydralazine and nitrates. If side effects, such as hypotension or hyperkalemia, prohibit the use of ACE inhibitors or the combination of hydralazine and nitrates, this must be documented in the medical records OR
   - Patient having angina pectoris, at rest, resistant to standard nitrate therapy and are either not candidates or decline invasive procedures.

2. The patient has significant symptoms of recurrent congestive heart failure (CHF) at rest, and is classified as a New York Heart Association (NYHA) Class IV:

8

- Unable to carry on any physical activity without symptoms
- Symptoms are present even at rest
- If any physical activity is undertaken, symptoms are increased

3. Documentation of the following factors may provide additional support for end stage heart disease:

   a. Treatment resistant symptomatic supraventricular or ventricular arrhythmias
   b. History of cardiac arrest or resuscitation
   c. History of unexplained syncope
   d. Brain embolism of cardiac origin
   e. Concomitant HIV disease
   f. Documentation of ejection fraction of 20% or less.

Government Exhibit 260 at 3-4.

14.     Palmetto LCDs for Cardiopulmonary conditions were in effect from March 17, 2008 through December 30, 2009 and beginning January 24, 2011. (Defendant's Exhibit 106 at 3; Defendant's Exhibit 107 at 2).

15.     The Palmetto LCDs for Cardiopulmonary conditions that were in effect from March 17, 2008 through December 30, 2009 and beginning January 24, 2011 contain the following language:

> Indications and Limitations of Coverage and/or Medical Necessity: Cardiopulmonary conditions are associated with impairments, activity limitations, and disability. Their impact on any given individual depends on the individual's over-all health status.   Health status mediates the much studies relationship between ICD-9-CM diagnosis and care outcomes.   Health status includes environmental factors, such as the availability of palliative care services.  The objective of this policy is to present a framework for identifying, documenting,

and communicating the unique health care needs of individuals with cardiopulmonary conditions and thus promote the over-all goal of the right care for every person, every time.

Cardiopulmonary conditions may support a prognosis of six months or less under many clinical scenarios. Medicare rules and regulations addressing hospice services require the documentation of sufficient "clinical information and other documentation" to support the certification of individuals as having a terminal illness with a life expectancy of 6 or fewer months, if the illness runs its normal course. The identification of specific structural/functional impairments, together with any relevant activity limitations, should serve as the basis for palliative interventions and care-planning. Use of the International Classification of Functioning, Disability and Health (ICF) to help identify and document the unique service needs of individuals with cardiopulmonary conditions is suggested, but not required.

The health status changes associated with cardiopulmonary conditions can be characterized using categories contained in the ICF. The ICF contains domains (e.g., structures of cardiovascular and respiratory systems, functions of the cardiovascular and respiratory system, communication, mobility, and self-care) that allow for a comprehensive description of an individual's health status and service needs. Information addressing relevant ICF categories, defined within each of these domains, should form the core of the clinical record and be incorporated into the care plan, as appropriate.

Additionally the care plan may be impacted by relevant secondary and/or comorbid conditions. Secondary conditions are directly related to a primary condition. In the case of cardiopulmonary conditions, examples of

secondary conditions could include delirium, pneumonia, stasis ulcers and pressure ulcers. Comorbid conditions affecting beneficiaries with cardiopulmonary conditions are, by definition, distinct from the primary condition itself. An example of a comorbid condition would be End Stage Renal Disease (ESRD).

The important roles of secondary and comorbid conditions are described below in order to facilitate their recognition and assist providers in documenting their impact. The identification and documentation of relevant secondary and comorbid conditions, together with the identification and description of associated structural/functional impairments, activity limitations, and environmental factors would help establish hospice eligibility and maintain a beneficiary-centered plan of care.

Secondary conditions: Cardiopulmonary conditions may be complicated by secondary conditions. The significance of a given secondary condition is best described by defining the structural/functional impairments – together with any limitation in activity and restriction in participation – related to the secondary condition. The occurrence of secondary conditions in beneficiaries with cardiopulmonary conditions results from the presence of impairments in such body functions as heart/respiratory rate and rhythm, contraction force of ventricular muscles, blood supply to the heart, sleep functions, and depth of respiration. These impairments contribute to the increased incidence of secondary conditions such as delirium, pneumonia, stasis ulcers and pressure ulcers observed in Medicare beneficiaries with cardiopulmonary conditions. Secondary conditions themselves may be associated with a new set of structural/functional impairments that may or may not respond/be amenable to treatment.

Ultimately, in order to support a hospice plan of care, the combined effects of the primary cardiopulmonary

condition and any identified secondary condition(s) should be such that most beneficiaries with the identified impairments would have a prognosis of six months or less.

Comorbid conditions:  The significance of a given comorbid condition is best described by defining the structural/functional impairments – together with any limitation in activity and restriction in participation – related to the comorbid condition.  For example a beneficiary with a primary cardiopulmonary condition and ESRD could have specific ESRD-related impairments of water, mineral and electrolyte balance functions coexisting with the cardiopulmonary impairments associated with the primary cardiopulmonary condition (e.g., Aortic Stenosis, Chronic Obstructive Pulmonary Disease, or Heart Failure).

Ultimately, in order to support a hospice plan of care, the combined effects of the primary cardiopulmonary condition and any identified comorbid condition(s) should be such that most beneficiaries with the identified impairments would have a prognosis of six months or less.

The documentation of structural/functional impairments and activity limitations facilitate the selection of the most appropriate intervention strategies (palliative/hospice vs. long-term disease management) and provide objective criteria for determining the effects of such interventions.  The documentation of these variables is thus essential in the determination of reasonable and necessary Medicare hospice services.

Defendants' Exhibit 106 at 3-4; Defendants' Exhibit 107 at 2-4.

16.     The Palmetto LCD for Adult Failure to Thrive contains the

following language:

> Indications and Limitations of Coverage and/or Medical
> Necessity: The adult failure to thrive syndrome is
> characterized by unexplained weight loss, malnutrition
> and disability.  The syndrome has been associated with
> multiple primary conditions (e.g., infections and
> malignancies), but always includes two defining clinical
> elements, namely nutritional impairment and disability.
> The nutritional impairment and disability associated
> with the adult failure to thrive syndrome may be severe
> enough to impact on the patient's short-term survival.
>
> The adult failure to thrive syndrome may manifest as an
> irreversible progression in the patient's nutritional
> impairment/disability despite a trial of therapy (i.e.
> treatment intended to effect the primary condition
> responsible for the patient's clinical presentation).  The
> presence of comorbid conditions may hasten the
> patient's clinical progression and as such should be
> identified and addressed.  This hospice policy addresses
> those cases where reversible causes of severe nutritional
> impairment and disability (i.e., the adult failure to thrive
> syndrome) have been excluded.
>
> The medical criteria listed below would support a
> terminal prognosis for individuals with the adult failure
> to thrive syndrome.   Medical criteria 1 and 2 are
> important indicators of nutritional and functional status
> respectively, and would thus support a terminal
> prognosis if met.
>> 1. The nutritional impairment associated with the
>> adult failure to thrive syndrome should be severe
>> enough to impact on a beneficiary's weight.  It is
>> expected that the Body Mass Index (BMI) of
>> beneficiaries electing the Medicare Hospice Benefit
>> for the adult failure to thrive syndrome will be below
>> 22 kg/m$^2$ and that the patient is either declining

13

> enteral/parenteral nutritional support or has not responded to such nutritional support, despite an adequate caloric intake.
>
> 2. The disability associated with the adult failure to thrive syndrome should be such that the individual is significantly disabled.  Significant disability would be demonstrated by a Karnofsky or Palliative Performance Scale value less than or equal to 40%.

Government Exhibit 257 at 2-3.

17.    Debility Unspecified is one of the diagnostic codes that falls within the Palmetto Adult Failure to Thrive LCD.  Government's Ex. 257 at 4.

### I.  Evidence that AseraCare's Medical Records Did Not Contain Clinical Information or Other Documentation to Support the Medical Prognosis of Six Months or Less If The Illness Ran Its Normal Course.

### 1. Agnes B.

18.    The objective facts in AseraCare's medical record for Agnes B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Agnes B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period March 22, 2007 through March 31, 2009.  *See* Government Exhibit 309; Trial Tr. at 1816:3 - 1818:4; 1820:7 - 1828:4.

19.    AseraCare admitted Agnes B. to hospice with a heart disease diagnosis.  Government Exhibit 309A at ACDISC156586.

20.    AseraCare's medical record for Agnes B. does not support that Agnes B. was at the most advanced stage of her heart disease (New York Heart Disease Association or NYHA Class IV) during the relevant time period.  *See* Government Exhibit 309; Trial Tr. at 1816:3 - 1818:4; 1820:7 - 1828:4.

21.    AseraCare's medical record for Agnes B. contains notations in an AseraCare Hospice Local Coverage Determination for Heart Disease form for benefit period 2, from June 20, 2007 through September 17, 2007, that Agnes B. did not meet the criteria for New York Heart Association Class IV for "symptoms present even at rest," or any other factors listed for "additional support for end stage heart disease."  Government Exhibit 309A at ACDISC156654.

22.    AseraCare's medical record for Agnes B. contains notations in an AseraCare Hospice Local Coverage Determination for Heart Disease form for benefit period 12, from March 11, 2009 through May 9, 2009, that Agnes B. did not meet the criteria for "documentation of an ejection fraction of less than 20%" or "disabling dyspnea at rest."  Government Exhibit 309A at ACDISC156624.

23.    AseraCare's medical record for Agnes B. contains notations in an AseraCare Hospice Local Coverage Determination for Heart Disease

15

form for benefit period 12, from March 11, 2009 through May 9, 2009, that Agnes B. did not have any secondary or comorbid conditions.  Government Exhibit 309A at ACDISC156626.

24.     AseraCare's medical record for Agnes B. contains notations that on April 7, 2009, Agnes B. was walking with a cane and cooking. Government Exhibit 309A at ACDISC156716.

25.     AseraCare's medical record for Agnes B. contains a notation that Agnes B. was discharged from hospice with extended prognosis on April 27, 2009.  Government Exhibit 309A at ACDISC157032.

## 2. Alice D

26.     The objective facts in AseraCare's medical record for Alice D. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Alice D. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her December 8, 2007, admission through March 31, 2009.  *See* Government Exhibit 310; Trial Tr.at 2200:14-2208:15 (S. Liao testimony).

27.     AseraCare admitted Alice D. to hospice with an Alzheimer's diagnosis.  Government Exhibit 310B at ACDISC033137; ACDISC033712.

16

28.     On December 12, 2007, AseraCare changed Alice D.'s primary diagnosis to Adult Failure to Thrive.  Government Exhibit 310B at ACDISC033712.

29.     On February 6, 2008, AseraCare changed Alice D.'s primary diagnosis to debility.  Government Exhibit 310B at ACDISC033712.

30.     AseraCare's medical record for Alice D. contains notations that Alice D.'s diagnosis was Alzheimer's disease as of October 1, 2008 and dementia as of November 26, 2008.  Government Exhibit 310B at ACDISC033713.

31.     AseraCare's medical record for Alice D. does not support that Alice D. had irreversible functional impairment or was a FAST 7 between December 8, 2007 and March 31, 2009.  *See* Government Exhibit 310; Trial Tr.at 2200:14-2208:15 (S. Liao testimony).

32.     AseraCare's medical record for Alice D. contains a document titled "Nursing Clinical Note" dated December 28, 2007, with a notation that Alice D. was "able to ambulate [with] walker" and that she had a Palliative Performance Score of 50 percent.  Government Exhibit 310B at ACDISC033359.

33.     AseraCare's medical record for Alice D. contains a document titled "Nursing Clinical Note" dated January 17, 2008, with notations that

Alice D. was "[a]ble to make needs known FAST scale 6E" and that she was "able to ambulate [with] walker."  Government Exhibit 310 at ACDISC033349.

34.     AseraCare's medical record for Alice D. contains a document titled "Nursing Clinical Note" dated January 30, 2009, with a notation that Alice D. was "[a]ble to answer questions."  Government Exhibit 310 at ACDISC033243.

35.     AseraCare's medical record for Alice D. contains a document titled "Reassessment for Ongoing Eligiblity" dated June 5, 2009, with a notation that Alice D. was "[a]ble to make [a] simple sentence when asked." Government Exhibit 310B at ACDISC033216.

### 3. Alice M.

36.     The objective facts in AseraCare's medical record for Alice M. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Alice M. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her August 6, 2007, admission through January 7, 2009.  *See* Government Exhibit 311; Trial Tr.at 2911:23-2921:25, 2924:9-2926:10 (S. Liao testimony).

37.     AseraCare admitted Alice M. to hospice with a debility diagnosis.  Government Exhibit 311A at ACDISC062286.

38.     AseraCare's medical record for Alice M. does not support that Alice M. had irreversible nutritional or functional impairment during her AseraCare hospice stay.  *See* Government Exhibit 311; Trial Tr.at 2911:23-2921:25, 2924:9-2926:10 (S. Liao testimony).

39.     AseraCare medical record for Alice M. contains notations that Alice M. had a medical history of "anxiety/depression, paranoid state, hallucinations."  Government Exhibit 311A at ACDISC062774.

40.     AseraCare's medical record for Alice M. contains a document titled "Admission Physician Order/Medication Profile" dated August 6, 2007, with a notation for the medication "Lexapro 5 mg ½ tab [tablet]" for an indication of "anxiety" and no other medications listed to treat psychiatric issues.  Government Exhibit 311B at ACDISC062288.

41.     AseraCare's medical record for Alice M. contains notations that Alice's M weight, for the period from January 8, 2007, until August 3, 2007, ranged from 131.2 lbs. to 142.2 lbs. and that Alice M. weighed 142.2 lbs. on August 3, 2007.  Government Exhibit 311A at ACDISC062778.

42.     AseraCare's medical record for Alice M. contains a document titled "General Medical Guidelines For Determining Prognosis" dated April

23, 2008, with notations that Alice M.'s weight was "142 [lbs.] on admit, BMI = 24.3." Government Exhibit 311A at ACDISC062378.

43.    AseraCare's medical record for Alice M. contains a document titled "General Medical Guidelines for Determining Prognosis" dated April 23, 2008, with notations that Alice M.'s "current wt [weight] = 124 = BMI = 21.2," that "she refuses some meals from Pureed tray and refuses health shakes," and that "she has multiple joint contractures and extensive arthritis." Government Exhibit 311A at ACDISC062378-79.

### 4. Alice P.

44.    The objective facts in AseraCare's medical record for Alice P. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Alice P. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her May 30, 2007, admission through March 18, 2009. *See* Government Exhibit 312; Trial Tr. at 2980:15-2986:18 (S. Liao testimony).

45.    AseraCare admitted Alice P. to hospice with a debility diagnosis. Government Exhibit 312B at ACDISC208549.

46.    AseraCare's medical record for Alice P. does not support that Alice P. had irreversible functional or nutritional impairments during her

AseraCare hospice stay.  *See* Government Exhibit 312; Trial Tr. at 2980:15-2986:18 (S. Liao testimony).

47.    AseraCare's medical record for Alice P. contains a "Nursing Assessment" dated May 30, 2007, with notations that Alice P. has a past medical history of "Chronic schizophrenia w/ [with] depression" and that "Staff reports ↓ verbalization but believes pt [patient] does understand, and will occasionally follow commands."  Government Exhibit 312B at ACDISC208652.

48.    AseraCare's medical record for Alice P. contains a document titled "Nursing Assessment" dated May 30, 2007, with notations that Alice P. weighed 92 lbs. and that she was "within IBW [ideal body weight] of 95 lbs." Government Exhibit 312B at ACDISC208654.

49.    AseraCare's medical record for Alice P. contains notations in a document dated August 22, 2007, that Alice P. did not meet the following criteria: "Patient not responded to nutritional support, despite an adequate caloric intake" and that Alice P. is "poor intake 0-50%, refuses meals refused to be fed . . . off Megace [appetite stimulant] / [continues] Remeron."  Government Exhibit 312B at ACDISC208596-97.

50.    AseraCare's medical record for Alice P. contains notations in a document dated January 7, 2009 that Alice P. did not meet the following

criteria:  "Patient not responded to nutritional support, despite an adequate

caloric intake" and that Alice P.'s "wt [weight] up 3.6 lbs."  Government

Exhibit 312B at ACDISC208573-75.

### 5. Amelia G.

51.     The objective facts in AseraCare's medical record for Amelia

G. create a genuine issue of material fact about whether the documentation

in AseraCare's medical record for Amelia G. supported a terminal prognosis

of six months or less to live if the illness ran its normal course for the period

December 4, 2007 through December 31, 2008.  *See* Government Exhibit

313; Trial Tr. at 1688:22 – 1694:11, 1700:23 - 1705:23 (S. Liao testimony).

52.     AseraCare admitted Amelia G. to hospice with a senile delirium

and dementia diagnosis.  *See* Government Exhibit 313A at

Archived0015932; Archived0015947.

53.     AseraCare 's medical record for Amelia G. does not support

that she was a Functional Assessment Staging Tool (FAST) 7 or was

functionally declining during the relevant time period.  *See* Government

Exhibit 313; Trial Tr. at 1688:22 – 1694:11, 1700:23 - 1705:23 (S. Liao

testimony).

54.     AseraCare's medical record for Amelia G. contains a notation

in AseraCare's hospice local coverage determination for Alzheimer's

22

disease and related disorders document for benefit period December 4, 2007 to March 2, 2008 that Amelia G. had not met the criteria for FAST 7A - "ability to speak is limited (1 to 5 words a day)", 7B - "all intelligible vocabulary lost", 7D - "unable to sit up independently" and 7F - "unable to hold head up."  Government Exhibit 313A at Archived0015981.

55.     AseraCare's medical record for Amelia G. contains a notation in a Reassessment for Ongoing Eligibility dated February 25, 2008 that Amelia G. "continues to speak only single words, or occas[ionally] repeats 'I want to go to bed.'"  Government Exhibit 313A at Archived0016139.

56.     AseraCare's medical record for Amelia G. contains a notation in a Reassessment for Ongoing Eligibility dated April 17, 2008 that Amelia G. "is able to answer simple yes or no questions."  Government Exhibit 313A at Archived0016134.

57.     AseraCare's medical record for Amelia G. contains notations in a General Medical Guidelines for Determining Terminal Prognosis document dated July 23, 2008 that Amelia G.'s score under the Palliative Performance Scale was 50 percent, and further indicates that Amelia G is not dependent on others to feed.  Government Exhibit 313A at Archived0015970.

58.     AseraCare's medical record for Amelia G. contains notations in a General Medical Guidelines for Determining Terminal Prognosis document dated November 19, 2008 that Amelia G.'s score under the Palliative Performance Scale was 50 percent, and Amelia G.  is "[a]lert, smiles, nods head & follows commands but inconsistently."  Government Exhibit 313A at Archived0015966.

### 6. Ann K.

59.     The objective facts in AseraCare's medical record for Ann K. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Ann K. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period January 5, 2007 to March 31, 2009.  *See* Government Exhibit 314; Trial Tr.at  2559:16- 2565:24 (S. Liao testimony).

60.     AseraCare admitted Ann K. to hospice with a debility diagnosis.  Government Exhibit 314A at ACTIVE0001623.

61.     AseraCare's medical record for Ann K. does not support that Ann K. had an irreversible progression of nutritional or functional impairment *See* Government Exhibit 314; Trial Tr.at  2559:16- 2565:24 (S. Liao testimony).

62.     AseraCare's medical record for Ann K. contains a notation that Ann K.'s "IBW [ideal body weight] RANGE" is 99 – 121 pounds. Government Exhibit 314A at Active0002658.

63.     AseraCare's medical record for Ann K. contains notations that Ann K.'s weight, for the period from January 2006 until December 2006, ranged from 117.8 pounds to 112.4 pounds.  Government Exhibit 314A at Active0002352.

64.     AseraCare's medical record for Ann K. contains a notation that Ann K. weighed 110.8 pounds in January 2007 at the time of her admission. Government Exhibit 314A at Active 0002352.

65.     AseraCare's medical record for Ann K. contains a notation that Ann. K.'s weight on December 7, 2008 was 109 lbs.  Government Exhibit 314A at Active0002359.

66.     AseraCare's medical record for Ann K. contains a notation that Ann K.'s weight in January 2009 was 108.2 lbs. Government Exhibit 314A at Active0002359.

67.     AseraCare's medical record for Ann K. contains notations that Ann K.'s score under the Palliative Performance Scale was recorded as 30 percent in February 2007 and 40 percent on August 12, 2009.  Government

Exhibit 314 at Active0002535-36; Government Exhibit 314A at Active0001662-63.

68.     AseraCare's medical record for Ann K. contains a notation dated August 12, 2009, that Ann K. was "sitting in geri-chair in the hallway by nurses station."  Government Exhibit 314A at Active0002359.

### 7. Ann S.

69.     The objective facts in AseraCare's medical record for Ann S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Ann S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period March 13, 2007 through April 12, 2008.  *See* Government Exhibit 315; Trial Tr. at 1465:3 – 1467:4 (S. Liao testimony).

70.     AseraCare admitted Ann S. to hospice with a debility diagnosis. Government Exhibit 315 at ACDISC164406.

71.     AseraCare's medical record for Ann S. does not support that Ann S. had irreversible functional and nutritional impairment during the relevant time period.  *See* Government Exhibit 315; Trial Tr. at 1465:3 – 1467:4 (S. Liao testimony).

72.     AseraCare's medical record for Ann S. contains a notation in a document titled "Nurses Notes" dated September 5, 2007 that Ann S.'s ideal

26

body weight was 92.5 pounds.  Government Exhibit 315A at

ACDISC164827.

73.    AseraCare's medical record for Ann S. contains a notation in a

document titled "NURSING ASSESSMENT" dated March 13, 2007 that

Ann S.'s weight was 84.7 pounds.  Government Exhibit 315 at

ACDISC164469.

74.    AseraCare's medical record for Ann S. contains a diagnosis

report dated July 26, 2007 with a notation that Ann S.'s serum albumin was

3.4.  Government Exhibit 315A at ACDISC164849.

75.    AseraCare's medical record for Ann. S. contains a document

titled "Nurses Note" dated May 18, 2007 with a notation that Ann S. "[d]oes

not ambulate, requires a w/c for all mobilization. Is able to propel her w/c

[wheelchair] by herself, but is at a very slow pace."  Government Exhibit

315A at ACDISC164858.

76.    AseraCare's medical record for Ann S. contains a notation in a

document titled "NURSING ASSESSMENT" dated February 22, 2008 that

Ann S.'s weight was 80.9 pounds.  Government Exhibit 315A at

ACDISC164434.

77.    AseraCare's medical record for Ann S. contains a notation in a

nurse's note dated March 3, 2008 that Ann S. "moves thru out facility in

wheelchair."  Government Exhibit 315A at ACDISC164800.

### 8. Anna S.

78.     The objective facts in AseraCare's medical record for Anna S.
create a genuine issue of material fact about whether the documentation in
AseraCare's medical record for Anna S. supported a terminal prognosis of
six months or less to live if the illness ran its normal course from her
admission on February 4, 2010 through May 15, 2011.  *See* Government
Exhibit 316; Trial Tr.at 1467:5 – 1468:20 (S. Liao testimony).

79.     AseraCare admitted Anna S. to hospice with a debility
diagnosis.  Government Exhibit 316A at ACDISC105835.

80.     AseraCare's medical record for Anna S. does not support that
Anna S. had irreversible nutritional or functional impairment during the
relevant time period.  *See* Government Exhibit 316; Trial Tr.at 1467:5 –
1468:20 (S. Liao testimony).

81.     AseraCare's medical record for Anna S. contains a notation in a
document titled "General Medical Guidelines for Determining Prognosis"
dated February 4, 2010 that Anna S.'s score under the Palliative
Performance Scale was recorded as 50 percent.  Government Exhibit 316A
at ACDISC105853.

82.     AseraCare's medical records contain notations in a document titled "Determining Terminal Status: Decline in Clinical Status Worksheets" dated April 27, 2010 that Anna S.'s body mass index was 32.4, and dated September 24, 2010 that her body mass index was 33.  Government Exhibit 316A at ACDISC015872, ACDISC105861.

83.     AseraCare's medical records contain notations in a document titled "Determining Terminal Status: Decline in Clinical Status Worksheet" dated September 24, 2010 that Anna S. weighed 181.8 pounds on June 3, 2010 and that she weighed 186.4 pounds on September 3, 2010.  Government Exhibit 316A at ACDISC105861.

### 9. Argentina P.

84.     The objective facts in AseraCare's medical record for Argentina P. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Argentina P. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period February 19, 2010 through December 31, 2010.  *See* Government Exhibit 317; Trial Tr.at 1920:25-1927:3 (S. Liao testimony).

85.     AseraCare admitted Argentina P. to hospice with a diagnosis of cardiac disease.  Government Exhibit 317A at ACDISC218694.

86.     AseraCare's medical record for Argentina P. does not support that Argentina P. was at the most advanced stage of her heart disease (New York Heart Association or NYHA Class IV) during the relevant time period. *See* Government Exhibit 317; Trial Tr.at 1920:25-1927:3 (S. Liao testimony).

87.     AseraCare's medical record for Argentina P. contains a notation in a recertification of terminal illness signed by a physician on December 14, 2011 that Argentina P. "ambulates 10-15 steps with SOB [shortness of breath] with cane."  Government Exhibit 317A at ACDISC218700.

88.     AseraCare's medical record for Argentina P. contains a notation in a recertification of terminal illness signed by a physician on October 19, 2010 that Argentina P. "uses NTG [Nitroglycerine] approximately 2x/day [twice a day]; chest pain relieved with NTG [Nitroglycerine]."  Government Exhibit 317A at ACDISC218708.

89.     AseraCare's medical record for Argentina P. contains a notation in a recertification of terminal illness signed by a physician on October 19, 2010 that Argentina P. "had severe SOB [shortness of breath] walking down stairs.  Moves around in w.c. [wheelchair] Unable to ambulate."  Government Exhibit 317A at ACDISC218708.

90.     AseraCare's medical record for Argentina P. contains a notation in a recertification of terminal illness signed by a physician on February 8, 2011 that Argentina P. experienced "angina daily relieved by NTG [Nitroglycerine] and Dilaudid."  Government Exhibit 317A at ACDISC218694.

### 10. Aristotle S.

91.     The objective facts in AseraCare medical record for Aristotle S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Aristotle S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period of June 1, 2010 through October 31, 2011.  *See* Government Exhibit 318; Trial Tr. at 2989:23 – 3000:14 (S. Liao Testimony).

92.     AseraCare admitted Aristotle S. to hospice with a dementia diagnosis on March 5, 2010.  Government Exhibit 318A at 111552.

93.     AseraCare's medical record for Aristotle S. does not support that Aristotle S. had significant comorbidities or secondary conditions during the relevant time period.  *See* Government Exhibit 318; Trial Tr. at 2989:23 – 3000:14 (S. Liao Testimony).

94.     AseraCare's medical record for Aristotle S. contains a document titled "Certification of Terminal Illness" signed by a physician on

31

March 12, 2010 that contains notations of anxiety and hypertension after the header "Co-morbid conditions" and acute renal failure and depression after the header "Secondary complications."  *See* Government Exhibit 318A at ACDSIC111552.

95.     AseraCare's medical record for Aristotle S. contains a document titled "Recertification of Terminal Illness" signed by a physician on June 1, 2010 with notations of a history of prostate cancer after the header "Co-morbid conditions" and debility and falls after the header "Secondary complications."  Government Exhibit 318 at ACDISC111554.

96.     AseraCare's medical record for Aristotle S. contains a document titled "Recertification of Terminal Illness Attestation for Hospice Medical Directors" signed by a physician on August 16, 2011 with a notation of depression after the header "Comorbid Conditions" and does not list anything after the header "Secondary Conditions."  *See* Government Exhibit 318 at ACDISC111524.

97.     AseraCare's medical record for Aristotle S. contains a document titled hospice medication profile dated March 5, 2010 with notations that Aristotle S. was prescribed Celexa at 20 mg daily at bedtime, Depakote at 500 mg daily, and Seroquel at 100 mg daily at bedtime.  *See* Government Exhibit 318 at ACDISC111856.

98.     AseraCare's medical record for Aristotle S. contains document titled "Physician's Order" signed by the physician on January 31, 2011 with notations ordering Celexa at 20 mg daily at bedtime and no order for Depakote or Seroquel.  *See* Government Exhibit 318 at ACDISC111726.

99.     AseraCare's medical record for Aristotle S. contains a notation in a document titled nursing assessment dated March 5, 2010 that Aristotle S. weighed 140 pounds.  Government Exhibit 318A at ACDISC111850.

100.   AseraCare's medical records contain a notation in a document titled nursing clinical note dated April 29, 2010 that Aristotle S. weighed 149.1 pounds.  Government Exhibit 318A at ACDISC112284.

101.   AseraCare's medical records contain a notation in a document titled nursing clinical note dated May 12, 2010 that Aristotle S. weighed 151.6 pounds.  Government Exhibit 318A at ACDISC112279.

## 11. Arthur W.

102.   The objective facts in AseraCare's medical record for Arthur W. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Arthur W. supported a terminal prognosis of six months or less to live if the illness ran its normal course from his second admission on November 15, 2007 through March 20, 2009.  *See*

Government Exhibit 319; Trial Tr.at 3039:17 – 3040:9, 3048:17 – 3059:1 (S. Liao Testimony).

103.   AseraCare admitted Arthur W. to hospice with an adult failure to thrive diagnosis.  Government Exhibit 319A at Archived0001588.

104.   AseraCare's medical record for Arthur W. does not support that Arthur W. had irreversible nutritional impairment but supports that Arthur W.'s weight loss was due to his depression during the relevant time period. *See* Government Exhibit 319; Trial Tr.at 3039:17 – 3040:9, 3048:17 – 3059:1 (S. Liao Testimony).

105.   AseraCare's medical record for Arthur W. contains a document titled "Golden Living Center Progress Note 99308" dated October 18, 2007 which does not identify a diagnosis of adult failure to thrive and does not reference any weight loss or a terminal or end-stage condition.  *See* Government Exhibit 319A at Archived0002079.

106.   AseraCare's medical record for Arthur W. contains a notation in a document titled "Reassessment for Ongoing Eligibility" dated June 3, 2008 that Arthur W.'s weight was 113.2 pounds.  Government Exhibit 319A at Archived0001559.

107.   AseraCare's medical record for Arthur W. contains a notation in a document titled "Reassessment for Ongoing Eligibility" dated October

34

8, 2008 that Arthur W.'s weight was 102.2 pounds, that he was eating a regular diet, and had 50% intake.  Government Exhibit 319A at Archived0001551.

108.   AseraCare's medical record for Arthur W. contains a notation in a document titled "Reassessment for Ongoing Eligibility" dated January 9, 2009 that Arthur W.'s weight was 113.4 pounds.  Government Exhibit 319A at Archived0001517.

109.   AseraCare's medical record for Arthur W. contains a notation in a document titled "Reassessment for Ongoing Eligibility" dated March 20, 2009 that Arthur W.'s weight was 117 pounds.  Government Exhibit 319A at Archived0001495.

110.   AseraCare's medical record for Arthur W. contains notations in a document titled "Discharge Summary" dated March 20, 2009 that AseraCare discharged Arthur W. from hospice with an extended prognosis ("chronic not terminal") and that the "patient lost 10% of body weight over a six month period, has been stable over last six months, pt's weigh[t] is 113 – 117 lbs. has become chronic."  Government Exhibit 319A at Archived0001430.

111.   AseraCare's medical record for Arthur W. contains a notation in a reassessment for ongoing eligibility dated June 3, 2008 that Arthur W.

35

had weight loss of approximately 29 pounds over the prior 6 months and

identifies depression as a comorbid factor affecting weight and

nutrition.  Government Exhibit 319 at Archived0001559.

### 12. B.J.C.

112.   The objective facts in AseraCare's medical record for B.J.C.

create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for B.J.C. supported a terminal prognosis of six

months or less to live if the illness ran its normal course for the period

March 8, 2007 through March 19, 2008.  *See* Government Exhibit 320; Trial

Tr. at 1559:21 – 1579:7, 1585:2 - 1594:24.

113.   AseraCare admitted B.J.C. to hospice with a chronic ischemic

heart disease diagnosis.  *See* Government Exhibit 320A at ACDISC058662.

114.   AseraCare's medical record for B.J.C. does not support that

B.J.C. was at the most advanced stage of his heart disease (New York Heart

Disease Association or NYHA Class IV) or that he was receiving optimal

treatment for a heart disease terminal prognosis during the relevant time

period.  *See* Government Exhibit 320; Trial Tr. at 1559:21 – 1579:7, 1585:2

- 1594:24.

115.   AseraCare's medical record for B.J.C. contains notations in a

hospital record when B.J. C. was evaluated for back pain on February 8,

36

2007 that B.J.C. "[d]enies any chest pains in the last 6 months prior to his admission to hospice and had no shortness of breath, orthopnea, or PND [paroxysmal nocturnal dyspnea]. *See* Government Exhibit 320A at ACDISC058649.

116.   AseraCare's medical record for B.J.C. contains a notation that a physician examined B.J. C. and found his "heart sound normal." *See* Government Exhibit 320A at ACDISC058650.

117.   AseraCare's medical record for B.J.C. contains a notation that B.J.C. had been cleared for back surgery by a physician on February 8, 2007. *See* Government Exhibit 320A at ACDISC058650.

118.   AseraCare's medical record for B.J.C. contains notations that B.J.C. had a physician's consultation for his heart on February 12, 2007, and the cardiologist found that he was "completely asymptomatic from the cardiac aspect," "had a normal electrocardiogram," and was stable enough to proceed with back surgery. *See* Government Exhibit 320A at ACDISC058641.

119.   AseraCare's medical record for B.J.C. contains a notation that B.J.C. was admitted to hospice 1 month after his back surgery. *See* Government Exhibit 320A at ACDISC058661.

120.    AseraCare's medical record for B.J.C. contains a notation in a medication report listing active medications as of March 19, 2007 that B.J.C. was prescribed two medications for his heart –  one tablet of aspirin daily and a cardiac pack [kit for chest pain that may be used in an emergency]. *See* Government Exhibit 320A at ACDISC058592 - 8593.

121.    AseraCare's medical record for B.J.C. contains a notation in a medication report listing active medications as of March 19, 2007 that B.J.C. was prescribed one tablet of Metroprolol daily "for blood pressure."  *See* Government Exhibit 320A at ACDISC058593.

122.    AseraCare's medical record for B.J.C. contains notations in a nurse visit note dated August 21, 2007 that B.J.C. experienced one episode of chest pain for a short duration and was advised "to use Nitroglycerin, should chest pain return."  *See* Government Exhibit 320A at ACDISC058875.

123.    AseraCare's medical record for B.J.C. contains a notation in a reassessment for ongoing eligibility dated February 18, 2008 that B.J. C. experienced "[s]everal chest pain episodes in past few weeks that does not radiate.  Pt [patient] states has lasted as long as 10 mins at times.  No nitro taken, although O2 applied and has eased pain."  *See* Government Exhibit 320A at ACDISC058693.

124.    AseraCare's medical record for B.J.C. contains a notation that on March 19, 2008, B.J.C. was discharged from hospice with an extended prognosis because he "had no decline in recent time period and no longer fit[] hospice criteria."  *See* Government Exhibit 320A at ACDISC058659.

### 13. Barbara N.

125.    The objective facts in AseraCare's medical record for Barbara N. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Barbara N. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on January 23, 2010 to April 9, 2011.  *See* Government Exhibit 321; Trial Tr.at 2897:25 – 2904:10 (S. Liao Testimony).

126.    AseraCare admitted Barbara N. to hospice with an adult failure to thrive diagnosis.  Government Exhibit 321E at ACDISC034470.

127.    AseraCare's medical record for Barbara N. does not support that Barbara N. had irreversible nutritional and functional impairment but does support that her impairments were due to treatable, reversible psychiatric conditions during the relevant time period.  *See* Government Exhibit 321; Trial Tr.at 2897:25 – 2904:10 (S. Liao Testimony).

128.    AseraCare's medical record for Barbara N. contains a notation in a document titled "Supplemental Order" dated February 3, 2010 that

Barbara N. was prescribed Cymbalta at 20 mg before breakfast once a week and then 30 mg daily.  *See* Government Exhibit 321E at ACDISC034590.

129.   AseraCare's medical record for Barbara N. contains a notation in physician orders for September 1 – September 30, 2010 that Barbara N. remained on Cymbalta at 30 mg daily without any notation of any other antidepressants or psychiatric medication.  *See* Government Exhibit 321E at ACDISC034578 - 4581.

130.   AseraCare's medical record for Barbara N. contains a notation in a document titled "Determining Terminal Status: Adult Failure to Thrive Worksheet" dated January 12, 2011 that Barbara N. was "bedbound by choice.  Used to sit in common room and watch what was going on.  She no longer has any interest in leaving her room.  Just lays in bed awake [with] T.V. on though I've never seen her looking at it.  She will sometimes talk to me a little but not like she used to a couple of months ago.  She seldom feeds herself.  She seldom moves or turns herself in bed."  Government Exhibit 321B at ACDISC034511.

### 14. Beatrice V.

131.   The objective facts in AseraCare's medical record for Beatrice V. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Beatrice V. supported a terminal

prognosis of six months or less to live if the illness ran its normal course from her admission on July 2, 2009 and September 30, 2010.  *See* Government Exhibit 322; Trial Tr.at 2405:16 – 2420:2 (S. Liao Testimony).

132.   AseraCare admitted Beatrice V. to hospice with a debility diagnosis.  Government Exhibit 322 at ACDISC068520.

133.   AseraCare's medical record for Beatrice V. does not support that Beatrice V. had irreversible functional impairment during the relevant time period.  *See* Government Exhibit 322; Trial Tr.at 2405:16 – 2420:2 (S. Liao Testimony).

134.   AseraCare's medical record for Beatrice V. contains a notation from a document dated July 29, 2009, that Beatrice V. "can furniture walk or hand-in-hand, mostly chairbound . . . ."  *See* Government Exhibit 322B at ACDISC068638.

135.   AseraCare's medical record for Beatrice V. contains a notation from a document dated February 22, 2010, that Beatrice V. "is able to talk [and] walks with a shuffling gait."  Government Exhibit 322B at ACDISC069069.

136.   AseraCare's medical record for Beatrice V. contains a notation from a document dated February 22, 2010, that Beatrice V. "appears more

chronically ill than terminal, but close monitoring of her weight is recommended."  Government Exhibit 322B at ACDISC069069.

137.   AseraCare's medical record for Beatrice V. contains a document entitled "HOSPICE IDT PLAN OF CARE UPDATE," from an Interdisciplinary Team Meeting on April 28, 2010, that includes a notation that Beatrice V. had a Palliative Performance Scale score of 50%. Government Exhibit 322B at ACDISC068581.

138.   AseraCare's medical record for Beatrice V. contains a document entitled "HOSPICE IDT PLAN OF CARE UPDATE," from an Interdisciplinary Team Meeting on July 7, 2010, that includes a notation that Beatrice V. had a Palliative Performance Scale score of 50%.  Government Exhibit 322B at ACDISC068568.

### 15. Bertha R.

139.   The objective facts in AseraCare's medical record for Bertha R. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Bertha R.supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period October 19, 2007 through February 24, 2009.  *See* Government Exhibit 323; Trial Tr.at 2470:3 – 2501:14 (S. Liao Testimony).

42

140.   AseraCare admitted Bertha R. to hospice with a heart failure diagnosis.  Government Exhibit 323A at ACDISC220975.

141.   AseraCare's medical record for Bertha R. does not support that Bertha R. was at the most advanced stage of heart disease (New York Heart Association Class IV) during the relevant time period.  *See* Government Exhibit 323; Trial Tr.at 2470:3 – 2501:14 (S. Liao Testimony).

142.   AseraCare's medical record for Bertha R. contains a notation that Bertha R. was admitted to the hospital one month before her hospice admission on September 23, 2007 and that the hospital history and physical documentation did not include any reference to a history of past or present heart disease or heart failure.  Government Exhibit 323A at ACDISC221581.

143.   AseraCare's medical record for Bertha R. contains a September 23, 2007 hospital record for Bertha R.'s review of systems that did not include any reference to heart disease or heart failure and further indicated that Bertha R. was not using oxygen at home.  Government Exhibit 323A at ACDISC221581.

144.   AseraCare's medical record for Bertha R. contains a September 23, 2007 hospital record for Bertha R. which included a header

"MEDICATIONS" and did not list any medication used to treat heart disease or heart failure.  Government Exhibit 323A at ACDISC221581.

145.   AseraCare's medical record for Bertha R. contains a September 23, 2007 hospital record for Bertha R.'s physical examination, diagnostic studies, assessment, and plan that did not include any reference to heart disease or heart failure.  Government Exhibit 323A at ACDISC221582.

146.   AseraCare's medical record for Bertha R. contains a notation in the September 23, 2007 hospital record that Bertha R.'s BNP [B-type Natriuretic Peptide blood test] was 154.  Government Exhibit 323A at ACDISC221582.

147.   AseraCare's medical record for Bertha R. contains a notation that Bertha R. was initially admitted to the emergency room on September 23, 2007 for a chief complaint of a cold and difficulty breathing. Government Exhibit 323A at ACDISC221717.

148.   AseraCare's medical record for Bertha R. contains a notation in a document titled "EMERGENCY ROOM NOTE" dated September 23, 2007 under the header "PAST MEDICAL HISTORY" that according to her granddaughter who was present with her, Bertha R. had a past medical history of "significant congestive heart failure."  Government Exhibit 323A at ACDISC221717.

44

149.   AseraCare's medical record for Bertha R. contains a notation in a document titled "EMERGENCY ROOM NOTE" dated September 23, 2007 documenting her history of present illness that Bertha R. "denies any chest pain or chest pressure."  Government Exhibit 323A at ACDISC221717.

150.   AseraCare's medical record for Bertha R. contains a document titled "EMERGENCY ROOM NOTE" dated September 23, 2007 with a notation for a physical examination that did not include any reference to heart disease or heart failure.  Government Exhibit 323A at ACDISC221717-18.

151.   AseraCare's medical record for Bertha R. contains a notation that Bertha R. was admitted to the emergency room on October 20, 2008 for a chief complaint of a fall with hip and pelvic pain.  Government Exhibit 323A at ACDISC220916.

152.   AseraCare's medical record for Bertha R. contains a document titled "ER Report" dated October 20, 2008 with a notation for Bertha R.'s past medical history that did not include any reference to heart disease or heart failure.  Government Exhibit 323A at ACDISC220916.

153.   AseraCare's medical record for Bertha R. contains a document titled "ER Report" dated October 20, 2008 with a notation that Bertha R.'s

physical examination reflected that her lungs were "clear bilaterally to auscultation." Government Exhibit 323A at ACDISC220917.

154. AseraCare's medical record for Bertha R. contains a document titled "ER Report" dated October 20, 2008 with a notation that Bertha R.'s physical examination reflected "[n]o pain in to the lower legs or feet or ankles bilaterally, and extremities are also without edema or rash." Government Exhibit 323A at ACDISC220917.

155. AseraCare's medical record for Bertha R. contains a document titled "ER Report" dated October 20, 2008 with a notation for Bertha R.'s diagnoses which read: "1. Hip and leg pain bilaterally. 2. Fall. 3. Urinary tract infection" and that did not include any reference to heart disease or heart failure. Government Exhibit 323A at ACDISC220918.

156. AseraCare's medical record for Bertha R. contains a notation that on February 24, 2009, Bertha R. was discharged with an extended prognosis. Government Exhibit 323A at ACDISC220977.

### 16. Betty H.

157. The objective facts in AseraCare's medical record for Betty H. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Betty H. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

46

January 20, 2011 through January 31, 2012.  *See* Government Exhibit 324;

Trial Tr.at 2219:11-2226:13; 2239:10-2244:3 (S. Liao testimony).

158.   AseraCare admitted Betty H. to hospice with a diagnosis of

debility.  Government Exhibit 324B at ASDISC058936.

159.   AseraCare's medical record for Betty H. does not support that

Betty H. had irreversible functional impairment during the relevant time

period.  *See* Government Exhibit 324; Trial Tr.at 2219:11-2226:13; 2239:10-

2244:3 (S. Liao testimony).

160.   AseraCare's medical record for Betty H. contains notations in

the initial and comprehensive nursing assessment dated January 20, 2011

that Betty H. "lives alone but son lives 6 blocks away" and Betty H. has an

"unsteady gait."  Government Exhibit 324B at ACDISC059343.

161.   AseraCare's medical record for Betty H. contains notations in a

nursing assessment dated February 28, 2011 that Betty H.'s "gait is unsteady

and she uses furniture to stabilize herself while ambulating around the home

and a cane when ambulating outside the home," and that Betty H. "often

state[s] she is unable to keep her house as clean as she wants due to not

having the stamina to clean."  Government Exhibit 324B at

ACDISC059926.

162.   AseraCare's medical record for Betty H. contains a notation in the initial certification of terminal illness that is signed by a physician on September 15, 2011 that Betty H. was still living alone.  Government Exhibit 324B at ACDISC058936.

163.   AseraCare's medical record for Betty H. contains a notation in a nursing clinical note dated December 21, 2011 that Betty H. is "[d]ressed up and about house waiting for son to come and take her shopping . . . Independent with self-care: able to dress, do a little cooking sponge bathe and grooming; Generalized weakness with impaired balance; Is safety conscious and uses cane when she leaves the house, uses walls, furniture to help maintain balance indoors."  Government Exhibit 324B at ACDISC060166.

164.   AseraCare's medical record for Betty H. contains a notation in a nursing assessment update dated February 28, 2012 that Betty H. "now ambulates long distances with cane," and Betty H. is scored with a 50 percent on Palliative Performance Scale and Karnofsky Performance Scale. Government Exhibit 324B at ACDISC059336.

### 17. Birdie C.

165.   The objective facts in AseraCare's medical record for Birdie C. create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for Birdie C. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period December 1, 2008 through March 31, 2009.  *See* Government Exhibit 325; Trial Tr.at 2733:5 – 2739:4 (S. Liao Testimony).

166.   AseraCare admitted Birdie C. to hospice with a diagnosis of chronic obstructive pulmonary disease on May 25, 2008.  *See* Government Exhibit 325A at Archived0025204.

167.   AseraCare's medical record for Birdie C. does not support that Birdie C. was at the most advanced stage of a COPD diagnosis during the period December 1, 2008 through March 31, 2009.  *See* Government Exhibit 325; Trial Tr.at 2733:5 – 2739:4 (S. Liao Testimony).

168.   AseraCare's medical record for Birdie C. contains a notation from a document dated November 17, 2008, that Birdie C. had shortness of breath on "exertion of walk" but the same document does not notate that Birdie C. had shortness of breath at rest and does not notate that Birdie C. had nocturnal dyspnea.  *See* Government Exhibit 325A at Archived0025173.

169.   AseraCare's medical record for Birdie C. contains a notation from a document dated May 17, 2009, that Birdie C. was discharged from AseraCare's hospice for an extended prognosis.  *See* Government Exhibit 325A at Archived0025140.

## 18. Caroline M.

170.   The objective facts in AseraCare's medical record for Caroline M. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Caroline M. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period February 19, 2008 through March 31, 2009.  *See* Government Exhibit 326; Trial Tr.at 1757:24-1770:5 (S. Liao testimony).

171.   AseraCare admitted Caroline M. to hospice with a diagnosis of dementia.  Government Exhibit 326A at Active0010962.

172.   AseraCare's medical record for Caroline M. does not support that Caroline M. had any significant comorbidities or secondary conditions during the relevant time period.  *See* Government Exhibit 326; Trial Tr.at 1757:24-1770:5 (S. Liao testimony).

173.   AseraCare's medical record for Caroline M. contains a notation in the AseraCare hospice local coverage determination for Alzheimer's disease and related disorders for the eighth benefit period (from June 13, 2009 to August 11, 2009) that Caroline M. had no comorbid or secondary conditions.  Government Exhibit 326A at Active0011001 - 1002.

174.   AseraCare's medical record for Caroline M. contains a notation in the AseraCare hospice local coverage determination for Alzheimer's

50

disease and related disorders for the eighth benefit period (from June 13, 2009 to August 11, 2009) that lists the following in Caroline M.'s summary of comorbid conditions: "alert, verbal & confusion.  Few words spoken.  Unable to hold a conversation.  Inc. B/B [incontinent bladder & bowel]. T-TI Assist to broda. Mechanical soft diet – poor appetite.  Needs encouragement.  Can feed self if set up.  FAST 7a,b, c."  Government Exhibit 326A at Active0011001.

175.   AseraCare's medical record for Caroline M. contains a notation in the AseraCare hospice local coverage determination for Alzheimer's disease and related disorders for the ninth benefit period (from August 12, 2009 to October 10, 2009) that lists under comorbid conditions after "Other," hypothyroidism, hypercalcemia, and hyperkalemia.  Government Exhibit 326A at Active0010997.

176.   AseraCare's medical record for Caroline M. contains a notation in the AseraCare hospice local coverage determination for Alzheimer's disease and related disorders for the ninth benefit period (from August 12, 2009 to October 10, 2009) that lists the following in Caroline M.'s summary of comorbid conditions: "patient alert; non-verbal with confusion; 2-3 words spoken; patient unable to hold conversation; patient incontinent bowel bladder; 2 assist to broda chair; appetite varies needs encouragement to eat;

mechanical soft diet; feeds self after set up; requires cuing."  Government
Exhibit 326A at Active0010997.

177.   AseraCare's medical record for Caroline M. contains a notation
in the AseraCare hospice local coverage determination for Alzheimer's
disease and related disorders for the ninth benefit period (from August 12,
2009 to October 10, 2009) that lists the following in Caroline M.'s summary
of secondary conditions: "Hx [history] anxiety, hallucinations, cerebral
confusion, hx falls, poor coordination, poor safety judgment."  Government
Exhibit 326A at Active0010998.

178.   AseraCare's medical record for Caroline M. contains a notation
that Caroline M. had no recent impaired nutritional status, and specifically,
no "unintentional progressive weight loss of 10% over past six months," on
October 13, 2008 and again on April 2, 2009.  Government Exhibit 326A at
Active0011016, Active0011005.

### 19. Caron K.

179.   The objective facts in AseraCare's medical record for Caron K.
create a genuine issue of material fact about whether the documentation in
AseraCare's medical record for Caron K. supported a terminal prognosis of
six months or less to live if the illness ran its normal course for the period of
December 1, 2007, through August 19, 2008.  *See* Government Exhibit 327;

Trial Tr.at 2775:12-2776:1, 2779:25-2784:11, 2794:3-2808:14 (S. Liao testimony).

180.   AseraCare admitted Caron K. to hospice with an adult failure to thrive diagnosis.  Government Exhibit 327A at ACDISC091667.  Caron K. was admitted to hospice on July 27, 2007.  *Id.*

181.   AseraCare's medical record for does not support that Caron K. had irreversible impairments from December 1, 2007 until August 19, 2008. Government Exhibit 327; Trial Tr.at 2775:12-2776:1, 2779:25-2784:11, 2794:3-2808:14 (S. Liao testimony).

182.   AseraCare's medical record for Caron K. contains a document titled "Nursing Notes" with a notation dated July 5, 2007, that Caron K. was "UNCOOPERATIVE THIS SHIFT, REFUSED TO EAT COULD NOT GET HER TO TAKE ANY MEDS, VERY UNCOOPERATIVE, MD ORDER RECEIVED RESTART XANAX 5 MG Q."  Government Exhibit 327A at ACDISC091911.

183.   AseraCare's medical record for Caron K. contains a document titled "Hospice Medication Profile" dated July 27, 2007, which contains notations of the following medications:  "Seroquel 25 mg. Tab," "Zoloft 50 mg Tab," "Xanax 0.5 mg Tab," Xanax 0.5 mg Tab" and identified the

dosage and frequency for those medications.  Government Exhibit 327B at
ACDISC092140.

184.   AseraCare's medical record for Caron  K. contains notations
that Caron K. had intake of 64 percent at breakfast, 46 percent at lunch, and
75 percent at dinner on August 14, 2007, and that Caron K. weighed 99.2
lbs.  Government Exhibit 327A at ACDISC091737.

185.   AseraCare's medical record for Caron K. contains a document
titled "Nursing Notes" with a notation dated October 20, 2007, that Caron K.
was "ALERT WITH CONFUSION.  SHE REMAINS TOTALLY
DEPENDENT ON STAFF FOR ALL ASPECTS OF CARE.  CRYING
OUT WITH PAIN EARLY AM.  MEDICATED AS ORDERED WITH
GOOD RESULTS.  OUT OF BED TO W/C [wheel chair] LATER IN DAY.
WILL CONTINUE TO OBSERVE AND REPORT ANY CHANGES."
Government Exhibit 327A at ACDISC091911.

186.   AseraCare's medical record for Caron K. contains a notation
that Caron K. had intake of 75 percent to 100 percent at meals on November
15, 2007.  Government Exhibit 327A at ACDISC091737.

187.   AseraCare's medical record for Caron K. contains a document
titled "Nurses Notes" with a notation dated November 17, 2007, that Caron
K. was "ALERT WITH INCREASED CONFUSION, SHE CONTINUES

TO HAVE SEVERE PAIN IN KNEES AND HIP, USUALLY EARLY IN MORNING. AROUND NOON TIME SHE BECOMES AGITATED INSISTING SHE HAS TO GO HOME. BEING MEDICATED MORE FREQUENTLY FOR THIS PROBLEM, SHE IS FED HER MEALS AND HER APPETITE IS GOOD." Government Exhibit 327A at ACDISC091911.

188.   AseraCare's medical record for Caron K. contains a document titled "Nurses Notes" with a notation dated December 3, 2007, that Caron K. was "presently up in w/c [wheel chair] at this time with no voiced complaints of pain or discomforts at this time. Fentanyl patch continues without s/s [signs or symptoms] adverse reactions." Government Exhibit 327A at ACDISC091911.

189.   AseraCare's medical record for Caron K. contains a notation that Caron K. had intake of 75 percent to 100 percent at meals on May 2, 2008. Government Exhibit 327A at ACDISC091737.

190.   AseraCare's medical record for Caron K. contains a document titled "NURSING CLINICAL NOTE" dated May 16, 2008 with a notation that Caron K. weighed 106.4 pounds on May 4, 2008, and notations that Caron K. "is sitting in a wheelchair," Caron K. had "no wt [weight] loss over

past month," and that Caron K. "eats 50 to 75% of meals."  Government

Exhibit 327A at ACDISC091823.

191.   AseraCare's medical record for Caron K. contains a document

titled "INTERDISCIPLINARY PROGRESS NOTES GLC-Rome" dated

May 5, 2008, with a notation that Caron K. "is up daily into w/c [wheel

chair]," that she "participates well in volleyball and enjoys music activities,"

and that she is "[v]ery talkative some days, whereas others she is quieter."

Government Exhibit 327A at ACDISC091736.

192.   AseraCare's medical record for Caron K. contains a notation

that AseraCare discharged Caron K. for "extended prognosis" on August 19,

2008.  Government Exhibit 327A at ACDISC091663.

### 20. Catherine F.

193.   The objective facts in AseraCare's medical record for Catherine

F. create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for Catherine F.supported a terminal prognosis

of six months or less to live if the illness ran its normal course for the period

November 13, 2009 through May 21, 2011.  *See* Government Exhibit 328;

Trial Tr.at 2653:5 – 2661:18 (S. Liao Testimony).

194.   AseraCare's medical record for Catherine F. does not support

that Catherine F.'s nutritional impairment was irreversible and that

56

AseraCare failed to exclude reversible causes of her nutritional impairment for the period November 13, 2009 through May 21, 2011.  *See* Government Exhibit 328; Trial Tr.at 2653:5 – 2661:18 (S. Liao Testimony).

195.    AseraCare admitted Catherine F. to hospice in January 2009 with a diagnosis of adult failure to thrive.  *See* Government Exhibit 328A at ACDISC115904.

196.    AseraCare's medical record for Catherine F. contains a notation from a document dated January 5, 2009, that Catherine F. was ordered the medication Megestrol for the indication "Appetite" on October 25, 2008.  Government Exhibit 328A at ACDISC116233.

197.    AseraCare's medical record for Catherine F. contains a notation from a document dated March 5, 2009, that Catherine F. had a 16 pound weight gain.  *See* Government Exhibit 328A at ACDISC115967.

198.    AseraCare's medical record for Catherine F. contains a notation from a document dated March 5, 2009, that Catherine F. was wheelchair-to-bed bound.  *See* Government Exhibit 328A at ACDISC115967.

199.    AseraCare's medical record for Catherine F. contains a notation from a document titled "DISCHARGE SUMMARY" dated July 3, 2009, that Catherine F. "[a]t discharge has gained 16 lbs in 6 months.  Eats 100%

of meals with nurse or aide assist.  PPS – 50% now.  No UTIs in past 6 months.  BMI 21 now." *See* Government Exhibit 328A at ACDISC115901.

200.   AseraCare re-admitted Catherine F. to hospice on November 13, 2009 with a diagnosis of adult failure to thrive.  *See* Government Exhibit 328A at ACDISC116284.

201.   AseraCare's medical record for Catherine F. contains a notation from a document dated December 24, 2010, that Catherine F. was "[a]dmitted to hospice 11/09 after a 13 lb wt loss over 6 months.  Initially pt regained weight on Megace, but this med was stopped 6/10 and she has again lost weight, currently 91.8 pounds with BMI 16.7." *See* Government Exhibit 328A at ACDISC116284.

### 21. Celia B.

202.   The objective facts in AseraCare's medical record for Celia B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Celia B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period of her admission on July 3, 2009, through December 22, 2010.  *See* Government Exhibit 327; Trial Tr.at 2195:8- 2200:13 (S. Liao testimony).

203.   AseraCare admitted Celia B. to hospice with an adult failure to thrive diagnosis.  Government Exhibit 329A at ACDISC212228.

204.   AseraCare's medical record for Celia B. does not support that Celia B. had an irreversible functional impairment during her AseraCare hospice stay.  *See* Government Exhibit 327; Trial Tr.at 2195:8- 2200:13 (S. Liao testimony).

205.   AseraCare's medical record for Celia B. contained a document titled "Initial & Comprehensive Nursing Assessment" dated July 3, 2009, containing a notation that "she ambulates with her walker with slow gait & supervision."  Government Exhibit 329 at ACDISC212328.

206.   AseraCare's medical record for Celia B. contained a document titled "NURSING CLINICAL NOTE" dated December 24, 2009, with a notation that Celia B. was "up in chair in room reading."  Government Exhibit 329 at ACDISC212821.

207.   AseraCare's medical record for Celia B. contains a "Supplemental Order" dated December 23, 2009, with a notation "change Hospice Dx [diagnosis] from Adult Failure to Thrive to Colon CA [cancer]." Government Exhibit 329A at ACDISC212589.

208.   AseraCare's medical record for Celia B. does not support that Celia B. had end stage colon cancer during her AseraCare hospice stay.  *See* Government Exhibit 327; Trial Tr.at 2195:8- 2200:13 (S. Liao testimony).

209.   AseraCare's medical record for Celia B. contains a document titled "DETERMINING TERMINAL STATUS: Cancer Worksheet" dated October 13, 2010, with a notation "resection of bowel 8/22/07." Government Exhibit 329A at ACDISC212243.

210.   The document titled "DETERMINING TERMINAL STATUS: Cancer Worksheet" dated October 13, 2010, contained in AseraCare's medical record for Celia B. also contains notations that:  "CEA [tumor marker] 12.9 . . . CEA 4/10- 14.0, MD has declined any further CEA lab work -reports would not alter Dx [diagnosis]."  Government Exhibit 329A at ACDISC212243.

211.   AseraCare's medical record for Celia B. contains a document titled "Supplemental Order" dated December 22, 2010 with a notation "Discharge from hospice services as of 12 midnight 12/22/10 due to extended prognosis."  Government Exhibit 329A at ACDISC212514.

## 22. Dollie K.

212.   The objective facts in AseraCare's medical record for Dollie K. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Dollie K. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her

admission on February 22, 2010 through July 7, 2011.  *See* Government

Exhibit 330; Trial Tr.at 2510:4 – 2516:12 (S. Liao Testimony).

213.   AseraCare admitted Dollie K. to hospice with a heart failure

diagnosis.  Government Exhibit 330 at ACDISC127506.

214.   AseraCare's medical record for Dollie K. does not support that

Dollie K. was at the most advanced stage of heart disease (New York Heart

Association Class IV) during the relevant time period.  *See* Government

Exhibit 330; Trial Tr.at 2510:4 – 2516:12 (S. Liao Testimony).

215.   AseraCare's medical record for Dollie K. contains a document

titled "DRUG PROFILE AND INITIAL PHYSICIAN ORDER" dated

February 22, 2010 with a listing of 20 mg of Lasix daily.  Government

Exhibit 330C at ACDISC127542.

216.   AseraCare's medical record for Dollie K. contains a document

titled "Active Medication Profile Report" dated February 8, 2011 with a

listing of 20 mg of Furosemide (Lasix) daily for "fluid retention or reducing

swelling."  Government Exhibit 330C at ACDISC127588.

217.   AseraCare's medical record for Dollie K. contains a document

titled "Active Medication Profile Report" dated February 8, 2011 with a

listing of 6.25 mg (or ½ tablet) of Captopril daily "for high blood pressure."

Government Exhibit 330C at ACDISC127588.

218.   AseraCare's medical record for Dollie K. contains a document titled "Active Medication Profile Report" dated February 8, 2011 with a listing of .05 mg (or ½ tablet) of Fludrocortisone daily "for low blood pressure."  Government Exhibit 330C at ACDISC127589.

219.   AseraCare's medical record for Dollie K. contains a document titled "Active Medication Profile Report" dated February 8, 2011 with a listing of one tablet of aspirin daily "for the heart."  Government Exhibit 330C at ACDISC127590.

220.   AseraCare's medical records contain a notation that upon admission on February 22, 2010, Dollie K. was "very weak unable to transfer [with] assistance to steady gait."  Government Exhibit 330C at ACDISC128092.

221.   AseraCare's medical records contain a notation that on November 9, 2010, Dollie K. was "weak frail amb[ulates] in home with walker gait unsteady with poor endurance reg. rest and amb[ulates] 5-6 ft."  Government Exhibit 330C at ACDISC127905.

### 23. Donna W.

222.   The objective facts in AseraCare's medical record for Donna W. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Donna W. supported a terminal prognosis

of six months or less to live if the illness ran its normal course for the period July 1, 2007 through March 31, 2009.  *See* Government Exhibit 331; Trial Tr.at 1954:5-1965:10 (S. Liao testimony).

223.   AseraCare admitted Donna W. to hospice in March 2007 with a diagnosis of heart disease after she had a heart attack.  Government Exhibit 331A at Active0020553.

224.   AseraCare medical record for Donna W. does not support that Donna W. was being optimally treated for the most advanced stage of heart disease during the relevant time period.  *See* Government Exhibit 331; Trial Tr.at 1954:5-1965:10 (S. Liao testimony).

225.   AseraCare's medical record for Donna W. contains a notation in a medication report dated September 13, 2007 that Donna W. was taking a 40mg, generic form of the drug Lasix "as needed for edema."  Government Exhibit 331A at Active0021859.

226.   AseraCare's medical record for Donna W. contains a notation in a medication report dated September 13, 2007 that Donna W. was taking .4mg of Nitroglycerine "as-needed for chest pain."  Government Exhibit 331A at Active0021859.

227.   AseraCare's medical record for Donna W. contains a notation in a medication report dated September 13, 2007 that Donna W. was taking

325mg of aspirin "with onset of chest pain."  Government Exhibit 331A at Active0021859.

228.   AseraCare's medical record for Donna W. contains a medication report dated September 13, 2007 that does not list any ACE inhibitors, long-acting nitrates, or hydralazines for Donna W.  Government Exhibit 331A at Active0021859-021862.

229.   AseraCare's medical record for Donna W. contains a medication report dated May 8, 2008 that no longer lists Lasix.  Government Exhibit 331A at Active0021843 – 1845.

### 24. Dorothea R.

230.   The objective facts in AseraCare's medical record for Dorothea R. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Dorothea R. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period April 29, 2009 through October 15, 2011.  *See* Government Exhibit 332; Trial Tr.at 2371:15 – 2387:9.

231.   AseraCare admitted Dorothea R. to hospice on April 29, 2009 with a diagnosis of debility.  *See* Government Exhibit 332 at ACDISC102792.

232.   AseraCare's medical record for Dorothea R. contains a notation from a document dated December 13, 2010, that Dorothea R.'s hospice diagnosis was Alzheimer's Disease.  *See* Government Exhibit 332 at ACDISC103025.

233.   AseraCare's medical record for Dorothea R. does not support that Dorothea R. was a FAST 7 or had irreversible functional or nutritional impairments during the April 29, 2009 through October 15, 2011 time-period.  *See* Government Exhibit 332.

234.   AseraCare's medical record for Dorothea R. contains a notation from a document dated March 18, 2010 that she was "↑ in TSC playing Bingo."  *See* Government Exhibit 332 at ACDISC103773.

235.   AseraCare's medical record for Dorothea R. contains a notation from a document dated April 22, 2010 that Dorothea R. was "up in chair." *See* Government Exhibit 332 at ACDISC103726.

236.   AseraCare's medical record for Dorothea R. contains a notation from a document dated April 16, 2010, that "Dorothea was in the hallway coloring when I arrived.  We took a walk outside and spent the majority of the time out there because it was so beautiful outside.  She really seemed to enjoy it and talked about her time in Hawaii.  It was a little windy and she

said she like to feel the wind as long as there wasn't going to be a storm."
*See* Government Exhibit 332B at ACDISC104858.

237.   AseraCare's medical record for Dorothea R. contains a notation from a document dated September 22, 2010, that Dorothea R.'s BMI was 23.8.  *See* Government Exhibit 332B at ACDISC103620.

238.   AseraCare's medical record for Dorothea R. contains a notation in a document dated September 22, 2010, that Dorothea R. was up in a broda chair "in hallway doing puzzle."  *See* Government Exhibit 332B at ACDISC103622.

239.   AseraCare's medical record for Dorothea R. contains a notation in a document dated March 29, 2011 that Dorothea R. was more verbal and present with activities.  *See* Government Exhibit 332B at ACDISC103514.

240.   AseraCare's medical record for Dorothea R. contains notations in a document dated June 22, 2011 that Dorothea R.'s cognitive decision making was "moderately impaired" and Dorothea R. continues "to go to some group activities, such as small group activities and does appear to enjoy the activity and participated in the activity.  Does attend some larger group activities such as church, music, parties.  Resident does sit up at nurses station at times with her table in front of her and her activity items

66

such as her crayons and coloring books and will sit and color." *See* Government Exhibit 332B at ACDISC104297.

241.   AseraCare's medical record for Dorothea R. contains notations in a document dated July 20, 2011 that Dorothea R. was "up in dining room [and] [h]as just been involved in Bible study this am. Says she is sleepy and dozes off during assessment." *See* Government Exhibit 332B at ACDISC103428.

### 25.  Dorothy V.

242.   The objective facts in AseraCare's  medical record for Dorothy V. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Dorothy V. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period October 1, 2009 through November 19, 2010.  *See* Government Exhibit 334; Trial Tr.at 2584:18 – 2599:1; 2620:13 – 2628:8 (S. Liao Testimony).

243.   AseraCare admitted Dorothy V. to hospice on June 3, 2009, with a diagnosis of adult failure to thrive.  *See* Government Exhibit 334C at ACDISC166677.

244.   AseraCare's medical record for Dorothy V. does not support that Dorothy V. had irreversible functional or nutritional impairment for the period October 1, 2009 through November 19, 2010.  *See* Government Exhibit 334; Trial Tr.at 2584:18 – 2599:1; 2620:13 – 2628:8 (S. Liao Testimony).

245.   AseraCare's medical record for Dorothy V. contains a notation in a document dated September 1, 2009, that Dorothy V. "had documented weight gain of 7.6 lbs in 1 month.  Wt. 97.6."  *See* Government Exhibit 334C at ACDISC166760.

246.   AseraCare's medical record for Dorothy V. contains notations in a document dated October 21, 2009 that Dorothy V. had a BMI of 19.3, "fair appetite," "no wheelchair, self propels," and "wt gain 3 mo." *See* Government Exhibit 334B at ACDISC166748.

247.   AseraCare's medical record for Dorothy V. contains a notation in a document dated October 29, 2009, that Dorothy V. was "in wheelchair with lap buddy, rolling all over facility." *See* Government Exhibit 334B at ACDISC167461.

248.   AseraCare's medical record for Dorothy V. contains a notation in a document dated November 4, 2009, that Dorothy V. "wanders about

facility in [wheelchair]" and "[c]urrent weight is 104, a 1.4 lb weight gain in 1 mo." *See* Government Exhibit 334C at ACDISC166893.

249.   AseraCare's medical record for Dorothy V. contains a notation in a document dated December 16, 2009, that Dorothy V. "weighs 106 was 104, rolls in wheelchair [with] lapbuddy." *See* Government Exhibit 334C at ACDISC166886.

250.   AseraCare's medical record for Dorothy V. contains notations in a document dated December 16, 2009, that Dorothy V. was "Doing well, Active in NH" and "D/C planning." *See* Government Exhibit 334C at ACDISC166745-46.

251.   AseraCare's medical record for Dorothy V. contains notations in a document dated February 24, 2010, that Dorothy V. had a Palliative Performance Scale score of 50%, that her weight was 105.2 pounds, and that Dorothy V.'s lap buddy was removed.  *See* Government Exhibit 334C at ACDISC166743-44.

252.   AseraCare's medical record for Dorothy V. contains notations in a document dated November 22, 2010, that Dorothy V. was discharged from hospice and the reason for her discharge was for "eligibility."  *See* Government Exhibit 334B at ACDISC166678.

### 26. Dorothy S.

253.   The objective facts in AseraCare's medical record for Dorothy S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Dorothy S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her admission to hospice on June 8, 2009 throughAugust 1, 2010.  *See* Government Exhibit 333; Trial Tr.at 2158:8-2165:20 (S. Liao testimony).

254.   AseraCare admitted Dorothy S. to hospice with a debility diagnosis.  Government Exhibit 333 at ACDISC108606.

255.   AseraCare's medical record for Dorothy S. does not support that Dorothy S. had irreversible nutritional or functional impairment apart from her recent left hip fracture and surgery during her AseraCare hospice stay from June 8, 2009 through August 1, 2010.  Government Exhibit 333; Trial Tr.at 2158:8-2165:20 (S. Liao testimony).

256.   AseraCare's medical record for Dorothy S. contains a document titled "History and Physical" dated June 2, 2009 from Riverview Hospital containing notations that Dorothy S. "forgot that she is unable to walk without assistance and got up from her bed to help her roommate yesterday and she fell and sustained the left hip fracture.  Ironically a year and a half ago she did the same on the right side that required intramedullary nailing. She has done well since that surgery," that she "has no chronic illnesses or

70

underlying neoplastic processes at this time," that "PAST MEDICAL HISTORY: Significant for the previous right hip fracture.  According to the daughter there have been no acute changes in her overall life," and that "she is ideal body weight."  Government Exhibit 333A at ACDISC108712.

257.   The "History and Physical" dated June 2, 2009 from Riverview Hospital contained in AseraCare's medical record for Dorothy S. also contained a notation of a "PLANNED OPERATIVE PROCEDURE:  Open reduction internal fixation of intertrochanteric femur fracture left hip with locked intramedullary nail."  Government Exhibit 333A at ACDISC108712.

258.   AseraCare's medical record for Dorothy S. contains a document dated June 10, 2009, titled "AseraCare Nutrition Assessment" with notations that Dorothy S.'s "IBW [ideal body weight] Range" is 103-127 lbs. and that her weight "went from 111 to 117 [lbs.] since hosp. [hospitalization]." Government Exhibit 333 at ACDISC108888.

259.   AseraCare's medical record for Dorothy S. contains a document titled "Nursing Clinical Note" dated January 28, 2010 with notations, of Dorothy S.'s weight being 110.8 and that she was "sitting up in geri chair." Government Exhibit 333 at ACDISC109191.

260.   AseraCare's medical record for Dorothy S. contains a document titled "Nursing Clinical Note" dated August 1, 2010 with a notation that her

most recent weight is 107.9 lbs.  Government Exhibit 333 at
ACDISC108614.

## 27. Edith T.

261.   The objective facts in AseraCare's medical record for Edith T.
create a genuine issue of material fact about whether the documentation in
AseraCare's  medical record for Edith T. supported a terminal prognosis of
six months or less to live if the illness ran its normal course from her
admission on March 5, 2008 through March 31, 2009.  *See* Government
Exhibit 335; Trial Tr.at 2501:15 – 2504:13, 2507:12 – 2510:3 (S. Liao
Testimony).

262.   AseraCare admitted Edith T. to hospice with a heart failure
diagnosis.  Government Exhibit 335 at ACDISC115184.

263.   AseraCare's medical record for Edith T. does not support that
Edith T. was at the most advanced stage of heart disease (New York Heart
Association Class IV) or being optimally treated for heart failure during the
relevant time period.  *See* Government Exhibit 335; Trial Tr.at 2501:15 –
2504:13, 2507:12 – 2510:3 (S. Liao Testimony).

264.   AseraCare's medical record for Edith T. contains a document
titled "Medication Summary Report" dated February 18, 2008 that does not

list any medication to treat heart failure.  Government Exhibit 335C at
ACDISC115790.

265.   AseraCare's medical record for Edith T. contains a document
titled "RECERTICATION PHYSICIAN ORDERS/MEDICATION
PROFILE" for the certification period December 30, 2008 through February
27, 2009 that does not list any medication to treat heart failure.  *See*
Government Exhibit 335C at ACDISC115780 – 82.

266.   AseraCare's medical record for Edith T. contains a notation in a
document titled "Hospice Local Coverage Determination – Heart Disease"
signed July 31, 2008 for the benefit period from September 1, 2008 to
October 30, 2008 that Edith T. did not meet the criteria of "patient is already
optimally treated with diuretics and vasodilators, which may include
angiotensin-converting enzymes (ACE) inhibitors or the combination of
hydralazine and nitrates."  Government Exhibit 335C at ACDISC115292.

267.   AseraCare's medical record for Edith T. contains a document
titled "Hospice Local Coverage Determination Cardiopulmonary" for the
benefit period from October 31, 2008 to December 29, 2008, and dated
October 12, 2008, in which the following hospice local coverage
determination cardiopulmonary criteria for cardiovascular and respiratory
systems was not checked as documented for Edith T. including, "Heart

73

functions," "Sensations related, e.g., tightness in chest, angina at rest,"

"Patient optimally treated with diuretics and vasodilators," "Documentation

of ejection fraction of less than 20%," "Unable to carry on any physical

activity without symptoms," and "symptoms present at rest" under New

York Heart Association Class IV, "Disabling dyspnea at rest," "Poorly or

unresponsive to bronchodilators," "Recurrent URI," and "Sleep functions."

The only criteria checked as documented for functions of the cardiovascular

and respiratory systems was "symptoms increase with any physical activity."

*See* Government Exhibit 335C at ACDISC115288, ACDISC115291.

268.   AseraCare's medical record for Edith T. contains a document

titled "Hospice Local Coverage Determination Cardiopulmonary" for the

benefit period from December 30, 2008 to February 27, 2009 and dated

December 3, 2009, in which the following hospice local coverage

determination cardiopulmonary criteria for cardiovascular and respiratory

systems was not checked as documented for Edith T. including, "Heart

functions," "Patient optimally treated with diuretics and vasodilators,"

"Documentation of ejection fraction of less than 20%," "Symptoms present

at rest" under New York Heart Association Class IV, "Disabling dyspnea at

rest," "Poorly or unresponsive to bronchodilators," "Recurrent URI," and

"Sleep functions."  Government Exhibit 335C at ACDISC115283.

269.    AseraCare's medical records contain a notation that Edith T. was discharged with an extended prognosis on July 2, 2009.  Government Exhibit 335 at ACDISC115185.

### 28. Edward O.

270.    The objective facts in AseraCare's medical record for Edward O. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Edward O. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period May 15, 2007 through July 1, 2008.  *See* Government Exhibit 336; Trial Tr.at 1916:11-1920:24 (S. Liao testimony).

271.    AseraCare admitted Edward O. to hospice with a diagnosis of heart disease.  Government Exhibit 336A at Archived0009915.

272.    AseraCare's medical record for Edward O. does not support that Edward O. was at the most advanced stage of his heart disease (New York Heart Association Class IV) during the relevant time period.  *See* Government Exhibit 336; Trial Tr.at 1916:11-1920:24 (S. Liao testimony).

273.    AseraCare's medical record for Edward O. contains a notation in a reassessment for ongoing eligibility dated November 11, 2007 that Edward O. "ambulates to the dining room for meals."  Government Exhibit 336A at Archived 0009967.

274.   AseraCare's medical record for Edward O. contains a notation that in a reassessment for ongoing eligibility dated January 11, 2008 that Edward O. "[h]as been stable although episodes of vomiting ? cardiac related – has O2 [oxygen] 2L PRN [as needed] for SOB [shortness of breath]; able to ambulate to dining room, SOB; O2 sat[uration] 92%." Government Exhibit 336A at Archived0009962.

275.   AseraCare's medical record for Edward O. contains a notation in a reassessment for ongoing eligibility dated March 2008 that O. "[h]as not needed O2," "has periods of vomiting due to GERD [gastroesophageal reflux disease]," "expresses no chest pain or SOB," and "OOB [out of bed] ambulated to dining room for eating."  Government Exhibit 336A at Archived0009957.

276.   Edward O. was discharged from hospice on July 1, 2008 and transferred to a psychiatry unit.  Government Exhibit 336A at Archived0009894.

## 29. Elbert D.

277.   The objective facts in AseraCare's medical record for Elbert D. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Elbert D. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

March 14, 2007 through May 22, 2008.  *See* Government Exhibit 337; Trial

Tr.at 2420:3 – 2429:11 (S Liao Testimony).

278.    AseraCare admitted Elbert D. to hospice on March 14, 2007

with a diagnosis of adult failure to thrive.  *See* Government Exhibit 337 at

ACDISC077720, ACDISC077766.

279.    AseraCare's medical record for Elbert D. does not support that

Elbert D. had irreversible functional or nutritional status impairment during

the relevant time period.  *See* Government Exhibit 337; Trial Tr.at 2420:3 –

2429:11 (S Liao Testimony).

280.    AseraCare's medical record for Elbert D. contains notations in a

document dated March 15, 2007, that Elbert D. "[a]mbulates [with] cane,

slightly un-steady." *See* Government Exhibit 337B at ACDISC077847.

281.    AseraCare's medical record for Elbert D. contains a document

dated September 7, 2007, titled "Hospice Local Coverage Determination

Adult Failure to Thrive."  *See* Government Exhibit 337B at

ACDISC077771-73.  The document contains a notation (in the form of a

check mark) indicating that Elbert D. did not meet the criteria of having

declining enteral or parenteral nutritional support.  *See* Government Exhibit

337B at ACDISC077771

282.   AseraCare's medical record for Elbert D. contains a document dated November 6, 2007, titled "Hospice Local Coverage Determination Adult Failure to Thrive."  *See* Government Exhibit 337B at ACDISC077774-76.  The document contains a notation (in the form of a check mark) indicating that Elbert D. did not meet the criteria of having declining enteral or parenteral nutritional support.  *See* Government Exhibit 337B at ACDISC077774.

283.   AseraCare's medical record for Elbert D. contains a document dated January 4, 2008, titled "Hospice Local Coverage Determination Adult Failure to Thrive."  *See* Government Exhibit 337B at ACDISC077777-79. The document contains a notation (in the form of a check mark) indicating that Elbert D. did not meet the criteria of having declining enteral or parenteral nutritional support.  *See* Government Exhibit 337B at ACDISC077777.

284.   AseraCare's medical record for Elbert D. contains a document entitled "Supplemental Order" dated March 26, 2008 with the notation that Elbert D.'s hospice diagnosis was changed to "end stage cardiac/CHF [with] comorbidity of failure to thrive."  *See* Government Exhibit 337 at ACDISC077761.

285.   AseraCare's medical record for Elbert D. does not support that Elbert D. was at the most advanced stage of his heart failure during the relevant period.  *See* Government Exhibit 337; Trial Tr.at 2420:3 – 2429:11 (S Liao Testimony).

286.   AseraCare's medical record for Elbert D. contains a document dated March 5, 2008, titled "Hospice Local Coverage Determination Heart Disease."  *See* Government Exhibit 337B at ACDISC077780-82.  Under the heading, "The patient has significant symptoms of recurrent congestive heart failure (CHF) at rest, and is classified as a New York Heart Association (NYHA) Class IV," the document contains a notation (in the form of a check mark) indicating that Elbert D. did not meet the criteria of having symptoms present even at rest.  *See* Government Exhibit 337B at ACDISC077780.

### 30. Eleanor S.

287.   The objective facts in AseraCare's medical record for Eleanor S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Eleanor S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period January 24, 2007 through January 25, 2008.  *See* Government Exhibit 338; Trial Tr. at 1927:4-1933:18 (S. Liao testimony).

79

288.   AseraCare admitted Eleanor S. to hospice with a diagnosis of heart failure.  Government Exhibit 338A at ACDISC119206.

289.   AseraCare's medical record for Eleanor S. does not support that Eleanor S. was at the most advanced stage of her heart disease (New York Heart Association Class IV) or being optimally treated for heart disease during the relevant time period.  *See* Government Exhibit 338; Trial Tr. at 1927:4-1933:18 (S. Liao testimony).

290.   AseraCare's medical record for Eleanor S. contains a notation in a medication listing on an interdisciplinary team initial plan of care dated January 24, 2007 that Eleanor S.'s only heart failure medication was 40mg of Lasix and did not list any ACE inhibitors or hydralazines.  Government Exhibit 338A at ACDISC118921.

291.   AseraCare's medical record for Eleanor S. contains a notation in a nursing assessment dated January 24, 2007 that Eleanor S. did not have palpitations/chest pain, orthostatic hypotension, or edema.  Government Exhibit 338A at ACDISC119207.

292.   AseraCare's medical record for Eleanor S. contains a notation that Eleanor S. did not have barrel chest, orthopnea, shortness of breath, hemoptysis, or cyanosis.  Government Exhibit 338A at ACDISC119207.

293.   AseraCare's medical record for Eleanor S. contains a notation that Eleanor S. did not use oxygen and was not ventilator dependent. Government Exhibit 338A at ACDISC119207.

294.   AseraCare's medical record for Eleanor S. contains a notation in an AseraCare hospice local coverage determination for heart disease chart dated January 7, 2008 that Eleanor S. did not have symptoms present at rest but was "SOB [short of breath] with minimal exertion."  Government Exhibit 338A at ACDISC119250 - 9251.

### 31. Elizabeth B.

295.   The objective facts in AseraCare's medical record for Elizabeth B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Elizabeth B. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on November 20, 2007 through August 31, 2008.  *See* Government Exhibit 339; Trial Tr. at 2854:19 – 2869:18 (S. Liao Testimony).

296.   AseraCare admitted Elizabeth B. to hospice with an Alzheimer's diagnosis.  Government Exhibit 339A at ACDISC136595.

81

297.   AseraCare's medical record for Elizabeth B. does not support that Elizabeth B. was a FAST 7 but does support that her impairments were due to her psychiatric condition during the relevant time period.  *See* Government Exhibit 339; Trial Tr. at 2854:19 – 2869:18 (S. Liao Testimony).

298.   AseraCare's medical record for Elizabeth B. contains a notation that Elizabeth B. was admitted to the hospital on November 13, 2007 for a chief complaint of altered mental status and possible jaundice.  Government Exhibit 339A at ACDISC136765.

299.   AseraCare's medical record for Elizabeth B. contains a document titled "HISTORY AND PHYSICAL EXAMINATION" dated November 13, 2007 in connection with her hospital admission that contained a listing of Elizabeth B.'s past medical history and did not include a reference to Alzheimer's disease.  Government Exhibit 339A at ACDISC136765.

300.   AseraCare's medical record for Elizabeth B. contains a document titled "HISTORY AND PHYSICAL EXAMINATION" dated November 13, 2007 in connection with her hospital admission listing Elizabeth B.'s current medications as including 10 mg of Aricept daily and

.5 mg of Risperdal daily in the morning and 1.5 mg at nighttime.

Government Exhibit 339A at ACDISC136765.

301.   AseraCare's medical record for Elizabeth B. contains a
document titled "HISTORY AND PHYSICAL EXAMINATION" dated
November 13, 2007 in connection with her hospital admission containing a
notation that Elizabeth B. had an altered mental status with the etiology (or
cause) unclear and a notation that the plan includes "consult psych."
Government Exhibit 339A at ACDISC136766.

302.   AseraCare's medical record for Elizabeth B. contains a notation
in a document titled "Reassessment for Ongoing Eligibility" dated January
14, 2008 that Elizabeth B. "was awake yesterday [and] talking appropriately
at times, usual is confused.  Discussed med. regime [with] DTR [daughter].
DTR has concerns fentanyl patch may be making pt. sleepy.  Pt's pain level
seems to vary, pt has chronic issues [with] pain [and] also [with]
behavior/emotional issues r/t disease process."  Government Exhibit 339A at
ACDISC136828.

303.   AseraCare's medical record for Elizabeth B. contains a notation
in a document titled "Supplemental Order" dated December 14, 2007 about
Elizabeth B. stating "spoke to MD about behavior issues and Dtr's desire to
try different med for better control."  The order also states "[discontinue]

83

Risperdal, Seroquel 12.5 mg PO BID [orally twice a day]."  Government Exhibit 339B at ACDISC136755.

304.   AseraCare's medical record for Elizabeth B. contains an AseraCare hospice fax transmittal cover page to Dr. Ong dated March 14, 2008 with a notation that "I am requesting Xanax 0.25 mg PRN which the DTR plans to use sparingly, but pt. is <u>extremely</u> combative during bathing + dressing."  Government Exhibit 339B at ACDISC136751.

### 32. Elizabeth K.

305.   The objective facts in AseraCare's medical record for Elizabeth K. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Elizabeth K. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period January 28, 2010 through March 28, 2011.  *See* Government Exhibit 340; Trial Tr. at 1801:5-1816:2 (S. Liao testimony).

306.   AseraCare admitted Elizabeth K. to hospice with a diagnosis of dementia.  Government Exhibit 340A at ACDISC085123.

307.   AseraCare's medical record for Elizabeth K. does not support that Elizabeth K. had a significant comorbidity or secondary condition or was a FAST [Functional Assessment Staging Tool] 7 during the relevant

84

time period.   *See* Government Exhibit 340; Trial Tr. at 1801:5-1816:2 (S.

Liao testimony).

308.   AseraCare's medical record for Elizabeth K. contains a notation

in the Certification of Terminal Illness signed by a physician on February 2,

2010 that Elizabeth K. did not have any secondary complications.

Government Exhibit 340A at ACDISC085123.

309.   AseraCare's medical record for Elizabeth K. contains a notation

in the Certification of Terminal Illness signed by a physician on February 2,

2010 that lists two comorbid conditions for Elizabeth K. including

hypertension and diabetes type 2.  Government Exhibit 340A at

ACDISC085123.

310.   Elizabeth K's AseraCare medical record contains a notation in a

practitioner progress note dated March 23, 2011 listing diabetes as a

secondary condition and weight loss and back pain as comorbidities for

Elizabeth K.  Government Exhibit 340 at ACDISC085139.

311.   AseraCare's medical record for Elizabeth K. contains a notation

in a volunteer note dated November 2, 2010 that Elizabeth K. "was in good

spirits today, very talkative."  Government's Exhibit 340A at

ACDISC085994.

### 33. Elsin K.

312.   The objective facts in AseraCare's medical record for Elsin K. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Elsin K. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period January 15, 2007 through June 8, 2008.  *See* Defendant Exhibit 559; Trial Tr. at 1405:21 – 1425:19, 1427:19 – 1437:17, 1439:12 - 1440:1 (S. Liao testimony).

313.   AseraCare admitted Elsin K. to hospice with a debility diagnosis.  *See* Government Exhibit 341A at Archived0012936.

314.   AseraCare's medical record for Elsin K. does not support that Elsin K. had an irreversible progression of functional or nutritional impairment during the relevant time period.  *See* Defendant Exhibit 559; Trial Tr. at 1405:21 – 1425:19, 1427:19 – 1437:17, 1439:12 - 1440:1 (S. Liao testimony).

315.   AseraCare's medical record for Elsin K. contains a notation in a General Medical Guidelines for Determining Prognosis document for the first benefit period and dated January 15, 2007 that Elsin K. was "mostly bedbound r/t [due to] multiple complications of left hip replacement past 15 years."  Government Exhibit 341A at Archived0012973.

316.   AseraCare's medical record for Elsin K. contains a notation in a General Medical Guidelines for Determining Prognosis document dated January 15, 2007 that Elsin K.'s score under the Palliative Performance Scale was recorded as 50 percent.  Government Exhibit 341A at Archived0012973.

317.   AseraCare's medical record for Elsin K. contains a notation in a General Medical Guidelines for Determining Prognosis document for the second benefit period (April 15, 2007 to July 13, 2007) that Elsin K. "can only tolerate very short periods OOB [out of bed]."  Government Exhibit 341A at Archived0012972.

318.   AseraCare's medical record for Elsin K. contains a notation in a General Medical Guidelines for Determining Prognosis document for the third benefit period, dated July 2, 2007, that Elsin K. "continues with chronic wounds MRSA + left hip."  *See* Government Exhibit 341A at Archived0012969.

319.   AseraCare's medical record for Elsin K. contains a notation in a General Medical Guidelines for Determining Prognosis document for the seventh benefit period, dated February 27, 2008, that Elsin K. "feeds self – prepare tray."  *See* Government Exhibit 341A at Archived0012959.

320.    AseraCare's medical record for Elsin K. contains a notation in a General Medical Guidelines for Determining Prognosis document for the eighth benefit period, dated May 1, 2008, that Elsin K's score under the Palliative Performance Scale was 50 percent.  *See* Government Exhibit 341A at Archived0012957.

321.    AseraCare's medical record for Elsin K. contains notations that Elsin K.'s weight from January 2006 to December 2006 ranged from 190 pounds to approximately 150 pounds.  *See* Government Exhibit 341A at Archived0013211.

322.    AseraCare's medical record for Elsin K. contain notations that Elsin K.'s weight was 154 pounds on February 1, 2007; 175 pounds on February 5, 2008; and 220 pounds on June 15, 2008.  *See* Government Exhibit 341A at Archived0014099.

323.    AseraCare's medical record for Elsin K. contains notations that Elsin K. had no "unintentional progressive weight loss of 10% over the past six months" on September 6, 2007; October 29, 2007; December 26, 2007; February 27, 2008; and May 1, 2008.  *See* Government Exhibit 341A at Archived0012965; Archived0012963; Archived0012961; Archived0012959; Archived0012957.

### 34. Esther A.

324.   The objective facts in AseraCare's medical record for Esther A. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Esther A. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period October 1, 2010 through January 14, 2011.  *See* Government Exhibit 342; Trial Tr. at 2570:18-2579:21 (S. Liao testimony).

325.   AseraCare admitted Esther A. to hospice with a diagnosis of dementia.  Government Exhibit 342A at ACDISC129742.

326.   AseraCare changed Esther A.'s diagnosis to debility in September 2010.  Government Exhibit 342A at ACDISC129739.

327.   AseraCare's medical record for Esther A. does not support that Esther A. was a FAST 7 or had an irreversible progression of nutritional impairment.  *See* Government Exhibit 342; Trial Tr. at 2570:18-2579:21 (S. Liao testimony).

328.   AseraCare's medical record for Esther A. contains a notation in a Certification of Terminal Illness signed by a physician on September 8, 2010 that Esther A. was "able to verbalize although functionally improving," and was a FAST 6E.  Government Exhibit 342A at ACDISC129801.

329.   AseraCare's medical record for Esther A. contains a notation in a "Determining Terminal Status: Decline in Clinical Status Worksheet,"

89

dated December 15, 2010 that Esther A. was still a FAST 6e.  Government Exhibit 342 at ACDISC129796.

330.   AseraCare's medical record for Esther A. contains a notation that Esther A. weighed 102 pounds on March 11, 2010; 102.6 pounds on June 15, 2010; and 115.4 pounds on September 2, 2010.  Government Exhibit 342A at ACDISC129858.

331.   AseraCare's medical record for Esther A. contains a notation that Esther A. weighed 110 pounds on October 8, 2010; 109 pounds on November 8, 2010; and 109.4 pounds on December 7, 2010.  Government Exhibit 342 at ACDISC129796.

## 35. Evelyn B.

332.   The objective facts in AseraCare's medical record for Evelyn B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Evelyn B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 25, 2009 through April 16, 2011.  *See* Government Exhibit 343; Trial Tr. at 2257:16-2261:11 (S. Liao testimony).

333.   AseraCare admitted Evelyn B. to hospice with a diagnosis of debility.  Government Exhibit 343A at ACDISC202876.

334.   AseraCare's medical record for Evelyn B. does not support that Evelyn B. had an irreversible progression of nutritional or functional impairment.  *See* Government Exhibit 343; Trial Tr. at 2257:16-2261:11 (S. Liao testimony).

335.   AseraCare's medical record for Evelyn B. contains a notation in an initial dietary assessment that Evelyn B's ideal body weight was 115 pounds and that upon admission, she weighed 114.2 pounds with a BMI of 20.2.  Government Exhibit 343 at ACDISC201562.

336.   AseraCare's medical record for Evelyn B. contains a notation that Evelyn B.'s weight was 140.8 pounds and her BMI was 24 on October 5, 2009.  Government's Exhibit 343 at ACDISC202978.

337.   AseraCare's medical record for Evelyn B. contains a notation that Evelyn B.'s weight was 141.8 pounds and her BMI was 25.1 on January 31, 2011.  Government's Exhibit 343 at ACDISC202978.

338.   AseraCare's medical record for Evelyn B. contains a notation in a Recertification of Terminal Illness Attestation for Hospice Medical Directors signed by the physician on September 16, 2009 that Evelyn B.

"can still walk short distances with her walker."  Government Exhibit 343A at ACDISC202876.

339.   AseraCare's medical record for Evelyn B. contains a notation in a Certification of Terminal Illness signed on June 23, 2010 that Evelyn B. had an "unsteady gait."   Government Exhibit 343A at ACDISC201585.

340.   AseraCare's medical record for Evelyn B. contains a notation in a Recertification of Terminal Illness Attestation for Hospice Medical Directors signed on April 10, 2011 that Evelyn B. had "unsteady gait but strength is stable . . .  no longer meets the criteria for hospice dx." Government Exhibit 343A at ACDISC201537.

341.   AseraCare's medical record for Evelyn B. contains a notation that Evelyn B. was discharged for "eligibility" reasons on April 16, 2011. Government Exhibit 343 at ACDISC201494.

### 36. Faye A.

342.   The objective facts in AseraCare's medical record for Faye A. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Faye A. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

November 19, 2009 through March 14, 2011.  *See* Government Exhibit 344;
Trial Tr. at 1669:18 -1681:6 (S. Liao testimony).

343.   AseraCare admitted Faye A. to hospice with an Alzheimer's
disease diagnosis.  *See* Government Exhibit 344A at ACDISC124814.

344.   AseraCare's medical record for Faye A. does not support that
Faye A. was a Functional Assessment Staging Tool (FAST) 7 during the
relevant time period.  *See* Government Exhibit 344; Trial Tr. at 1669:18 -
1681:6 (S. Liao testimony).

345.   AseraCare's medical record for Faye A. contains a notation in
an assisted living facility progress note that on November 9, 2009 Faye A.
was capable of "[h]aving verbal conversations with [an] individual near her"
and "[f]requently answers questions appropriately."  Government Exhibit
344A at ACDISC124433.

346.   AseraCare's medical record for Faye A. contains notations in an
assisted living facility progress that on May 4, 2010, Faye A. "makes simple
choices, and identifies familiar items, and family…enjoys talking to others[;]
jokes, smiles, laughs, during interactions…[e]njoyed taking, joking about
birthday, refreshments, gift of blouse . . . is active in hospice services [and]
catches and returns balls, follows simple directions."  Government Exhibit
344A at ACDISC124372.

347.    AseraCare's medical record for Faye A. contains a notation in a psychosocial/spiritual note that on January 7, 2011,  Faye A. "talked about her family's visits and the sight, the feel, and the travel complications of snow and she made reference to the difficulty of get[ting] around when it snows. [Faye A.] is still clear in her speech."  Government Exhibit 344A at ACDISC124326.

348.    AseraCare's medical records contain a notation in a practitioner progress note dated February 18, 2011 that Faye A. was "no longer declining in current diagnosis.  [Faye A.] is able to speak intelligibly although for brief period of time."  Government Exhibit 344 at ACDISC124873.

349.    AseraCare's medical records contain a notation that Faye A. was discharged on March 14, 2011 for extended prognosis.  Government Exhibit 344A at ACDISC125361.


### 37. Frances U.

350.    The objective facts in AseraCare's medical record for Frances U. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Frances U. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

October 13, 2010 through January 31, 2012.  *See* Government Exhibit 345;

Trial Tr. at 1797:21-1801:4 (S. Liao testimony).

351.   AseraCare admitted Frances U. to hospice with a diagnosis of

dementia.  Government Exhibit 345A at ACDISC069694.

352.   AseraCare's medical record for Frances U. does not support

that Frances U. had any significant comorbid or secondary conditions during

the relevant time period.   *See* Government Exhibit 345; Trial Tr. at 1797:21-

1801:4 (S. Liao testimony).

353.   AseraCare's medical record for Frances U. contains notations in

a Certification of Terminal Illness signed by a physician on October 20,

2010 that lists failure to thrive as a secondary complication and bipolar

disorder and OCD [obsessive compulsive disorder] as comorbid conditions

for Frances U.   Government Exhibit 345 at ACDISC069738.

354.   AseraCare's medical record for Frances U. contains a notation

in a physician progress note dated December 3, 2011 that does not list any

comorbid or secondary conditions for Frances U.  Government Exhibit 345

at ACDISC069735.

355.   AseraCare's medical record for Frances U. contains a notation

that Frances U.'s weight in October 2010 was 118 pounds and on December

2, 2010 was 109 pounds.  Government Exhibit 345 at ACDISC069943.

356.   AseraCare's medical record for Frances U. contains a notation that Frances U.'s weight in April 2011 was 118 pounds.  Government Exhibit 345 at ACDISC069898.

357.   AseraCare's medical record for Frances U. contains a notation in a nursing clinical note dated February 4, 2011 that Frances U.'s son "realistic -states she's been this way (severe dementia) for 7 years!" Government Exhibit 345A at ACDISC070024.

358.   AseraCare's medical record for Frances U. contains a notation in a hospice certification of terminal illness signed by hospice physician on January 31, 2012 that Frances U. "is showing improvement.  Cognitively she is talking more.  Nutritionally she is eating better and has gained 5 lbs. . . . She is chronically ill, but is no longer hospice appropriate."  Government Exhibit 345 at ACDISC069724.

359.   AseraCare's medical record for Frances U. contains a notation that Frances U. was discharged with extended prognosis on February 2, 2012.  Government's Exhibit 345A at ACDISC069701.

### 38. Georgia M.

360.   The objective facts in AseraCare 's medical record for Georgia M. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Georgia M. supported a terminal

96

prognosis of six months or less to live if the illness ran its normal course for the period November 1, 2008 through March 31, 2009.  *See* Government Exhibit 346; Trial Tr.at 2629:6 – 2634:1 (S. Liao Testimony).

361.   AseraCare admitted Georgia M. to hospice with an adult failure to thrive diagnosis on January 7, 2008.  Government Exhibit 346A at Active0003015.

362.   AseraCare's medical record for Georgia M. does not support that Georgia M. had irreversible nutritional impairment during the November 1, 2008 through March 31, 2009 time period.  *See* Government Exhibit 346; Trial Tr.at 2629:6 – 2634:1 (S. Liao Testimony).

363.   AseraCare's medical record for Georgia M. contains notations in an annual weight and vital sign record that Georgia M.'s weight on January 1, 2008 was 90.96 and was 88.92 pounds on January 7, 2008. Government Exhibit 346A at Active0003949.

364.   AseraCare's medical record for Georgia M. contains notations in an annual weight and vital sign record that Georgia M.'s weight between February and October of 2008 was between 85 and 92 pounds.  Government Exhibit 346A at Active0003949.

365.   AseraCare's medical record for Georgia M. contains notations in annual weight and vital sign records that Georgia M.'s weight beginning

in November 2008 went from 94 pounds to 100 pounds on April 7, 2009.

Government Exhibit 346A at Active0003948 - 3949.

### 39. Geraldine A.

366.    The objective facts in AseraCare's medical record for

Geraldine A. create a genuine issue of material fact about whether the

documentation in AseraCare's medical record for Geraldine A. supported a

terminal prognosis of six months or less to live if the illness ran its normal

course for the period April 1, 2011 through December 6, 2011.  *See*

Government Exhibit 347; Trial Tr.at 2739:3 – 2743:20 (S. Liao Testimony).

367.    AseraCare admitted Geraldine A. to hospice on August 26,

2010 with a diagnosis of "chronic airway obstruction, not elsewhere

classified [COPD]".  Exhibit 347A at ACDISC122927.

368.    AseraCare's medical record for Geraldine A. does not support

that Geraldine A. had irreversible functional or nutritional impairments

during her AseraCare hospice stay and supports a finding that Geraldine A.

had uncontrolled behavior and psychiatric issues.  *See* Government Exhibit

348; Trial Tr.at 2808:15- 2818:19 (S. Liao testimony).

369.    AseraCare's medical record for Geraldine A. contains a

document dated March 23, 2011, with a notation that Geraldine A. had "no

[signs or symptoms] of discomfort.  Wheezes/rhonchi.  [Oxygen saturation]

94% on room air.  No needs recognized."  *See* Government Exhibit 347B at

ACDISC123510.

370.   AseraCare's medical record for Geraldine A. includes a

document dated December 6, 2011 containing the notations "cond. has

stabilized" and "[oxygen saturation stays above] 90%, chronic

wheezes/rhonchi/non-prod cough; [oxygen as needed]."  *See* Government

Exhibit 337B at ACDISC122922.

### 40. Geraldine H.

371.   The objective facts in AseraCare's medical record for Geraldine

H. create a genuine issue of material fact about whether the documentation

in AseraCare's medical record for Geraldine H. supported a terminal

prognosis of six months or less to live if the illness ran its normal course for

the period from her April 20, 2007 admission through August 11, 2008.  *See*

Government Exhibit 348; Trial Tr.at 2808:15- 2818:19 (S. Liao testimony).

372.   AseraCare admitted Geraldine H. to hospice with an adult

failure to thrive diagnosis.  Government Exhibit 348 at ACDISC079592.

373.   AseraCare's medical record for Geraldine H. does not support

that Geraldine H. had irreversible impairments during her AseraCare hospice

stay and supports a finding that Geraldine H. had uncontrolled behavior and

psychiatric issues.  *See* Government Exhibit 348; Trial Tr.at 2808:15-2818:19 (S. Liao testimony).

374.   AseraCare's medical record for Geraldine H. contains a notation that Geraldine H. had a history of depression.  Government Exhibit 348A at ACDISC079859.

375.   AseraCare's medical record for Geraldine H. contains a document titled "DIETARY PROGRESS NOTES" dated April 10, 2007 with a notation that Geraldine H. "IS DOING A LOT OF WALKING IN THE MAIN HALL."  Government Exhibit 348A at ACDISC079876.

376.   AseraCare's medical record for Geraldine H. contains a document titled "Nursing Clinical Note" dated July 2, 2007 with notations that "pt [patient] in w/c [wheel chair] - finishing lunch, ate 100%." [with] much encouragement – takes long period for pt to eat."  Government Exhibit 348A at ACDISC079612.

377.   AseraCare's medical record for Geraldine H. contains a notation dated April 29, 2008, that Geraldine H. "[h]ad 2X [two times] yelling episodes this shift.  Admin Ativan 1 mg @ 6:30 pm on  (L) hand. Appetite-25%.  Offer Med Pass 0%.  Encouraged fluids."  *See* Government Exhibit 348A at ACDISC080073.

378.   AseraCare's medical record for Geraldine H. also contains notations dated April 29, 2008, that the nurse "received resident [Geraldine H.] in bed, crying and when asked if she has any pain, she nodded yes. Roxanol 0.25 mg given and tolerated well.  After one hour, resident seemed [more] relaxed and given a shower per staff and tolerated well" and that another nurse observed Geraldine H. "tearful and crying at start of shift. Able to point to pain in left shoulder.  Tylenol administered for comfort. Appears to be comfortable at this time.  Sleeping at present."  *See* Government Exhibit 348A at ACDISC080073.

379.   AseraCare's medical record for Geraldine H. contains a notation dated May 2, 2008, that Geraldine H. was "in bed crying and grimacing when moving right arm and shoulder.  Repositioned in the bed and medicated with Roxanol 0.25 mg po.  After one hour, resident quiet." *See* Government Exhibit 348A at ACDISC080073.

380.   AseraCare's medical record for Geraldine H. contains a notation dated May 2, 2008, that Geraldine H. "[was] agitated before dinner and admin Ativan 1 mg.  Topically w/(+) results," that her appetite was 75%, and that "[a]t  9:15 PM, was screaming b/c she wanted to go to her wheelchair and was offered a snack which she enjoyed and calmed down." *See* Government Exhibit 348A at ACDISC080073.

381.   AseraCare's medical record for Geraldine H. contains a notation dated May 11, 2008, that Geraldine H. was "in bed this evening, screaming for approx. 1 1/2 hour, 1:1 ineffective, attempts to kick & push away with fists.  Unable to verbalize reason for screaming.  Routine Ativan ineffective.  Adjusted snack/drink offered.  Roxinol given after continued screaming and facial grimacing, effective approx. 45 minutes later." *See* Government Exhibit 348A at ACDISC080074.

382.   AseraCare's medical record for Geraldine H. contains notations dated May 14, 2008 about Geraldine H's "refusal to walk or come out of her room most of the time" and that Geraldine H., in the April 19-25, 2008 time period, "ambulated X 1 in room, did not ambulate in hall."  *See* Government Exhibit 348A at ACDISC080074.

### 41. Gladys M.

383.   The objective facts in AseraCare's medical record for Gladys M. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Gladys M. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period November 1, 2010 through January 31, 2012.  *See* Government Exhibit 349; Trial Tr. at 1753:11-1757:23 (S. Liao testimony).

384.    AseraCare admitted Gladys M. to hospice with a dementia diagnosis.  Government Exhibit 349A at ACDISC169239.

385.    AseraCare's medical record for Gladys M. contains a notation that in April 2011, Gladys M.'s diagnosis was changed to a neurological condition.  Government Exhibit 349A at ACDISC169609.

386.    AseraCare's medical record for Gladys M. does not support that she had a significant comorbidity contributing to her dementia prognosis or had an advanced stage neurological condition during the relevant time period.  *See* Government Exhibit 349; Trial Tr. at 1753:11-1757:23 (S. Liao testimony).

387.    AseraCare's medical record for Gladys M. contains a notation in a "Determining Terminal Status: Decline in Clinical Status Worksheet" dated August 11, 2010 that Gladys M.'s checked chronic obstructive pulmonary disease (COPD) and dementia as her comorbidities.  Government Exhibit 349A at ACDISC169310.

388.    AseraCare's medical record for Gladys M. contains a notation in an active medication profile dated February 22, 2012 that Gladys M.'s medications for shortness of breath including albuterol sulfate inhalation vial – neb 2.5 mg and ipratropium bromide inhalation solution .2 mg were

stopped on October 27, 2010.  Government Exhibit 349A at
ACDISC0169727.

389.   AseraCare's medical record for Gladys M. contains notations
from May 2011 through November 2011 that "criteria [was] not
documented" for Gladys M.'s "functions of cardiovascular and respiratory
systems," including documentation of severe dyspnea at rest requiring
oxygen, recurrent upper respiratory infections, or decline in artificial
ventilation.  Government Exhibit 349A at ACDISC170239,
ACDISC170177, ACDISC170105.

### 42. Helen K.

390.   The objective facts in AseraCare's medical record for Helen K.
create a genuine issue of material fact about whether the documentation in
AseraCare's medical record for Helen K. supported a terminal prognosis of
six months or less to live if the illness ran its normal course from her
admission on May 8, 2007 through February 2, 2009.  *See* Government
Exhibit 350; Trial Tr.at 2892:21 – 2897:24 (S. Liao Testimony).

391.   AseraCare admitted Helen K. to hospice with an adult failure to
thrive diagnosis.  Government Exhibit 350 at ACDISC174521.

392.   AseraCare's medical record for Helen K. does not support that
Helen K. had irreversible nutritional and functional impairments but does

104

support that her impairments were due to her treatable, reversible psychiatric conditions during the relevant time period. *See* Government Exhibit 350; Trial Tr.at 2892:21 – 2897:24 (S. Liao Testimony).

393.  AseraCare's medical record for Helen K. contains a notation in a document titled "hospice referral and intake form" for Helen K. that her current history of present illness includes a "depression disorder." Government Exhibit 350 at ACDISC174521.

394.  AseraCare's medical record for Helen K. contains a document titled "Active Medication Report" dated May 16, 2007 with listings that upon admission in May, 2007, Helen K. was administered Seroquel "for agitation" and Effexor "for mood."  Government Exhibit 350 at ACDISC174117 – 4118.

395.  AseraCare's medical records for Helen K. contains Helen K.'s hospice active medication reports generated on a bimonthly basis, beginning January 9, 2008 through January 19, 2009, and none of those reports include a listing of Seroquel or Effexor subsequent to Helen K's active medication report generated in May 2007.  Government Exhibit 350 at ACDISC174062 - ACDISC174116.

396.  AseraCare's medical record for Helen K. contains a notation in Helen K's hospice active medication report listing medications active on

September 15, 2008 that Ativan that was taken "as needed for anxiety" was discontinued.  Government Exhibit 350 at ACDISC174078.

### 43. Herbert J.

397.   The objective facts in AseraCare's medical record for Herbert J. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Herbert J. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period November 14, 2009 through November 28, 2010.  *See* Government Exhibit 351; Trial Tr. at 2032:22-2045:17 (S. Liao testimony).

398.   AseraCare admitted Herbert J. to hospice with a diagnosis of Parkinson's disease.  Government Exhibit 351B at ACDISC165936.

399.   AseraCare's medical record for Herbert J. does not support that Herbert J. was at the most advanced or end stage of Parkinson's disease during the relevant time frame.  *See* Government Exhibit 351; Trial Tr. at 2032:22-2045:17 (S. Liao testimony).

400.   AseraCare's medical record for Herbert J. contains a notation in an initial and comprehensive nursing assessment dated November 14, 2009 that Herbert J. "ambulates with roll[] walker and assist. Unsteady gait. Ambulates with shuffle."  Government's Exhibit 351B at ACDISC166652.

401.   AseraCare's medical record for Herbert J. contains a notation in a nursing clinical note dated January 25, 2010 that Herbert J. had no dizziness or difficulty swallowing and mild weakness or stiffness in musculoskeletal.  Government Exhibit 351B at ACDISC166570.

402.   AseraCare's medical record for Herbert J. contains a notation in a nursing clinical note dated January 25, 2010 that Herbert J. had no changes in condition except for "increased confusion with agitation" and "1+ edema BLE [bilateral edema]."  Government Exhibit 351B at ACDISC166570.

403.   AseraCare's medical record for Herbert J. contains a notation in a nursing clinical note dated January 25, 2010 that Herbert J. "threw glass of water" on his caregiver and "ambulates short distances with [] walker." Government's Exhibit 351B at ACDISC166572.

404.   AseraCare's medical record for Herbert J. contains a notation in a nursing clinical note dated May 27, 2010 that Herbert J. had no dizziness or difficulty swallowing and moderate weakness or stiffness in musculoskeletal.  Government Exhibit 351B at ACDISC166435.

405.   AseraCare's medical record for Herbert J. contains a notation in a nursing clinical note dated May 27, 2010 that Herbert J. had "been more active, going out daily."  Government Exhibit 351B at ACDISC166436.

406.   AseraCare's medical record for Herbert J. contains a notation in a nursing clinical note dated May 27, 2010 that Herbert J.'s son "states parent has been more active outside the home.  Patient made trips to Biloxi, has been going to baseball games with sitter, to see children play ball." Government Exhibit 351B at ACDISC166437.

407.   AseraCare's medical record for Herbert J. contains a notation in a Recertification of Terminal Illness signed by a physician on September 8, 2010 that Herbert J. had decreased mobility and increased weakness, fatigue, ambulation and bed to chair.  Government's Exhibit 351 at ACDISC165936.

### 44. Hermina P.

408.   The objective facts in AseraCare's medical record for Hermina P. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Hermina P. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from March 1, 2011 through January 13, 2012.  *See* Government Exhibit 352; Trial Tr.at 2123:24- 2129:14, 2132:13-2144:16; 2149:13-2150:11 (S. Liao testimony).

409.   AseraCare admitted Hermina P. to hospice with diagnoses of "SENILE DEMENTIA UNCO" and "CHF NOS" on November 20, 2010. *See* Government Exhibit 352 at ACDISC100546.

410.   AseraCare's medical record for Hermina P. does not support that Hermina P. had significant comorbid or secondary conditions to her dementia in the March 1, 2011 to January 13, 2012 time period.  *See* Government Exhibit 352; Trial Tr.at 2123:24- 2129:14, 2132:13-2144:16; 2149:13-2150:11(S. Liao testimony).

411.   AseraCare's medical record for Hermina P. contains a document titled Recertification of Terminal Illness dated February 9, 2011, with notations in the section titled Physician Narrative that Hermina P. had a "significant 20 lb. weight loss" but a BMI of 29.1.  Government Exhibit 352A at ACDISC100616.

412.    The document titled Recertification of Terminal Illness dated February 9, 2011, in AseraCare's medical record for Hermina P. also contains notations in the section titled Physician Narrative that Hermina P. "probably will have extended prognosis due to the fact she's slowly declining, unstable but not terminal."  Government Exhibit 352A at ACDISC100616.

413.   AseraCare's medical record for Hermina P. contains a notation in a document dated July 17, 2012, that Hermina P. "has been stable for a period of time," had "[n]o infection" and was being discharged for extended prognosis.  Government Exhibit 352A at ACDISC100542.

## 45. Idella K.

414.   The objective facts in AseraCare's medical record for Idella K. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Idella K. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 6, 2007 through June 20, 2008.  *See* Government Exhibit 353; Trial Tr. at 1705:24-1711:15 (S. Liao testimony).

415.   AseraCare admitted Idella K. to hospice with a dementia diagnosis.  Government Exhibit 353A at Archived0008997.

416.   AseraCare's medical record for Idella K. does not support that Idella K. was a Functional Assessment Staging Tool (FAST) 7 or was functionally declining during the relevant time period.  *See* Government Exhibit 353; Trial Tr. at 1705:24-1711:15 (S. Liao testimony).

417.   AseraCare's medical record for Idella K. contains a notation in a general medical guidelines for determining prognosis document for the first certification period (June 6, 2007 to September 3, 2007) that Idella K.'s score under the Palliative Performance Scale was 50 percent.  Government Exhibit 353A at Archived0009031.

418.   AseraCare's medical record for Idella K. contains notations in a reassessment for ongoing eligibility dated January 31, 2008 that Idella K.'s

"talks about being all alone all day," repeatedly said, "I'm all alone," and "had been stable." Government Exhibit 353A at Archived0009046-47.

419. AseraCare's medical record for Idella K. contains notations in a general medical guidelines for determining prognosis document for the fifth benefit period (April 1, 2008 to May 30, 2008) that Idella K. was "able to engage briefly in short conversations" and scored a 50 percent on the Palliative Performance Scale. Government Exhibit 353A at Archived0009010 - 9011.

420. AseraCare's medical record for Idella K. contains a notation that Idella K. was discharged on June 20, 2008 for "extended prognosis." Government Exhibit 353A at Archived0008969.

## 46. Ingeborg D.

421. The objective facts in AseraCare's medical record for Ingeborg D. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Ingeborg D. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her admission on November 4, 2010 through January 13,

2012.  *See* Government Exhibit 354; Trial Tr.at 2869:19-2876:6, 2881:8-2883:4 (S. Liao testimony).

422.   AseraCare admitted Ingeborg D. to hospice with an adult failure to thrive diagnosis.  Government Exhibit 354 at ACDISC176103.

423.   AseraCare's medical record for Ingeborg D. does not support that she had irreversible functional impairments during her AseraCare hospice stay but supported that her psychiatric condition contributed to her impairments during her AseraCare hospice stay.  *See* Government Exhibit 354; Trial Tr.at 2869:19-2876:6, 2881:8-2883:4 (S. Liao testimony).

424.   AseraCare's medical record for Ingeborg D. contains a document titled "Psychological Consultation" dated August 26, 2010, with a notation that Ingeborg D. has "depression disorder NOS" and "that [h]er current psych meds are:  Depakote 125 mg BID, Seroquel 12.5 mg BID, sertraline 75 mg qd; Aricept 10 mg qd."  *See* Government Exhibit 354A at ACDISC176120.

425.   The document titled "Psychological Consultation" dated August 26, 2010,  contained in AseraCare's medical record for Ingeborg D. also contains a notation that "Diagnosis Impression:  Dementia, Alzheimer's type, late onset, late moderate, with pain and increased depression."  *See* Government Exhibit 354A at ACDISC176121.

426.   The document titled "Psychological Consultation" dated
August 26, 2010, contained in AseraCare's medical record for Ingeborg D.
also contains the notations that "[o]n 6/25 [Ingeborg D.] she refused a.m.
meds while complaining of 8/10 pain to her knee; she eventually accepted
pain meds.  She refused activities and ate poorly.  Later that evening she
again refused meds and during HS cares kicked and threw fists.  By 6/27 she
exhibited highly variable responses to pain and staff, sometimes
hitting/kicking/screaming, other times pleasant and cooperative.  By 7/1, her
behavior continued to be very erratic and frequently abusive.  On 7/7 she
pronounced that she needed no pills and never would.  She had a fall without
injury 7/27 while self-transferring.  On 8/15 she was verbally abusive to both
staff and peers, and threatened to punch an aide.  She refused all of her PM
meds after three attempts.  She continues to punch an aide.  She continues an
erratic pattern of aggressive vs. cooperative phases that change quickly."
*See* Government Exhibit 354A at ACDISC176120.

427.   The document titled "Psychological Consultation" dated
August 26, 2010, contained in AseraCare's medical record for Ingeborg D.
also contains the notation that "Ingeborg was found sleeping in a darkened
room just before lunch.  Care staff got her up and brought her to the dining
room across the Hall, a few minutes after most of her peers were already

eating.  She appeared pale and weak, and initiated no conversation with her table mates.  She picked at her food and declined a brownie.  Following lunch, she was brought to the TV room for a private interview.  She maintained a detached countenance, and when greeted, responded by saying, 'it makes no difference . . . whatever, makes no difference to me.'  When asked if she felt in the dumps, she replied 'I don't know.'  She shook her head in the negative when asked if she felt sick or in pain.  When asked if she felt dopey or groggy, she did not respond at all."  *See* Government Exhibit 354A at ACDISC176120.

428.   The document titled "Psychological Consultation" dated August 26, 2010, contained in AseraCare's medical record for Ingeborg D. also contains the notation under the header "Recommendations" that "[a]nother option would be to increase her Zoloft in one or two 25 mg increments over a few weeks time, in light of her depressive, irritable detachment."  *See* Government Exhibit 354A at ACDISC176121.

429.   AseraCare's medical record for Ingeborg D. contains a "Nursing Clinical Note" dated November 8, 2010,  with a notation that Ingeborg D. "ambulated back to room [with] writer.  Weak, gait slow, unsteady.  Needed assist from writer to stand up." Government Exhibit 354 at ACDISC 176099.

430. AseraCare's medical record for Ingeborg D. contains a "Nursing Clinical Note" dated April 9, 2011, with a notation in the section titled "Activity/Function" that Ingeborg D. "ambulates [with] walker." Government Exhibit 354 at ACDISC175957.

431. AseraCare's medical record for Ingeborg D. contains a "Nursing Clinical Note" dated June 23, 2011, with a notation that "Pt [patient] up to DR [dining room] for meals as tolerated. Ambulated [with] walker and stand by assist." Government Exhibit 354A at ACDISC176784.

432. AseraCare's medical record for Ingeborg D. contains a "Nursing Clinical Note" dated July 2, 2011, with a notation next to the assessment area "Musculoskeletal" that she "uses w/c [wheel chair] mobility." Government Exhibit 354A at ACDISC176764.

433. AseraCare's medical record for Ingeborg D. contains a "Nursing Assessment Update" dated December 20, 2011, with a notation that Ingeborg D. was "up in chair." Government Exhibit 354 at ACDISC176583.

### 47. Irene F.

434. The objective facts in AseraCare's medical record for Irene F. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Irene F. supported a terminal prognosis of

six months or less to live if the illness ran its normal course for the period February 1, 2008 through March 31, 2009.  *See* Government Exhibit 355; Trial Tr. at 2542:14 - 2559:10 (S. Liao testimony).

435.   AseraCare admitted Irene F. to hospice with a diagnosis of debility.  Government Exhibit 355B at ACDISC041796.

436.   AseraCare's medical record for Irene F. does not support that Irene F. had an irreversible progression of nutritional or functional impairment during the relevant time frame.  *See* Government Exhibit 355; Trial Tr. at 2542:14 - 2559:10 (S. Liao testimony).

437.   AseraCare's medical record for Irene F. contains a notation in a "General Medical Guidelines for Determining Prognosis" record dated February 1, 2008 that Irene F. had "unsteady gait, amb[ulating] with walk[er]" and was independent in two activities of daily living, including feeding and transfers.  Government Exhibit 355B at ACDISC041796.

438.   AseraCare's medical record for Irene F. contains a notation in a "General Medical Guidelines for Determining Prognosis" record dated February 1, 2008 that Irene F. had no recent impaired nutritional status. Government Exhibit 355B at ACDISC041796.

439.   AseraCare's medical record for Irene F. contains a notation in a "General Medical Guidelines for Determining Prognosis" record dated

116

February 1, 2008 that Irene F. had a Palliative Performance Score of 40 percent.  Government Exhibit 355B at ACDISC041796.

440.   AseraCare's medical record for Irene F. contains a notation that Irene F. had a Palliative Performance Score of 50 percent on May 1, 2008. Government's Exhibit 355B at ACDISC041051.

441.   AseraCare's medical record for Irene F. contains a notation in a nursing clinical note dated April 30, 2009 that Irene F. still had "unsteady gait with walker" and was "[u]p at table, reading mail."  Government's Exhibit 355B at ACDISC041379.

442.   AseraCare's medical record for Irene F. contains a notation that Irene F.'s albumin level in February 2008 was 3.0.  Government's Exhibit 355B at ACDISC042149.

443.   AseraCare's medical record for Irene F. contains a notation that Irene F.'s albumin level in August 2008 was 3.5.  Government's Exhibit 355B at ACDISC042139.

444.   AseraCare's medical record for Irene F. contains a notation that Irene F.'s cholesterol level was normal in August 2008.  Government's Exhibit 355B at ACDISC042138.

445.   AseraCare's medical record for Irene F. contains a notation in a Determining Terminal Status: Decline in Clinical Status Worksheet dated

117

November 4, 2009 that Irene F.'s BMI was 24.6 in June 2009 and 24.4 in November 2009.  Government's Exhibit 355 at ACDISC041748.

## 48. Irene L.

446.   The objective facts in AseraCare's medical record for Irene L. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Irene L. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period December 10, 2007 through May 31, 2008.  *See* Government Exhibit 356; Trial Tr. at 1712:16 -1721:2 (S. Liao testimony).

447.   AseraCare admitted Irene L. to hospice with a dementia diagnosis.  Government Exhibit 356A at Active0014111.

448.   AseraCare's medical record for Irene L. does not support that Irene L. had a FAST score of 7 with significant comorbidities or secondary conditions during the relevant time period.  *See* Government Exhibit 356; Trial Tr. at 1712:16 -1721:2 (S. Liao testimony).

449.   AseraCare's medical record for Irene L. contains no notation regarding Irene L.'s dementia in a nursing care physician progress note dated January 7, 2008.  Government Exhibit 356A at Active0014257.

450.   AseraCare's medical record for Irene L. contains a notation in a nursing care physician progress note dated January 7, 2008 that Irene L. has

Parkinson's disease and "some of her meds have been changed.  It appears that she is in the end stage portion of this disease."  Government Exhibit 356A at Active0014257.

451.   AseraCare's medical record for Irene L. contains a notation in a hospice IDT [interdisciplinary team] plan of care update dated March 31, 2008 that Irene L. "remains very verbal but difficult to understand at times." Government Exhibit 356A at Active0028684.

452.   AseraCare's medical record for Irene L. contains a notation in a nursing care physician progress note dated June 2, 2008 that Irene L.'s dementia "continues to slowly progress."  Government exhibit 356A at Active0014222.

## 49 Irma L.

453.   The objective facts in AseraCare's medical record for Irma L. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Irma L. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 1, 2008 through December 3, 2008.  *See* Government Exhibit 357; Trial Tr.at 2702:2 – 2707:25 (S. Liao Testimony).

454.   AseraCare admitted Irma L. to hospice in August 2007 with a diagnosis of heart disease.  Exhibit 357A at ACDISC0005574.

455.   AseraCare's medical record for Irma L. contains a document dated January 28, 2008, with a notation that Irma L.'s hospice diagnosis was "CVA," which is an abbreviation for "cerebrovascular accident" and often referred to as stroke.  Exhibit 357A at ACDISC0005794-95.

456.   AseraCare's medical record for Irma L. contains a document dated September 18, 2008, with a notation that Irma L.'s hospice diagnosis was "Debility."  Exhibit 357A at ACDISC0005836.

457.   AseraCare's medical record for Irma L. does not support that Irma L. had irreversible nutritional or functional impairments in the June 1, 2008 through December 3, 2008 time-period.  *See* Government Exhibit 357.

458.   AseraCare's medical record for Irma L. contains a document dated December 19, 2007, with a notation that Irma L.'s Body Mass Index was 19%.  Exhibit 357A at ACDISC0005861.

459.   AseraCare's medical record for Irma L. contains a document dated May 14, 2008 and May 28, 2008 with a notation that Irma L.'s weight was 98.2 pounds and her Body Mass Index was 19.  Exhibit 357A at ACDISC0005815.

460.   AseraCare's medical record for Irma L. contains a document dated September 18, 2008, with a notation that Irma L.'s Palliative Performance Scale score was 50%.  Exhibit 357A at ACDISC0005835.

120

461.   AseraCare's medical record for Irma L. contains a document dated September 18, 2008, with a notation that Irma L.'s weight was 101 pounds and her Body Mass Index was 19.5.  Exhibit 357A at ACDISC0005830.

462.   AseraCare's medical record for Irma L. contains a document that lists Irma L.'s date of discharge as December 3, 2008, and contains a notation that the reason for live discharge was "Extended Prognosis." Exhibit 357A at ACDISC0005581.

### 50. James A.

463.   The objective facts in AseraCare's medical record for James A. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for James A. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from his admission on March 6, 2008 through March 31, 2009.  *See* Government Exhibit 358, Trial Tr. 2961:22-2968:8, 2971:4-2971:22 (S. Liao testimony).

464.   AseraCare admitted James A. to hospice with a debility diagnosis. Government Exhibit 358 at ACDISC021685.

465.   AseraCare's medical record for James A. does not support that he had irreversible functional impairments during his AseraCare hospice stay. *See* Government Exhibit 358, Trial Tr. 2961:22-2968:8, 2971:4-2971:22 (S. Liao testimony).

466.   AseraCare's medical record for James A. contains a document titled "Physician Progress Note" dated January 7, 2008, with notations that James A "is very stable, he's kind have been a little more cranky than usual. He is on Remeron and Zoloft.  Otherwise doing well no problems," that "[h]e has no significant peripheral edema with AKA [above the knee amputation] on the left leg," and that the plan for him included increasing "Zoloft to 100 mg."  Government Exhibit 358A at ACDISC023300.

467.   AseraCare's medical record for James A. contains a document titled "Interdisciplinary Progress Notes" with notations dated April 2, 2008, and May 2, 2008, that James A. had attempted to get on the elevator. Government Exhibit 358A at ACDISC021886.

468.   AseraCare's medical record for James A. contains a document titled Physician Progress Note dated June 18, 2008, with notations that James A. "has had problems with wandering and the wander guards are on him and his wheelchair, both now."  Government Exhibit 358A at ACDISC021872.

469.   AseraCare's medical record for James A. contains a Physician Progress Note dated August 4, 2008 with notations that James A.'s dementia and CHF are stable.  Government Exhibit 358A at ACDISC021870.

470.   AseraCare's medical record for James A. contains a  document titled "Certification of Terminal Illness" dated May 18, 2010, with notations in the section titled Physician Narrative that James A.'s "[m]edical condition seems chronic & stable @ this time.  No indication of terminal status.  Do not feel pt. qualifies for hospice service @ this time."  Government Exhibit 358A at ACDISC021752.

### 51. James T.

471.   The objective facts in AseraCare's medical record for James T. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for James T. supported a terminal prognosis of six months or less to live if the illness ran its normal course from his September 20, 2007 admission through September 22, 2008.  *See* Government Exhibit 359; Trial Tr.at 2532:15 – 2540:1 (S. Liao Testimony).

472.   AseraCare admitted James T. to hospice with a gastrointestinal hemorrhage diagnosis.  Government Exhibit 359A at Archived0017306.

473.   AseraCare added debility to James T.'s hospice diagnosis in December 2007.  Government Exhibit 359 at Archived 0017523.

123

474.   AseraCare's medical record for James T. does not support that James T. had a gastrointestinal hemorrhage diagnosis or that he had irreversible functional and nutritional impairment during the relevant time period.  *See* Government Exhibit 359; Trial Tr.at 2532:15 – 2540:1 (S. Liao Testimony).

475.   AseraCare's medical record for James T. contains a document dated July 19, 2007, and signed by Dr. Rocco R. Arcieri II, reflecting an evaluation of James T. and containing notations that James T.'s "vital signs are stable," and to "continue chronic regimen" and does not contain any reference to a gastrointestinal hemorrhage diagnosis.  Government Exhibit 359A at Archived0017560.

476.   AseraCare's medical record for James T. contains a document dated August 20, 2007, and signed by Dr. Rocco R. Arcieri II, reflecting an evaluation of James T and not containing any specific mention of a gastrointestinal hemorrhage diagnosis.  Government Exhibit 359A at Archived0017561.

477.   AseraCare's medical record for James T. contains a document dated February 2, 2008, and signed by Dr. Rocco R. Arcieri II, reflecting an evaluation of James T. and containing notations that "[p]atient complains of no nausea, vomiting, diarrhea, chest pains, palpitations, black or bloody

stools, but he mentions he was having a couple episodes of vomitus," and to

"continue chronic orders."  Government Exhibit 359A at Archived0017613.

478.   AseraCare's medical record for James T. contains a notation

dated September 16, 2007 that James T.'s weight "does not trigger for

significant [weight loss] but trend is up and down over time" and a notation

dated September 23, 2007 that his weight is 157.25 pounds up from 142.5

pounds.  Government Exhibit 359 at Archived0017543.

479.   AseraCare's medical record for James T. contains notations that

James T. scored a 50% on the Palliative Performance Scale from September

2007 through September 2008.  Government Exhibit 359 at

Archived0017515, Archived0017517, Archived0017519, Archived0017521,

Archived0017523, Archived0017525.

480.   AseraCare's medical records contain notations that James T.

was able to self-propel in a wheelchair from March 2008 to July 2008

Archived0017518, Archived0017520, Archived0017522.

### 52. Emma Jean M.

481.   The objective facts in AseraCare's medical record for Emma

Jean M. create a genuine issue of material fact about whether the

documentation in AseraCare's medical record for Emma Jean M. supported

a terminal prognosis of six months or less to live if the illness ran its normal

course for the period October 2, 2009 through October 31, 2010.  *See* Government Exhibit 360; Trial Tr.at 2341:25 – 2346:5; 2358:5 – 2360:17 (S. Liao Testimony).

482.   AseraCare admitted Emma Jean M. to hospice on October 2, 2009 with a diagnosis of Alzheimer's disease.  Government Exhibit 360 at ACDISC186597.

483.   AseraCare's medical record for Emma Jean M. does not support that Emma Jean M. was both a FAST 7 and had significant comorbid and secondary conditions during the October 2, 2009 through October 31, 2010 time period.  *See* Government Exhibit 360; Trial Tr.at 2341:25 – 2346:5; 2358:5 – 2360:17 (S. Liao Testimony).

484.   AseraCare's medical record for Emma Jean M. contains a document dated April 22, 2010, with a notation that Emma Jean M. was "asking 'where are the kids' will lay down and relax for a few minutes and then starts over again."  Government Exhibit 360B at ACDISC187167.

485.   AseraCare's medical record for Emma Jean M. contains a notation from April 20, 2010, that Emma Jean M. "[e]ngages in short sporadic verbal interludes."  Government Exhibit 360B at ACDISC186843.

486.   AseraCare's medical record for Emma Jean M. contains a document titled "NURSING CLINICAL NOTE" dated June 16, 2010 with a

126

notation that Emma Jean M. "states 'Ouch, I say' when taking [blood pressure]."  Government Exhibit ACDISC187118 at June 16, 2010.

### 53. Jennie S.

487.   The objective facts in AseraCare's medical record for Jennie S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Jennie S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period March 31, 2010 through October 31, 2010 and July 1, 2011 through September 14, 2011.  *See* Government Exhibit 361; Trial Tr. at 1933:19-1939:22 (S. Liao testimony).

488.   AseraCare admitted Jennie S. to hospice with a diagnosis of heart failure.  Government Exhibit 361 at ACDISC155173.

489.   AseraCare's medical record for Jennie S. does not support that Jennie S. was at the most advanced stage of her heart disease (New York Heart Association or NYHA Class IV) during the relevant time period.  *See* Government Exhibit 361; Trial Tr. at 1933:19-1939:22 (S. Liao testimony).

490.   AseraCare's medical record for Jennie S. contains notations in a Recertification of Terminal Illness signed by a physician on June 17, 2010 that Jennie S. had "SOB [shortness of breath] at rest but denies it," and "refuses O2 [oxygen]."  Government Exhibit 361A at ACDISC155257.

491.   AseraCare's medical record for Jennie S. contains a notation in a Recertification of Terminal Illness signed by a physician on November 18, 2010 that Jennie S. was short of breath at rest.  Government Exhibit 361A at ACDISC155252.

492.   AseraCare's medical record for Jennie S. contains a notation in a Practitioner Progress Note dated June 30, 2011 that Jennie S. "is able to ambulate with walker [but] must stop every several feet and catch her breath for 10-15 seconds," and further that "[s]he is short of breath with conversation and at rest [but] continues to refuse supplemental O2; SPO2 [estimate of arterial oxygen saturation] on room air ranges from 92 – 98%." Government Exhibit 361 at ACDISC155230.

493.   AseraCare's medical record for Jennie S. contains a notation that Jennie S. was discharged for extended prognosis in September 2011. Government Exhibit 361 at ACDISC155171.

## 54. Joan S.

494.   The objective facts in AseraCare's medical record for Joan S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Joan S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

128

November 13, 2010 through December 31, 2011.  *See* Government Exhibit 362; Trial Tr. at 1792:11 -1797:20 (S. Liao testimony).

495.   AseraCare admitted Joan S. to hospice with a diagnosis of Alzheimer's disease.  Government Exhibit 362A at ACDISC046087.

496.   AseraCare's medical record for Joan S. does not support that Joan S. had significant comorbid or secondary conditions during the relevant time period.  *See* Government Exhibit 362; Trial Tr. at 1792:11 -1797:20 (S. Liao testimony).

497.   AseraCare's medical record for Joan S. contains a notation in a Recertification of Terminal Illness signed on November 30, 2010 that does not identify any comorbid or secondary conditions by those terms. Government Exhibit 362 at ACDISC046133.

498.   AseraCare's medical record for Joan S. contains a notation in a Recertification of Terminal Illness Attestation by Hospice Medical Director signed November 23, 2011 that Joan S. had listed myoclonus, TIAs (transient ischemic attack or mini stroke), and diabetes mellitus for comorbid conditions and did not have anything listed for secondary conditions. Government Exhibit 362 at ACDISC046127.

**55. John G.**

499.   The objective facts in AseraCare's medical record for John G. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for John G. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period November 20, 2009 through November 20, 2011.  *See* Government Exhibit 363; Trial Tr. at 1875:12 – 1184:4, 1889:19 - 1892:25 (S. Liao testimony).

500.   AseraCare admitted John G. to hospice with a diagnosis of heart failure.  Government Exhibit 363A at ACDISC106823.

501.   AseraCare's medical record for John G. does not support that John G. was at the most advanced stage of his heart disease (New York Heart Association or NYHA Class IV) during the relevant time period.  *See* Government Exhibit 363; Trial Tr. at 1875:12 – 1184:4, 1889:19 - 1892:25 (S. Liao testimony).

502.   AseraCare's medical record for John G. contains a notation in a Reassessment for Ongoing Eligibility dated December 9, 2009 that John G. "was up in apt [apartment] as tolerated.  No O2 [oxygen] needed." Government Exhibit 363 at ACDISC107424.

503.   AseraCare's medical record for John G. contains a notation in a Reassessment for Ongoing Eligibility dated February 4, 2010 that John G.

was "[a]ble to still drive car but doesn't get out as much."  Government Exhibit 363 at ACDISC107734.

504.   AseraCare's medical record for John G. contains a notation in John G.'s follow-up visit with a cardiologist on October 19, 2010 that John G. "has done surprisingly well.  His weight has remained stable at 188 pounds and 190 pounds.  His dyspnea is stable.  He has had no chest pain, dizziness, or syncope," and further found John G. to be a NYHA Class III. Government Exhibit 363 at ACDISC107025.

505.   AseraCare's medical record for John G. contains a notation that John G. was discharged from hospice services on November 20, 2011 because "pt's status remains stable".  Government Exhibit 363 at ACDISC106855.

## 56. John S.

506.   The objective facts in AseraCare's medical record for John S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for John S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from his admission for his second hospice stay on October 17, 2007 through March 9, 2009.  *See* Government Exhibit 364, Trial Tr. 2187:17-2191:9, 2191:14-2195:7 (S. Liao testimony).

507.    AseraCare admitted John S. to hospice for his second stay with an organic brain syndrome diagnosis.  Government Exhibit 364A at ACDISC063882.

508.    AseraCare's medical record for John S. does not support that John S. had irreversible functional or nutritional impairment during the period of his second AseraCare hospice stay.  Government Exhibit 364, Trial Tr. 2187:17-2191:9, 2191:14-2195:7 (S. Liao testimony).

509.    AseraCare's medical record for John S. contains a document titled "GENERAL MEDICAL GUIDELINES FOR DETERMINING PROGNOSIS" dated October 17, 2007, which had an instruction "All diagnoses:  Check all that apply for the patient to meet the criteria of a prognosis of less than 6 months" and the box under that instruction for "Life Limiting condition" was not checked and had the following notation under "Co-morbitities and/or secondary diagnoses that affects the terminal illness" – "HTN, osteoarthritis, sm [small] vessel ischemia."  Government Exhibit 364A at ACDISC063882.

510.    AseraCare's medical record for John S. contains a document titled "Addendum" dated March 10, 2008, with a notation that John S.'s diagnosis was changed to "Generalized decline [debility]."  Government Exhibit 364A at ACDISC063844.

132

511.   John S's AseraCare medical record does not support that John S. has significant functional impairment during the period of his second AseraCare hospice stay or that he was malnourished.  Government Exhibit 364, Trial Tr. 2187:17-2191:9, 2191:14-2195:7 (S. Liao testimony).

512.   The March 10, 2008 document titled "Addendum" in AseraCare's medical record for John S. contains notations that John S. was "walking unsteady – uses broda [chair] @ times."  Government Exhibit 364A at ACDISC063844.

513.   AseraCare's medical record for John S. contains a document titled "Nursing Clinical Note" dated November 12, 2008 with a notation that John S. "walks short distances @ times uses broada w/c [wheelchair]."  Government Exhibit 364 at ACDISC063742.

514.   AseraCare's medical record for John S. contains a notation dated March 5, 2009 that John S. is "stable.  Will D/C from Hospice (extended prognosis) overall condition stable."  Government Exhibit 364 at ACDISC063707.

**57. John W.**

515.   The objective facts in AseraCare's medical record for John W. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for John W. supported a terminal prognosis of

six months or less to live if the illness ran its normal course from his admission on September 5, 2007 through June 30, 2008  *See* Government Exhibit 365; Trial Tr.at 1939:23 – 1954:4 (S. Liao Testimony).

516.   AseraCare admitted John W. to hospice with a coronary atherosclerosis diagnosis.  Government Exhibit 365A at Archived0020479.

517.   AseraCare's medical record for John W. does not support that John W. was at the most advanced stage of heart disease (New York Heart Association Class IV) or being optimally treated for heart failure during the relevant time period.  *See* Government Exhibit 365; Trial Tr.at 1939:23 – 1954:4 (S. Liao Testimony).

518.   AseraCare's medical record for John W. contains notations that John W. did not have angina at rest from September 2007 through at least May 2008.  Government Exhibit 365 at Archived0020545, Archived0020546, Archived0020548; Government Exhibit 365A at Archived0020550.

519.   AseraCare's medical record for John W. contains a document titled "Hospice Medication Profile" dated May 1, 2008 with notations that John W.'s start date for the medication Ecotrin (325 mg daily) was September 2007, for Lopressor (25 mg daily), it was November 2007, and

for Lasix (40 mg daily), it was April 2008.  Government Exhibit 365A at Archived0020603.

520.   AseraCare's medical record for John W. contains a document titled "Hospice Medication Profile" dated June 26, 2008 with listings of the following medications as prescribed to him on June 18, 2008 including Ecotrin (325 mg daily), Lasix (40 mg daily), and Lopressor (25 mg daily). Government Exhibit 365A at Archived0020589.

521.   AseraCare's medical record for John W. contains a notation in a document titled "Nursing Clinical Note" dated July 19, 2008 that John W. had "SOB [shortness of breath] [with] exertion – relieved [with] rest." Government Exhibit 365A at Archived0020804.

### 58. Julia H.

522.   The objective facts in AseraCare's medical record for Julia H. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Julia H. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on August 3, 2007 through March 31, 2009  *See* Government Exhibit 366; Trial Tr.at 2818:20 – 2823:25, 2854:1-16 (S. Liao Testimony).

523.   AseraCare admitted Julia H. to hospice with a dementia diagnosis and a comorbidity of adult failure to thrive.  Government Exhibit 366A at ACDISC097562.

524.   AseraCare's medical record for Julia H. does not support that Julia H. had a significant contributing comorbidity or secondary conditions but does support that her weight loss was due to treatable, reversible psychiatric conditions during the relevant time period.  *See* Government Exhibit 366; Trial Tr.at 2818:20 – 2823:25, 2854:1-16 (S. Liao Testimony).

525.   AseraCare's medical record for Julia H. contains notations that Julia H.'s weight in January 1, 2007 was 142.2 pounds and decreased to 115.6 pounds on August 7, 2007.  Government Exhibit 366A at ACDISC098481.

526.   AseraCare's medical record for Julia H. contains a notation that Julia H.'s start date for the medication Remeron, which was expected to be taken every night at bedtime "for mood," was July 6, 2007.  Government Exhibit 366B at ACDISC097644.

527.   AseraCare's medical record for Julia H. contains notations that Julia H.'s ideal body weight was 130 pounds and that by July 2008, Julia H. weighed 132.4 pounds.  Government Exhibit 366A at ACDISC097899.

528.   AseraCare's medical record for Julia H. contains a document titled "Progress Note" signed by Dr. James Sexson and dated July 2, 2007, with a notation after the header "Assessment" that "[c]linically, the condition is unchanged."  *See* Government Exhibit 366A at ACDISC098000.

529.   AseraCare's medical record for Julia H. contains a document titled "Progress Note" dated February 1, 2008 and signed by Nurse Practitioner Renee Cochran, with a notation after the header "Assessment" that "[c]linically, the condition is poor, but stable…."  *See* Government Exhibit 366A at ACDISC097957.

### 59. Katherine K.

530.   The objective facts in AseraCare's medical record  for Katherine K. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Katherine K. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period December 1, 2011 through January 31, 2012.  *See* Government Exhibit 367; Trial Tr.at 2666:3 – 2672:6 (S. Liao Testimony).

531.   AseraCare admitted Katherine K. to hospice on September 23, 2010 with a diagnosis of adult failure to thrive.  Government Exhibit 367A at ASCISC083636.

137

532.   AseraCare's medical record for Katherine K. contains a document dated November 15, 2011, with a notation that Katherine K.'s primary hospice diagnosis was "End Stage Dementia."  Government Exhibit 367A at ACDISC083663.

533.   AseraCare's medical record for Katherine K. does not support that Katherine K. had irreversible nutritional impairment in the December 1, 2011 through January 31, 2012 time period or was a FAST 7 in that time-period.  *See* Government Exhibit 367; Trial Tr.at 2666:3 – 2672:6 (S. Liao Testimony).

534.   AseraCare's medical record for Katherine K. contains a document dated November 15, 2011, with a notation that Katherine K.'s Body Mass Index was 22%.  Government Exhibit 367A at ACDISC083663.

535.   AseraCare's medical record for Katherine K. contains a document dated October 23, 2011, with a notation that Katherine K. "is incoherent with conversation with more rambling speech," and a notation that Katherine K. had "tangential and frequent incoherent conversation."  Government Exhibit 367A at ACDISC083665.

### 60. Kathleen M.

536.   The objective facts in AseraCare's medical record for Kathleen M. create a genuine issue of  material fact about whether the documentation

in AseraCare's medical record for Kathleen M. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her November 11, 2009 admission through October 31, 2010. *See* Government Exhibit 368; Trial Tr.at 1979:3 – 1983:18 (S. Liao Testimony).

537.   AseraCare admitted Kathleen M. to hospice with a chronic obstructive pulmonary disease (COPD) diagnosis.  Government Exhibit 368A at ACDISC030387.

538.   AseraCare's medical record for Kathleen M. does not support that Kathleen M. was at the most advanced stage of a COPD diagnosis during the relevant time period.  *See* Government Exhibit 368; Trial Tr.at 1979:3 – 1983:18 (S. Liao Testimony).

539.   AseraCare's medical record for Kathleen M. contains a notation dated November 6, 2009 that Kathleen M. "exhibits signs of shortness of breath with minimal activity," and "needing moderate assistance in 3 of 6 ADLs [activities of daily living]."  Government Exhibit 368A at ACDISC030816.

540.   AseraCare's medical record for Kathleen M. contains a document titled "RECERTIFICATION OF TERMINAL ILLNESS" signed by the physician on January 19, 2010 with a notation under the physician narrative header that Kathleen M. "has significant dyspnea [with] minimal

activity (< 15 ft ambulation) requiring prolonged recovery." *See* Government Exhibit 368 at ACDISC030814.

541.   AseraCare's medical record for Kathleen M. contains a document titled "RECERTIFICATION OF TERMINAL ILLNESS" signed by the physician on February 2, 2010 with a notation under the physician narrative header that Kathleen M. "has increased breathing difficulty [with] pursed lip breathing after about 5 ft of ambulation and is completely exhausted after 30 ft." *See* Government Exhibit 368 at ACDISC030462.

542.   AseraCare's medical record for Kathleen M. contains a document titled "Recertification of Terminal Illness" signed by the physician on May 6, 2010 with a notation under the physician narrative header that Kathleen M. "[with] SOA [shortness of air] at rest, severe worsening [with] minimal exertion (walking to bathroom) and prolonged recovery (10-15 mins)." *See* Government Exhibit 368 at ACDISC030809.

543.   AseraCare's medical record for Kathleen M. contains a notation on a document titled nursing clinical note dated July 1, 2010 next to the Cardiopulmonary assessment area that Kathleen M. had "SOA [shortness of air] noted [with] activity." Government Exhibit 368 at ACDISC032670.

544.   AseraCare's medical record for Kathleen M. contains a notation on a document titled nursing clinical note dated July 15, 2010 next to the

Cardiopulmonary assessment area that Kathleen M. had "SOA with activity," and "unable to ambulate greater than 5-10 ft at a time." Government Exhibit 368 at ACDISC032658.

545.   AseraCare's medical records contain a notation in a document titled IDG review and update to hospice plan of care dated September 23, 2010 that Kathleen M. "had extreme SOB [with] any activity, moderate shortness of breath with speaking (3-5 words) . . . ."  Government Exhibit 368 at ACDISC030596.

## 61. Kathryn H.

546.   The objective facts in AseraCare's medical record for Kathryn H. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Kathryn H. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on May 29, 2009 through January 31, 2012.  *See* Defendants Exhibit 550; Trial Tr.at 1965:11 – 1979:2 (S. Liao Testimony).

547.   AseraCare admitted Kathryn H. to hospice with a chronic obstructive pulmonary disease or COPD diagnosis.  Defendants Exhibit 550 at ACDISC190990.

548.   AseraCare's medical record for Kathryn H. does not support that Kathryn H. was at the most advanced stage of her COPD or being

optimally treated for end stage COPD during the relevant time period.  See

Defendants Exhibit 550; Trial Tr.at 1965:11 – 1979:2 (S. Liao Testimony).

549.   AseraCare's medical record for Kathryn H. contains a notation

in a physician order dated April 1, 2009 through April 30, 2009 that Kathryn

H. was ordered Lasix at 40 mg daily for "heart failure, congestive heart

failure" on April 30, 2008 and Albuterol "every 8 hours as needed" on

February 21, 2009.  Government Exhibit 369A at ACDISC191307,

ACDISC191312.

550.   AseraCare's medical record for Kathryn H. contains a notation

in a physician order dated August 1, 2009 through August 31, 2009 that

Kathryn H. was ordered Lasix at 20 mg daily for "Heart failure, congestive

heart failure" on June 16, 2009 and Ipratropium bromide (or Atrovent) two

times per day for "chronic airway obstruction" on May 23, 2009.

Government Exhibit 369A at ACDISC191291 – 1292.

551.   AseraCare's medical record for Kathryn H. contains a notation

in an active medication report from the Golden Living Center dated

February 16, 2012 that Kathryn H. was started on Lasix 40 mg ("TAKE 1

TABLET BY MOUTH TWICE A DAY FOR FLUID RETENTION") on

January 24, 2011 and 1 ampule of Atrovent "EVERY FOUR HOURS AS

NEEDED FOR SHORTNESS OF BREATH" on December 3, 2010.
Government Exhibit 369A at ACDISC190888.

552.   AseraCare's medical record for Kathryn H. contains notations
in a document titled hospice local coverage determination for
cardiopulmonary disease for the eleventh benefit period from January 24,
2010 to March 24, 2010 that it was not documented in Kathryn H.'s medical
record that she had disabling dyspnea at rest, was poorly or unresponsive to
bronchodilators, and had sleep functions affected e.g., amount/quality of
sleep, sleep apnea and it was documented that she was optimally treated with
Lasix.  Government Exhibit 369A at ACDISC190839.

553.   AseraCare's medical record for Kathryn H. contains a notation
in a document titled hospice local coverage determination for
cardiopulmonary disease for the fourteenth benefit period from July 23,
2010 to September 20, 2010 that it was not documented in Kathryn H.'s
medical record that she met the New York Heart Association Class IV
characteristic of symptoms present at rest, had disabling dyspnea at rest, was
poorly or unresponsive to bronchodilators, or had sleep functions affected,
but it continued to document that she was optimally treated with diuretics
and vasodilators.  Government Exhibit 369A at ACDISC190822.

**62. Lanny R.**

554.   The objective facts in AseraCare's medical record for Lanny R. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lanny R. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period April 1, 2008 through March 31, 2009.  *See* Government Exhibit 370; Trial Tr. at 2712:20-2719:21 (S. Liao testimony).

555.   AseraCare admitted Lanny R. to hospice with a diagnosis of heart disease.  Government Exhibit 370A at Active0012070.

556.   AseraCare's medical record for Lanny R. does not support that Lanny R. was at the most advanced stage of his heart disease (New York Heart Association or NYHA Class IV) or that his heart disease was being optimally treated.  *See* Government Exhibit 370; Trial Tr. at 2712:20-2719:21 (S. Liao testimony).

557.   AseraCare's medical record for Lanny R. contains a notation in an AseraCare Hospice Local Coverage Determination for Heart Disease for benefit period March 14, 2008 through May 12, 2008 that Lanny R. did not have symptoms that classified him as a New York Heart Association (NYHA) Class IV.  Government Exhibit 370A at Active0012117.

558.   AseraCare's medical record for Lanny R. contains a notation in an AseraCare Hospice Local Coverage Determination for Heart Disease for

benefit period March 14, 2008 through May 12, 2008 that Lanny R. was, "not taking any meds except pain meds" and had "SOB [shortness of breath] with minimal exertion."  Government Exhibit 370A at Active0012117.

559.   AseraCare's medical record for Lanny R. contains a notation in a Reassessment for Ongoing Eligibility dated April 14, 2009 that Lanny R. had dyspnea on exertion but not at rest.  Government Exhibit 370A at Active0012182.

560.   AseraCare's medical record for Lanny R. contains a notation in a Reassessment for Ongoing Eligibility dated April 14, 2009 that Lanny R. was not using oxygen.  Government Exhibit 370A at Active0012182.

### 63. Laura H.

561.   The objective facts in AseraCare's medical record for Laura H. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Laura H. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her admission on December 22, 2010 through January 31, 2012.  *See* Government Exhibit 371, Trial Tr. 2166:5-2187:16 (S. Liao testimony).

562.   AseraCare admitted Laura H. to hospice with a debility diagnosis.  Government Exhibit 371A at ACDISC149883.

145

563.   AseraCare's medical record for Laura H. does not support that Laura H. had irreversible functional or nutritional impairment during her AseraCare hospice stay. *See* Government Exhibit 371, Trial Tr. 2166:5-2187:16 (S. Liao testimony).

564.   AseraCare's medical record for Laura H. contains a document titled "Certification of Terminal Illness" dated January 5, 2011, with a section titled physician narrative that contained notations that Laura H. had a "BMI – 25.1," that Laura H. was "unsteady [with] walker," and that Laura H. was "able to go steps (SOB) [shortness of breath]."  Government Exhibit 371A at ACDISC149942.

565.   AseraCare's medical record for Laura H. contains a document titled "Nursing Clinical Note" dated April 12, 2011, with notations that Laura H.'s weight was 166 lbs., that Laura H. only experienced mild shortness of breath, that Laura H. "ambulates [with] walker short distance [with] breaks," that Laura H. has a "good appetite," and that Laura H. experienced no "chest pain in recliner chair."  Government Exhibit 371A at ACDISC150434-436.

566.   AseraCare's medical record for Laura H. contains a document titled "Hospice Certification of Terminal Illness" dated July 10, 2011, with a

notation that Laura's H.'s debility diagnosis "switched now to dementia." Government Exhibit 371A at ACDISC149937.

567.   AseraCare's medical record for Laura H. does not support that Laura H. was a FAST 7 during her AseraCare hospice stay.  *See* Government Exhibit 371, Trial Tr. 2166:5-2187:16 (S. Liao testimony).

568.   The document titled "Hospice Certification of Terminal Illness" dated July 20, 2011 also contained notations that Laura H. speaks in "repetitive soliloquy."  Government Exhibit 371A at ACDISC149937.

569.   AseraCare's medical record for Laura H. contains a document titled "Nursing Assessment Update" dated October 6, 2011, with notations that Laura H. was "asking for her parents – not [recognizing] nursing home," that Laura H. for the "past week questioning environment," and that Laura H. was "now getting [shortness of breath when] ambulating > 8 ft." Government Exhibit 371A at ACDISC150253, ACDISC150259.

570.   The AseraCare medical record for Laura H. contains a document titled "Hospice Certification of Terminal Illness" dated December 6, 2011, indicating that Laura H.'s primary diagnosis was changed to end stage cardiac.  Government Exhibit 371A at ACDISC149933.

571.   AseraCare's medical record for Laura H. does not support that Laura H. was at the most advanced stage of her heart disease (New York

Heart Association or NYHA Class IV) during her AseraCare hospice stay. *See* Government Exhibit 371, Trial Tr. 2166:5-2187:16 (S. Liao testimony).

572.   The document titled "Hospice Certification of Terminal Illness" dated December 6, 2011, within AseraCare's medical record for Laura H. contains notations that Laura H.'s shortness breath was "now at 10 [feet] (formerly 30 [feet])" and that Laura H. had "much worse shuffling [with] gait."  Government Exhibit 371A at ACDISC149933.

### 64. Lena G.

573.   The objective facts in AseraCare's medical record for Lena G. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lena G. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 4, 2007 through July 7, 2008.  *See* Government Exhibit 372; Trial Tr. at 1997:23 – 2005:17, 2008:6 - 2025:24 (S. Liao testimony).

574.   AseraCare admitted Lena G. to hospice in June 2007 with a diagnosis of Parkinson's disease.  Government Exhibit 372A at ACDISC164069.

575.   AseraCare's medical record for Lena G. does not support that Lena G. had functional impairment due to a terminal Parkinson's disease

diagnosis during the relevant time period.  *See* Government Exhibit 372; Trial Tr. at 1997:23 – 2005:17, 2008:6 - 2025:24 (S. Liao testimony).

576.   AseraCare's medical record for Lena G. contains a notation that Lena G. was living at home at the time of her intake in June 2007. Government Exhibit 372A at ACDISC164069.

577.   AseraCare's medical record for Lena G. contains a notation in a General Medical Guidelines for Determining Prognosis document dated August 21, 2007 that Lena G. had a "slow shuffling gait."  Government Exhibit 372A at ACDISC164098.

578.   AseraCare's medical record for Lena G. contains a notation in a General Medical Guidelines for Determining Prognosis document dated August 21, 2007 that Lena G. had a Palliative Performance Score of 50 percent.  Government Exhibit 372A at ACDISC164098.

579.   AseraCare's medical record for Lena G. contains a notation in a hospital consultation for a preoperative evaluation of a right hip fracture dated July 1, 2008 that Lena G. was able to walk, was "actually quite active and mobile throughout the home [and] is up on her walker many times a day."  Government Exhibit 372A at ACDISC164054.

580.   AseraCare's medical record for Lena G. contains a notation in a hospital consultation for a preoperative evaluation of a right hip fracture

dated July 1, 2008 that Lena G. did, "not have too much trouble with rigidity."  Government Exhibit 372A at ACDISC164054.

581.   AseraCare's medical record for Lena G. contains a notation in a hospital consultation for a preoperative evaluation of a right hip fracture dated July 1, 2008 that Lena G.'s Parkinson's disease was "[g]enerally well controlled."  Government Exhibit 372A at ACDISC164055.

582.   AseraCare's medical record for Lena G. contains a notation in a discharge summary dated May 28, 2010 that notated discharging Lena G. for eligibility reasons that Lena G. continued to "ambulate with slow shuffling gait with rolling walker."  Government Exhibit 372A at ACDISC163428.

### 65. Lena S.

583.   The objective facts in AseraCare's medical record for Lena S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lena S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period May 1, 2009 through November 29, 2010.  *See* Government Exhibit 373; Trial Tr. at 1639:22 -1645:6 (S. Liao testimony).

584.   AseraCare admitted Lena S. to hospice with a debility diagnosis.  Government Exhibit 373A at ACDISC110052.

150

585.   AseraCare's medical record for Lena S. does not support that Lena S. had an irreversible progression of nutritional impairment during the relevant time period.  *See* Government Exhibit 373; Trial Tr. at 1639:22 - 1645:6 (S. Liao testimony).

586.   AseraCare's medical record for Lena S. contains a notation in a physician worksheet for hospice eligibility dated October 11, 2010 that Lena S.'s body mass index (BMI) was 24.  Government Exhibit 373A at ACDISC110110.

587.   AseraCare's medical record for Lena S. contains a notation that on November 29, 2010 Lena S. was discharged from hospice for "extended prognosis" and the summary of care reflected that Lena S. had a PPS of 30 percent, a BMI of 24.4 percent, weight of 142.2 pounds, and was up in a chair.  Government Exhibit 373A at ACDISC110074-75.

### 66. Lennie D.

588.   The objective facts in AseraCare's medical record for Lennie D. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lennie D. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on September 10, 2010 through July 31, 2011.  *See* Government Exhibit 374; Trial Tr.at 1870:12 – 1873:15. (S. Liao Testimony).

589.   AseraCare admitted Lennie D. to hospice with a heart failure diagnosis.  Government Exhibit 374 at ACDISC054910.

590.   AseraCare's medical record for Lennie D. does not support that Lennie D. was at the most advanced stage of her heart failure (NYHA IV) or being optimally treated for her heart failure during the relevant time period. *See* Government Exhibit 374.  *See* Government Exhibit 374; Trial Tr.at 1870:12 – 1873:15. (S. Liao Testimony).

591.   AseraCare's medical record for Lennie D. contains a notation in a document titled initial and comprehensive nursing assessment dated June 24, 2010 that Lennie D. "[h]ad a little SOB [shortness of breath] [with] walking from kitchen to living room."  Government Exhibit 374 at ACDISC056244.

592.   AseraCare's medical record for Lennie D. contains a notation in a document titled "DRUG PROFILE AND INITIAL PHYSICIAN ORDER" dated September 16, 2010 that Lennie D. was ordered on September 1, 2010 Lasix at 40 mg daily as a diuretic and Lisinopril at 10 mg daily for hypertension.  Government Exhibit 374 at ACDISC055722.

593.   AseraCare's medical record for Lennie D. contains a notation in a document titled "DRUG PROFILE AND INITIAL PHYSICIAN ORDER" dated September 1, 2011 that Lennie D. was ordered on August 22, 2011

Lasix at 40 mg daily and a nitroglycerin patch at .1 mg hourly for CHF (congestive heart failure).  Government Exhibit 374 at ACDISC054966.

## 67. Lidia S.

594.   The objective facts in AseraCare's medical record for Lidia S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lidia S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period April 15, 2009 through September 30, 2011.  *See* Government Exhibit 375; Trial Tr.at 2387:10 – 2395:22 (S. Liao Testimony).

595.   AseraCare admitted Lidia S. to hospice on April 15, 2009, with a diagnosis of Dementia. Government Exhibit 375 at ACDISC180765.

596.   AseraCare's medical record for Lidia S. contains a document dated February 3, 2011, with the following notation: "SOC 4/15/09 DX Alzheimer's Dz 331".  Government Exhibit 375 at ACDISC180736.

597.   AseraCare's medical record for Lidia S. does not support that Lidia S was a FAST 7 for the period April 15, 2009 through September 30, 2011.  *See* Government Exhibit 375; Trial Tr.at 2387:10 – 2395:22 (S. Liao Testimony).

598.    AseraCare's medical record for Lidia S. contains a document dated July 30, 2009, with a notation that Lidia S. "[s]peaks Italian and occasionally speak some English" and that she "[a]mbulates some short distances [with] assist of 2 [and] gait belt and [wheelchair] being pushed behind her as when she wants to sit she needs to right away."  Government Exhibit 375B at ACDISC181595.

599.    AseraCare's medical record for Lidia S. contains a document dated December 31, 2009, with a notation that Lidia S. was "talking continuously in Italian."  Government Exhibit 375B at ACDISC181520.

600.    AseraCare's medical record for Lidia S. contains a document dated June 22, 2010, with a notation that Lidia S. was "very talkative throughout entire visit but all words were Italian, so she was unable to effectively communicate."  Government Exhibit 375B at ACDISC182272.

601.    AseraCare's medical record for Lidia S. contains a document dated May 27, 2011, with notations that Lidia S. "speaks Italian but speech clear.  Appears to comprehend/understand simple directions" and "distance of ambulation of 3 minute walk has ↓ by 146 ft."  Government Exhibit 375 at ACDISC180728.

602.    AseraCare's medical record for Lidia S. contains a document dated March 21, 2012, with notations that Lidia S.'s "[m]ost recent seizure

activity 10/25/2011 with no residual effect or injury," and that Lidia S. is "verbal but less than 5 words in Italian during the day."  Government Exhibit 375 at ACDISC182992.

### 68. Lillian H.

603.   The objective facts in AseraCare's medical record for Lillian H. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lillian H. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from August 1, 2008 through March 31, 2009.  *See* Government Exhibit 376, Trial Tr. 2119:6-2123:23(S. Liao testimony).

604.   AseraCare admitted Lillian H. to hospice on January 24, 2008. Government Exhibit 376 at ACTIVE0007516.

605.   AseraCare's medical record for Lillian H. contains a notation dated April 15, 2008, that Lillian H.'s primary diagnosis was Alzheimer's. Government Exhibit 376 at Active0007712.

606.   AseraCare's medical record for Lillian H. does not support that Lillian H.'s Alzheimer's condition was progressing in the August 1, 2008 until March 31, 2009 time-period.  *See* Government Exhibit 376, Trial Tr. 2119:6-2123:23(S. Liao testimony).

607.   AseraCare's medical record for Lillian H. contains a document titled "Physician Visit" dated May 22, 2008, with notations:  "[Assessment] -Dementia stable – weight stable."  Government Exhibit 376A at Active0008179.

608.   AseraCare's medical record for Lillian H. contains notations from July 24, 2008, that subjective/objective observations showed "[n]o recent changes" and that Lillian H.'s assessment was "stable, no acute problems."  Government Exhibit 376A at Active0007573.

609.   AseraCare's medical record for Lillian H. contains notations from October 15, 2008 that her weight was 139 lbs. and was "↑5# in 180 days."  Government Exhibit 376 at Active0007680.

### 69. Lottie W.

610.   The objective facts in  AseraCare's medical record for Lottie W. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lottie W. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period November 23, 2007 through December 31, 2008.  *See* Government Exhibit 377; Trial Tr. at 1644:16 -1649:10 (S. Liao testimony).

611.   AseraCare admitted Lottie W. to hospice with a debility diagnosis.  Government Exhibit 377A at ACDISC077056.

612.   AseraCare's medical record for Lottie W. does not support that Lottie W. had an irreversible progression of nutritional or functional impairment during the relevant time period.  *See* Government Exhibit 377; Trial Tr. at 1644:16 -1649:10 (S. Liao testimony).

613.   AseraCare's medical record for Lottie W. contains a notation that on November 2, 2007, Lottie W.'s serum albumin was 3.8. Government Exhibit 377A at ACDISC077694.

614.   AseraCare's medical record for Lottie W. contains a notation on an attending physician progress note dated March 11, 2008 that Lottie W. was "stable."  Government Exhibit 377A at ACDISC077020.

615.   AseraCare's medical record for Lottie W. contains a notation that Lottie W.'s serum albumin was 3.8 on April 18, 2008.  Government Exhibit 377A at ACDISC077681.

616.   AseraCare's medical record for Lottie W. contains a notation in a nursing clinical note dated June 10, 2008, that Lottie W.'s weight was 125.8 pounds, which was a slight increase over her admit weight of 125 pounds that was recorded in a nursing assessment dated November 23, 2007. Government Exhibit 377A at ACDISC077260; ACDISC077178.

617.    AseraCare's medical record for Lottie W. contains a notation in a nursing assessment dated July 15, 2008 that Lottie W. "propels self in wheelchair."  Government Exhibit 377 at ACDISC077274.

### 70. Lucille P.

618.    The objective facts in AseraCare's medical record for Lucille P. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Lucille P. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period December 1, 2007 through March 4, 2009.  *See* Government Exhibit 378; Trial Tr.at 2707:1-2712:19 (S. Liao Testimony).

619.    AseraCare admitted Lucille P. to hospice on August 22, 2007 with a diagnosis of "ES CVA," which is an abbreviation for "end stage cerebrovascular accident" and often referred to as end-stage stroke. Government Exhibit 378A at ACDISC061456; Government Exhibit 378 at ACDISC061436.

620.    AseraCare's medical record for Lucille P. does not support that Lucille P. had irreversible functional and nutritional impairment in the December 1, 2007 through March 4, 2009 time-period.  *See* Government Exhibit 378; Trial Tr.at 2707:1-2712:19 (S. Liao Testimony).

621.   AseraCare's medical record for Lucille P. contains a document entitled "Nurse Visit Note" dated September 13, 2007, with a notation that Lucille P. was "WC [Wheelchair] bound 50% day." *See* Government Exhibit 378A at ACDISC061909.

622.   AseraCare's medical record for Lucille P. contains a document titled "Hospice Local Coverage Determination Stroke or Coma" dated November 6, 2007, which contains no notations under the header titled "Nutritional Status" indicating that the "Nutritional Status" criteria were met and contained a notation that her arm circumference was 16 cm. *See* Government Exhibit 378A at ACDISC061537.

623.   AseraCare's medical record for Lucille P. contains a document titled "Hospice Local Coverage Determination Stroke or Coma" dated September 10, 2008, with a notation that Lucille P. did not meet the listed criteria of "weight loss 10% during previously 6 months" or "weight loss 7.5% in previous 3 months." *See* Government Exhibit 378A at ACDISC061516, ACDISC061520.

624.   AseraCare's medical record for Lucille P. contains a document titled "Hospice Local Coverage Determination Stroke or Coma" dated November 6, 2007, which contains no notations under the header titled "Nutritional Status" indicating that the "Nutritional Status" criteria were met

and contained a notation that her arm circumference was 17 cm.  *See* Government Exhibit 378A at ACDISC061505, ACDISC061509.

625.   AseraCare's medical record for Lucille P. contains a document titled "Notice of Medicare Provider Non-Coverage" dated February 2, 2009, with a notation that "[y]our provider has determined that Medicare probably will not pay for your current hospice services after the effective date [March 4, 2009] indicated above."  *See* Government Exhibit 378A at ACDISC061447.

626.   AseraCare's medical record for Lucille P. contains a document titled "NURSE VISIT NOTE" dated February 23, 2009 with an "ADDENDUM" with notations that Lucille P. was "sitting on side of bed" and that Lucille P. "remains in discharge planning at this time no change or decline in overall conditions."  *See* Government Exhibit 378 at ACDISC06130.

### 71. Mabel B.

627.   The objective facts in AseraCare's medical record for Mabel B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Mabel B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

160

July 1, 2009 through March 21, 2011.  *See* Government Exhibit 379; Trial Tr.at 2661:19 – 2666:2 (S. Liao Testimony).

628.   AseraCare admitted Mabel B. to hospice on March 10, 2009 for adult failure to thrive.  Government Exhibit 379 at ACDISC090470.

629.   AseraCare's medical record for Mabel B. does not support that Mabel B. had irreversible functional and nutritional impairment in the July 1, 2009 through March 21, 2011 time-frame.  *See* Government Exhibit 379; Trial Tr.at 2661:19 – 2666:2 (S. Liao Testimony).

630.   AseraCare's medical record for Mabel B. contains a document titled "Hospice Local Coverage Determination Adult Failure to Thrive" dated March 10, 2009, with a notation that Mabel B.'s Body Mass Index was 17 and her Palliative Performance Scale score was 40 percent.  *See* Government Exhibit 379A at ACDISC091636.

631.   AseraCare's medical record for Mabel B. contains a document dated April 10, 2009, with a notation that Mabel B. weighed 108 pounds.  *See* Government Exhibit 379A at ACDISC091639.

632.   AseraCare's medical record for Mabel B. contains a document dated June 15, 2009, with a notation that Mabel B. had a weight of 110 pounds.  Government Exhibit 379A at ACDISC091605.

633.   AseraCare's medical record for Mabel B. contains a document dated June 15, 2009, with a notation that Mabel B. "[a]mbulates with a walker."  Government Exhibit 379A at ACDISC091605.

634.   AseraCare's medical record for Mabel B. contains a document titled "RECERTIFICATION OF TERMINAL ILLNESS" dated July 22, 2010, with notations under the physician narrative header that Mabel B.'s weight was 110 pounds and that Mabel B. "ambulates [with] walker."  *See* Government Exhibit 379 at ACDISC090505.

635.   AseraCare's medical record for Mabel B. contains a document titled "NURSING CLINICAL NOTE" with a notation that Mabel B. weighs 105 pounds and that she "[a]mbulates holding on to walls and with a cane."  *See* Government Exhibit 379 at ACDISC091169.

### 72. Maggie S.

636.   The objective facts in AseraCare's medical record for Maggie S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Maggie S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her admission on September 12, 2007 through June 30, 2008.  *See* Government Exhibit 380, Trial Tr. 2986:19- 2989:22 (S. Liao testimony).

637.   AseraCare admitted Maggie S. to hospice with a debility diagnosis on September 12, 2007.  *See* Government Exhibit 380 at ACDISC228726.

638.   For the period of September 12, 2007 until June 30, 2008, AseraCare medical records for Maggie S. do not support that she had irreversible nutritional or functional impairment.  *See* Government Exhibit 380, Trial Tr. 2986:19- 2989:22(S. Liao testimony).

639.   AseraCare's medical record for Maggie S. contains notations that Maggie S.'s weight, for the period from November 2005 until August 2007, ranged from 102 to 117 lbs.  Government Exhibit 380A at ACDISC229142-143.

640.   AseraCare's medical record for Maggie S. contains notations that Maggie S.'s weight on September 10, 2007 was 122 lbs. Government Exhibit 380A at ACDISC229143.

641.   AseraCare's medical record for Maggie S. contains a notation dated February 27, 2008 that her arm circumference was 27 cm.  *See* Government Exhibit 380A at ACDISC229246.

642.   AseraCare's medical record for Maggie S. contains a notation dated May 2, 2008 that her arm circumference was 25 cm.  *See* Government Exhibit 380 at ACDISC229241.

643.   AseraCare's medical record for Maggie S. contains a notation in an initial nursing assessment dated September 12, 2007 that Maggie S. scored a 40 percent on the Karnofsky Performance Scale and a 30 percent on the Palliative Performance Scale.  Government Exhibit 380 at ACDISC229260.

644.   AseraCare's medical record for Maggie S. contains a notation in a reassessment for ongoing eligibility dated February 27, 2008 that Maggie S. scored a 40 percent on the Karnofsky Performance Scale and a 40 percent on the Palliative Performance Scale.  Government Exhibit 380 at ACDISC229250.

### 73. Margaret G.

645.   The objective facts in AseraCare's medical record for Margaret G. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Margaret G. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period May 1, 2011 through October 10, 2011.  *See* Government Exhibit 381; Trial Tr.at 2688:14 – 2692:14 (S. Liao Testimony).

646.   AseraCare admitted Margaret G. to hospice with a dementia diagnosis.  Government Exhibit 381A at ACDISC145671.

164

647.   AseraCare's medical record for Margaret G. does not support that Margaret G. had significant comorbid or secondary conditions during the relevant time period.  *See* Government Exhibit 381; Trial Tr.at 2688:14 – 2692:14 (S. Liao Testimony).

648.   AseraCare's medical record for Margaret G. contains a document titled "CERTIFICATION OF TERMINAL ILLNESS" signed by a physician on November 3, 2009, with notations that Margaret G.'s comorbid condition was hypertension, that Margaret G.'s secondary complications were UTI (urinary tract infection) and anxiety, and text under the physician narrative header that included a reference to weight loss, non-ambulatory, and dependence in 6 of 6 ADLs (activities of daily living). Government Exhibit 381A at ACDISC145692.

649.   AseraCare's medical record for Margaret G. contains a notation that Margaret G.'s weights from April to September 2011 fluctuated between 77 to 82 pounds.  Government Exhibit 381A at ACDISC145720.

650.   AseraCare's medical record for Margaret G. contains a notation on a document titled "DISCHARGE SUMMARY" dated October 10, 2011 that she was discharged for eligibility reasons and under the header "SUMMARY OF CARE," Margaret G. is described as "PPS 30%.  Patient

discharged d/t [due to] prolonged disease process."  Government Exhibit

381A at ACDISC145665.

### 74. Margaret S.

651.   The objective facts in AseraCare's medical record for Margaret

S. create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for Margaret S. supported a terminal prognosis

of six months or less to live if the illness ran its normal course for the period

from her admission on June 2, 2010 through September 19, 2011.  *See*

Government Exhibit 382, Trial Tr. 2150:12-2158:7 (S. Liao testimony).

652.   AseraCare admitted Margaret S. to hospice with an Adult

Failure to Thrive diagnosis.  *See* Government Exhibit 382 at

ACDISC211690.

653.   AseraCare's medical record for Margaret S. does not support

that Margaret S. had irreversible functional or nutritional impairment during

her AseraCare hospice stay.  *See* Government Exhibit 382, Trial Tr.

2150:12-2158:7 (S. Liao testimony).

654.   AseraCare's Medical Record for Margaret S. contains a

document titled "Initial & Comprehensive Nursing Assessment" dated June

2, 2010, with a notation that Margaret S.'s Palliative Performance Scale

score was 60 percent.  *See* Government Exhibit 382 at ACDISC211690.

655.   AseraCare's Medical Record for Margaret S. contains a document titled "Nursing Clinical Note" dated June 25, 2010, with a notation that Margaret S. was "ambulating up & down hallways." Government Exhibit 382 at ACDISC212070.

656.   AseraCare's Medical Record for Margaret S. contains notations from March 30, 2011 that Margaret S.'s "weight has been relatively stable since September 2010" and that "will discharge pending development of safe discharge plan [with] family."  Government Exhibit 382A at ACDISC211489.

657.   AseraCare's Medical Record for Margaret S. contains a notation dated May 19, 2011, that Margaret S. "wanders mumbling and stands facing the wall.  Frequently found napping in other patients rooms." Government Exhibit 382 at ACDISC211478.

658.   AseraCare's medical record for Margaret S. contains a document titled "Discharge Summary" dated September 20, 2011, with notations that Margaret S.'s "weight at time of [start of care] was 89.5 lbs. Over the course of the first year of hospice services, [patient's] weight rose to 92.5 lbs. on 4/25/2011.  Over the course of the past year most current 6 months, [patient's] appetite dramatically increased with 100% intake for all meals.  Weight prior to discharge 9/19/11 is 101.4 [lbs.].  A 9 lbs. increase

over past 6 months + 12 lbs. since [start of care]."  Government Exhibit

382A at ACDISC211467.

### 75. Margaret W.

659.   The objective facts in AseraCare's medical record for Margaret

W. create a genuine issue of material fact about whether the documentation

in AseraCare's medical record for Margaret W. supported a terminal

prognosis of six months or less to live if the illness ran its normal course for

the period April 20, 2007 through May 8, 2008.  *See* Government Exhibit

383; Trial Tr. at 2516:13-2523:1 (S. Liao testimony).

660.   In April 2007, AseraCare admitted Margaret W. to hospice with

a diagnosis of heart disease.  Government Exhibit 383 at ACDISC165441.

661.   AseraCare's medical record for Margaret W. does not support

that Margaret W. was at the most advanced stage of heart disease or

receiving optimal treatment for terminal heart disease.  *See* Government

Exhibit 383; Trial Tr. at 2516:13-2523:1 (S. Liao testimony).

662.   AseraCare's medical record for Margaret W. contains a

notation in Margaret W.'s initial nursing assessment dated April 20, 2007

that Margaret W. had no dyspnea or edema.  Government Exhibit 383 at

ACDISC165553.

663.   AseraCare's medical record for Margaret W. contains a notation in an admission medication profile dated April 20, 2007 that Margaret W. was not ordered any medication for her heart.  Government Exhibit 383B at ACDISC165893 – 5894.

664.   AseraCare's medical record for Margaret W. contains a notation in a nurse visit note dated September 18, 2007 that Margaret W. was not using any oxygen, did not have any chest pain, did not have edema, and was prescribed Lasix at 40 mg daily.  Government Exhibit 383B at ACDISC165711.

665.   AseraCare's medical record for Margaret W. contains a notation on an AseraCare Hospice Local Coverage Determination for Heart Disease document for the benefit period December 16, 2007 through February 13, 2008 that Margaret W. did not meet a majority of the criteria of the heart disease LCD including notably no symptoms present at rest. Government Exhibit 383 at ACDISC165521.

666.   AseraCare's medical record for Margaret W. contains a notation in a May 8, 2008 discharge record that Margaret W. was discharged with extended prognosis.  Government Exhibit 383 at ACDISC165444.

### 76. Marguerite G.

667.   The objective facts in AseraCare's medical record for Marguerite G. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Marguerite G. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her admission on July 23, 2009 through January 24, 2011.  *See* Government Exhibit 384, Trial Tr. 2109:13-2119:5 (S. Liao testimony).

668.   AseraCare admitted Marguerite G. to hospice with an Alzheimer's disease diagnosis.  *See* Government Exhibit 384 at ACDISC018386.

669.   AseraCare's medical record for Marguerite G. does not support that Marguerite G. had significant comorbid or secondary conditions in the July 23, 2009 through January 24, 2011 time period.  *See* Government Exhibit 384, Trial Tr. 2109:13-2119:5 (S. Liao testimony).

670.   AseraCare's medical record for Marguerite G. contains a document titled "Recertification of Terminal Illness" dated November 17, 2009, with notations in the section titled Physician Narrative that "[a]t current time, [Marguerite G.] does not seem to be declining as had been expected.  Will evaluate her at office soon to recheck eligibility for hospice." *See* Government Exhibit 384A at ACDISC017496.

170

671.   AseraCare's medical record for Marguerite G. contains a document titled "Recertification of Terminal Illness" dated May 18, 2010, with notations in the section titled Physician Narrative that Marguerite G. is "eating well, had frequent [urinary tract infections]. Our team feels patient is no longer appropriate for hospice since she does not seem to be declining. We will consider a live discharge." *See* Government Exhibit 384A at ACDISC017472.

672.   AseraCare's medical record for Marguerite G. contains a notation dated January 11, 2011, that Marguerite G. "remains stable, no significant change." Government Exhibit 384A at ACDISC17458.

### 77. Marian F.

673.   The objective facts in AseraCare's medical record for Marian F. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Marian F. support a terminal prognosis of six months or less to live if the illness ran its normal course for the period from March 1, 2008 through March 31, 2009. *See* Government Exhibit 385, Trial Tr. 2971:23- 2980:14 (S. Liao testimony).

674.   AseraCare admitted Marian F. to hospice with an Adult Failure to Thrive diagnosis on December 28, 2007. *See* Government Exhibit 385 at ACDISC094949, ACDISC094987.

171

675.    AseraCare medical record for Marian F. does not support that Marian F. had irreversible functional and nutritional impairments between March 1, 2008 and March 31, 2009, but supported that her psychiatric condition contributed to her impairments.  *See* Government Exhibit 385, Trial Tr. 2971:23- 2980:14 (S. Liao testimony).

676.    AseraCare's medical record for Marian F. contains a notation dated December 5, 2007, that Marian F. had a diagnosis of "Senile dementia with depressive features" and medications:  "Ativan Injection Syringe 2 mg/mL."  *See* Government Exhibit 385B at ACDISC095779.

677.    AseraCare's medical record for Marian F. contains a document titled "Nursing Assessment" dated December 28, 2007, with notations that Marian F. "[h]as crying spells @ times –has Ativan pm.  [Patient] not on routine [oral] meds as long [history] of refusing" and that Marian F.'s weight was 87 lbs.  *See* Government Exhibit 385B at ACDISC095390, ACDISC095392.

678.    AseraCare's medical record for Marian F. contains a notation dated January 30, 2008, that Marian F was "↑ in [wheel chair] on arrival." Government Exhibit 385A at ACDISC095382.

679.    AseraCare's medical record for Marian F. contains a document titled "Nursing Clinical Note" dated February 5, 2008, with a notation that

Marian F.'s weight was 91.9 lbs.  *See* Government Exhibit 385A at ACDISC095380.

680.   AseraCare's medical record for Marian F. contains a notation dated August 24, 2008, that Marian F.  is "[wheel chair] bound" and "cries constantly."   *See* Government Exhibit 385B at ACDISC095761.

681.   AseraCare's medical record for Marian F. contains a notation dated April 21, 2009,  that Marian F. was "sitting in dining room w/HHA Amber, eating a few bites of her lunch" and that Marian F's "weight has bee stable last few months, pre-albumin level was 2.5."  *See* Government Exhibit 385A at ACDISC095254.

### 78. Marilla B.

682.   The objective facts in AseraCare's medical record for Marilla B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Marilla B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from January 1, 2008 through March 4, 2009.  *See* Government Exhibit 386, Trial Tr. 2086:14-2097:13; 2108:22-2109:17 (S. Liao testimony).

683.   AseraCare admitted Marilla B. to hospice with an adult failure to thrive diagnosis on August 21, 2007.  *See* Government Exhibit 386 at ACDISC048924.

684.    AseraCare's medical record for Marilla B. does not support that Marilla B. had irreversible functional impairment during the period of her AseraCare hospice stay between January 1, 2008 until March 4, 2009.  *See* Government Exhibit 386, Trial Tr. 2086:14-2097:13; 2108:22-2109:17 (S. Liao testimony).

685.    AseraCare's medical record for Marilla B. contains a notation dated December 21, 2007, about a physician visit on December 20, 2007, that Marilla B. "needs Ativan for wandering and agitation."  *See* Government Exhibit 386 at ACDISC049735.

686.    AseraCare's medical record for Marilla B. contains a notation dated January 25, 2008, that Marilla B. was "sitting in her wheelchair with her infant doll as usual.  Doing well.  No problems at this point in time." *See* Government Exhibit 386A at ACDISC049734.

687.    AseraCare's medical record for Marilla B. contains a notation dated May 23, 2008, about a physician visit on May 22, 2008, that Marilla B. "has Alzheimer's, late second stage, early third stage, hypertension, dry eyes, basically stable."  *See* Government Exhibit 386A at ACDISC049731.

688.    AseraCare's medical record for Marilla B. contains a notation dated June 13, 2008, about a physician visit on June 12, 2008, that Marilla B. is "very confused.  Alzheimer's, stable.  Lungs are clear.  Heart has a

regular rate. Abdomen is soft. Ankles are not swollen. Heart has a regular rate. The patient has hypertension, dry eyes, cataracts, and dementia. The patient is generally doing well." *See* Government Exhibit 386A at ACDISC049730.

689.   AseraCare's medical record for Marilla B. contains a notation dated August 28, 2008, about a physician visit on August 27, 2008, that Marilla B. "is essentially stable at this point in time. Check back in two months." *See* Government Exhibit 386A at ACDISC049728.

690.   AseraCare's medical record for Marilla B. contains a notation dated November 14, 2008, about a physician visit on November 13, 2008, that Marilla B. was, "[b]asically slowly going downhill but is stable." *See* Government Exhibit 386A at ACDISC048905.

691.   AseraCare's medical record for Marilla B. contains a notation dated January 16, 2009, about a physician visit on January 15, 2009, that Marilla B. "has severe Alzheimer's, advanced stage. She has minimal communication. Nursing staff reports no problems. She is stable and doing well." Government Exhibit 386A at ACDISC048904.

692.   AseraCare's medical record for Marilla B. contains a notation dated February 20, 2009, about a physician visit on February 19, 2009, that Marilla B. "is doing well. She is third stage Alzheimer's, confused. Lungs

are clear.  Heart has a regular rate.  Not having any current issues.  She is stable at this point in time."  Government Exhibit 386A at ACDISC048903.

693.    AseraCare's medical record for Marilla B. contains a notation dated February 24, 2009, that Marilla B. was "[i]n wheelchair, sitting up on own, constantly moving + reaching out to caregivers."  Government Exhibit 386A at ACDISC048947.

## 79. Marion G.

694.    The objective facts in AseraCare's medical record  for Marion G. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Marion G. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period February 6, 2007 through October 31, 2007.  *See* Government Exhibit 387; Trial Tr. at 1742:6 -1753:10 (S. Liao testimony).

695.    AseraCare admitted Marion G. to hospice with a failure to thrive diagnosis.  Government Exhibit 387A at ACDISC213163.

696.    AseraCare's medical record for Marion G. does not support that she had an irreversible progression of functional impairment during the relevant time period.  *See* Government Exhibit 387; Trial Tr. at 1742:6 - 1753:10 (S. Liao testimony).

176

697.    AseraCare's medical record for Marion G. contains a notation in a nursing clinical note that Marion G. was walking with her walker on March 12, 2007.  Government Exhibit 387A at ACDIS213432.

698.    AseraCare's medical record for Marion G. contains a notation in a nursing clinical note that Marion G. was walking with her walker or using her wheelchair on September 25, 2007.  Government Exhibit 387A at ACDISC213397.

### 80. Marjorie G.

699.    The objective facts in AseraCare's medical record for Marjorie G. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Marjorie G. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period February 5, 2010 through May 25, 2011.  *See* Government Exhibit 388; Trial Tr. at 1742:6 -1753:10 (S. Liao testimony).

700.    AseraCare admitted Marjorie G. to hospice with a dementia diagnosis.  Government Exhibit 388A at ACDISC140795.

701.    AseraCare's medical record for Marjorie G. does not support that Marjorie G. had a significant comorbid or secondary condition during the relevant time period.  *See* Government Exhibit 388; Trial Tr. at 1742:6 - 1753:10 (S. Liao testimony).

702.    AseraCare's medical record for Marjorie G. contains a notation in a nursing note dated November 17, 2009 that she did not have any "significant co-morbidities."  Government Exhibit 388A at ACDISC140985.

703.    AseraCare's medical record for Marjorie G. contains a notation in a Determining Terminal Status: Decline in Clinical Condition worksheet dated February 5, 2010 that Marjorie G. did not have any "co-morbids."  *See* Government Exhibit 388A at ACDISC140885.

704.    AseraCare's medical record for Marjorie G. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders for the benefit period from May 6, 2010 through August 3, 2010 that only lists anemia as a comorbid condition for Marjorie G.  Government Exhibit 388A at ACDISC140880.

705.    AseraCare's medical record for Marjorie G. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders for the benefit period from May 6, 2010 through August 3, 2010 that listed, "[d]ependent for ADL care, support while sitting.  Poor bed mobility, puts skin at risk for breakdown, poor nutrition, appetite, Wt [weight] loss."  Government Exhibit 388A at ACDISC140881.

706.   AseraCare's medical record for Marjorie G. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders for the benefit period from August 4, 2010 through October 2, 2010 that only listed "[a]nemia, dehydration" as Marjorie G.'s comorbid conditions.  Government Exhibit 388A at ACDISC140874.

707.   AseraCare's medical record for Marjorie G. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders for the benefit period from August 4, 2010 through October 2, 2010 that only listed "wt loss 2° to decreasing PO intake" as Marjorie G.'s secondary conditions.  Government Exhibit 388A at ACDISC140875.

708.   AseraCare's medical record for Marjorie G. contains a notation in a Determining Terminal Status: Decline in Clinical Status Worksheet dated March 14, 2011 that Marjorie G. did not have any "co-morbids" other than dementia.  Government Exhibit 388A at ACDISC140865.

709.   AseraCare's medical record for Marjorie G. contains a notation that Marjorie G. was discharged from hospice for extended prognosis on May 25, 2011.  Government Exhibit 388A at ACDISC140816.

**81 Mary A.**

710.   The objective facts in AseraCare's medical record for Mary A. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Mary A. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period December 1, 2010 through July 26, 2011.  *See* Government Exhibit 389; Trial Tr.at 2742:21 – 2745:7 (S. Liao Testimony).

711.   AseraCare admitted Mary A. to hospice on June 10, 2010 for adult failure to thrive.  Government Exhibit 389B at ACDISC112738-39.

712.   AseraCare's medical record for Mary A. contain a document titled "Business Office Patient Communication Form" signed by a clinical representative on November 29, 2010, with the notation that Mary A.'s hospice diagnosis was changed to "Alzheimers 331.0".  Government Exhibit 389B at ACDISC112748.

713.   AseraCare's medical record for Mary A. does not support that Mary A. had any significant secondary or co-morbid conditions during the December 1, 2010 through July 26, 2011 time period.   *See* Government Exhibit 389; Trial Tr.at 2742:21 – 2745:7 (S. Liao Testimony).

714.   AseraCare's medical record for Mary A. contains a document titled "Recertification of Terminal Illness" dated November 24, 2010, with a

notation that Mary A. had a Body Mass Index of 19.5.  Government Exhibit 389B at ACDISC112756.

715.   AseraCare's medical record for Mary A. contains a document entitled "Recertification of Terminal Illness" dated November 24, 2010, with a notation that Mary A. had a Body Mass Index of 19.5.  Government Exhibit 389B at ACDISC112756.

716.   AseraCare's medical record for Mary A. contains a document dated March 24, 2011, with a notation that Mary A. had a Body Mass Index of 20.4 and a weight of 134 pounds.  Government Exhibit 389B at ACDISC112760, ACDISC112762.

717.   AseraCare's medical record for Mary A. contains a document dated May 27, 2011, with a notation that Mary A. had a Body Mass Index of 20.5 and a weight of 135 pounds.  Government Exhibit 389B at ACDISC112774, ACDISC112776.

### 82. Mary B.

718.   The objective facts in AseraCare's medical record for Mary B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Mary B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period July 1, 2008 through March 31, 2009.  *See* Government Exhibit 390; Trial

Tr.at 3059:2- 3059:23, 3064:24 – 3071:24, 3073:23 – 3078:13, 3082:24 -

3083:14 (S. Liao Testimony).

719.    AseraCare admitted Mary B. to hospice with an adult failure to

thrive diagnosis on March 19, 2008.  Government Exhibit 390A at

ACDISC224879, ACDISC224913.

720.    AseraCare's medical record for Mary B. does not support that

Mary B. had an irreversible functional impairment but does support that her

impairment was due to her treatable reversible psychiatric conditions during

the relevant time period.  *See* Government Exhibit 390; Trial Tr.at 3059:2-

3059:23, 3064:24 – 3071:24, 3073:23 – 3078:13, 3082:24 - 3083:14 (S. Liao

Testimony).

721.    AseraCare's medical record for Mary B. contains notations in a

document titled "NURSING ASSESSMENT" dated March 19, 2008 about

Mary B.'s history of illness that stated, "BMI = 17.4, weight 98.4, fair [to]

poor appetite, able to feed self [at] times but often refuses food, meds (spits

out), V/S, personal care.  Incontinent B&B.  Totally dependent with ADLs.

Can be resistant and combative with care and screaming/yelling.  Had psych

hospital admit on 2/26/08 – 3/3/08.  Dysphagia.  Recommendation was 1

meal item at a time.  Psych eval ended [with] plan to focus on comfort and

supportive care and hospice.  Could [increase] Remeron and try Ritalin if

taking meds appropriately.  Dementia due to PSP."  Government Exhibit 390A at ACDISC224875.

722.   AseraCare's medical record for Mary B. contains a further notation in the March 19, 2008 nursing assessment that Mary B.'s mental status was "depression with suicidal thoughts; refused this RN's assessment."  Government Exhibit 390A at ACDISC224875.

723.   AseraCare's medical record for Mary B. contains a further notation in the March 19, 2008 nursing assessment under the header "SUMMARY/PROBLEMS/INTERVENTION/TREATMENTS/OUTCOMES" that stated:  "Pt. in bed on back in dark room. Told this RN to 'go away' on approach.  Gently introduced self [and] pt turned face away looking straight ahead – staring.  Would not answer pain question or allow any form of assessment."  Government Exhibit 390A at ACDISC224879.

724.   AseraCare's medical record for Mary B. contains a notation in a document titled "Hospice Local Coverage Determination Adult Failure to Thrive" dated June 10, 2008 that Mary B. did not meet the functional status criteria that the Karnofsky or PPS value be less than or equal to 40%.  Government Exhibit 390A at ACDISC224966.

725.   AseraCare's medical record for Mary B. contains a notation in the document titled "Hospice Local Coverage Determination Adult Failure

to Thrive" dated June 10, 2008 that stated, "Pt has lost 5% of her wt since admission on 3-19-08.  She walks to her cafeteria table.  She feeds herself.  She does not do any other ADLs.  She is incontinent of bowel [and] bladder and she cannot dress herself.  Her orientation – she is disoriented, angry and combative.  She rarely speaks."  Government Exhibit 390A at ACDISC224967.

726.   AseraCare's medical record for Mary B. contains notations in a document titled "Hospice Local Coverage Determination Adult Failure to Thrive" dated December 9, 2008 that indicate that Mary B. met all the nutritional and functional status criteria; however, also contains notations under the header "Supporting Documentation" that Mary B. "[h]as a behavior disorder that does not allow staff to track or assist without pt screaming or becoming agitated.  Will not allow us (hospice) to take VS or listen to her lungs; extreme paranoid behavior.  Will not allow to feed.  Does drink well and usually drinks anything given like Ensure."  Government Exhibit 390A at ACDISC224971-72.

727.   AseraCare's medical records contain notations in a document titled "Hospice Local Coverage Determination Adult Failure to Thrive documentation" dated as signed on January 31, 2009 and February 3, 2009 that Mary B. "must be cued to eat and drink, encouraged to drink fluids;

resistant to care, combative; unable to participate in ADLs [with] exception of feeding self, if she chooses; frequently agitated, screams, paranoid; supplements encouraged; [no] longer able to ambulate." Government Exhibit 390A at ACDISC224974.

### 83. Mary C.

728.   The objective facts in AseraCare's medical record for Mary C. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Mary C. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on December 19, 2010 through January 31, 2012.  *See* Government Exhibit 391; Trial Tr. at 2261:12 – 2264:5, 2277:15 – 2287:7 (S. Liao Testimony).

729.   AseraCare admitted Mary C. to hospice with a heart disease diagnosis.  Government Exhibit 391B at ACDISC138416.

730.   AseraCare's medical record for Mary C. does not support that Mary C. was at the most advanced stage of her heart failure (NYHA IV) or being optimally treated for her heart failure during the relevant time period. *See* Government Exhibit 391; Trial Tr. at 2261:12 – 2264:5, 2277:15 – 2287:7 (S. Liao Testimony).

731.   AseraCare's medical record for Mary C. contains notations in a document titled "Nursing Clinical Note" dated December 27, 2010 that Mary C. had the cardiopulmonary symptom of mild dyspnea and no cardiac-related pain and further stated that Mary C. was "OOB [out of bed] to WC [wheelchair]."  Government Exhibit 391B at ACDISC139219, ACDISC139220.

732.   AseraCare's medical record for Mary C. contains notations in a document titled "Nursing Clinical Note" dated July 11, 2011 that Mary C. did not have the cardiopulmonary symptoms of dyspnea or cardiac-related pain and further stated under the header "NURSING NARRATIVE" that Mary C. "is OOB [out of bed] to WC [wheelchair] initially at breakfast," and "continues to refuse O2 [oxygen]."  *See* Government Exhibit 391B at ACDISC138937, ACDISC138939.

733.   AseraCare's medical record for Mary C. contains a notation in a document titled "Comprehensive Physical Examination" dated January 23, 2012 that Mary C. was a NYHA Class III.  Government Exhibit 391B at ACDISC138427.

**734.**   AseraCare's medical record for Mary C. contains a notation in a document titled "Active Medication Profile Report" dated March  22, 2011

186

that Mary C. was ordered to start Lasix at 20 mg daily on December 19, 2010.  Government Exhibit 391 at ACDISC138588.

735.   AseraCare's medical records contain a notation in a document titled "PHYSICIAN'S ORDER SHEET" that Mary C. was ordered to begin Lasix at 40 mg daily on August 21, 2011.  Government Exhibit 391 at ACDISC138543.

## 84. Mary H.

736.   The objective facts in AseraCare's medical record for Mary H. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Mary H. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period January 22, 2009 through March 17, 2010.  *See* Government Exhibit 392; Trial Tr.at 2645:2 – 2653:6 (S Liao Testimony).

737.   AseraCare admitted Mary H. to hospice in January 22, 2009 for adult failure to thrive.  Government Exhibit 392 at ACDISC109332, ACDISC109362.

738.   AseraCare's medical record for Mary H. does not support that Mary H. had irreversible nutritional or functional impairments in the January 22, 2009 through March 17, 2010 time period.  *See* Government Exhibit 392; Trial Tr.at 2645:2 – 2653:6 (S. Liao Testimony).

187

739.   AseraCare's medical record for Mary H. contains a document titled "Nutritional Assessment" with a notation dated December 22, 2008 that Mary H. weighed 98 pounds, a notation dated December 29, 2008 that Mary H. weighed 100 pounds, and a notation dated January 21, 2009 (a late entry for January 19, 2009) that Mary H. weighed 101.7 pounds.  *See* Government Exhibit 392A at ACDISC109442.

740.   AseraCare's medical record for Mary H. contains a document titled "AseraCare Nutritional Assessment" dated January 30, 2009, with a notation that Mary H. had an albumin level of 3.4.  *See* Government Exhibit 392A at ACDISC109582-83.

741.   AseraCare's medical record for Mary H. contains a document dated January 30, 2009, with a notation that Mary H. was "in [wheelchair] in facility.  Pt. ambulating in facility" and that "[weight] appears to be up slightly in December.  One [weight] was 102.4."  *See* Government Exhibit 392A at ACDISC109585.

742.   AseraCare's medical record for Mary H. contains a document dated January 30, 2009, with a notation that Mary H.'s weight "appears to be slightly up in December - One wt was 102.4."  Government Exhibit 392A at ACDISC109585.

743.    AseraCare's medical record for Mary H. contains a document entitled "IDT Discharge Summary" dated March 23, 2010, with a notation that the reason for Mary H.'s discharge was "Extended prognosis." Government Exhibit 392 at ACDISC109342.

### 85. Mary M.

744.    The objective facts in AseraCare's medical record for Mary M. create a genuine issue of  material fact about whether the documentation in AseraCare's medical record for Mary M. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on October 19, 2009 through September 30, 2010.  *See* Government Exhibit 393; Trial Tr.at 2360:18 – 2362:4, 2371:7-12 (S. Liao Testimony).

745.    AseraCare admitted Mary M. to hospice with a debility diagnosis.  Government Exhibit 393 at ACDISC016454.

746.    AseraCare changed Mary M's hospice diagnosis to dementia in January 2010.  Government Exhibit 393 at ACDISC016479.

747.    AseraCare changed Mary M.'s hospice diagnosis back to debility in May 2010.  Government Exhibit 393 at ACDISC016889.

748.    AseraCare's medical record for Mary M. does not support that Mary M. had irreversible functional or nutritional impairment nor did she

189

have a significant comorbid or secondary condition during the relevant time periods. *See* Government Exhibit 393; Trial Tr.at 2360:18 – 2362:4, 2371:7-12 (S. Liao Testimony).

749.   AseraCare's medical record for Mary M. contain notations in a document titled "NUTRITIONAL ASSESSMENT" dated February 2009 that Mary M.'s ideal body weight was 103 to 127 pounds and her usual body weight was 115 pounds.  Government Exhibit 393 at ACDISC016642.

750.   AseraCare's medical record for Mary M. contains a notation in a document titled "General Medical Guidelines for Determining Prognosis dated October 19, 2009 that Mary M. was "able to ambulate [with] assist. . . ."  Government Exhibit 393 at ACDISC016474.

751.   AseraCare's medical record for Mary M. contains notations in a document titled "DETERMINING TERMINAL STATUS: Adult Failure to Thrive Worksheet" dated January 12, 2010 that Mary M.'s weight in July 2009 was 119 pounds and her BMI was 22.5 percent; her weight on October 19, 2009 was 108 pounds and her BMI was 20.4 percent; and her weight on January 12, 2010 was 113 pounds and her BMI was 21.3 percent. Government Exhibit 393 at ACDISC016459.

752.   AseraCare's medical record for Mary M. contains a document titled "Recertification of Terminal Illness" signed by the physician on April

13, 2010 listing cerebrovascular accident and urinary tract infection as Mary M.'s secondary complications and cerebrovascular accident as Mary M.'s comorbid condition.  Government Exhibit 393 at ACDISC016478.

753.    AseraCare's medical record for Mary M. contains a notation in a document titled "DETERMINING TERMINAL STATUS: Adult Failure to Thrive Worksheet" dated September 21, 2010 that Mary M. was "[a]ble to propel self around the unit."  Government Exhibit 393 at ACDISC016456.

### 86. Mary S.

754.    The objective facts in AseraCare's medical record for Mary S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Mary S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from admission on December 12, 2010 to August 31, 2011.  *See* Government Exhibit 394; Trial Tr. at 1722:16 -1728:13 (S. Liao testimony).

755.    AseraCare admitted Mary S. to hospice with an Alzheimer's disease diagnosis.  *See* Government Exhibit 394A at ACDISC037846.

756.    AseraCare's medical record for Mary S. does not support that Mary S. was a Functional Assessment Staging Tool (FAST) 7 during the

relevant time period. *See* Government Exhibit 394; Trial Tr. at 1722:16 - 1728:13 (S. Liao testimony).

757.   AseraCare's medical record for Mary S. contains a notation in a clinic note that on November 26, 2010, a physician described Mary S. as "fairly talkative. [Mary S.] does recognize her name. [Mary S.] does know where she actually is". Government Exhibit 394A at ACDISC037759.

758.   AseraCare's medical record for Mary S. contains notations in AseraCare's hospice local coverage determination for Alzheimer's disease document for benefit period December 12, 2010 to March 11, 2011, that Mary S. had not met the criteria for Fast 7A - "ability to speak is limited (1 to 5 words a day)," "all intelligible vocabulary lost," "unable to smile," and "unable to hold head up". Government Exhibit 394A at ACDISC038684.

759.   AseraCare's medical record for Mary S. contains notations in AseraCare's hospice local coverage determination for Alzheimer's disease document for benefit period August 9, 2011 to October 7, 2011, that Mary S. had not met the criteria for Fast 7A - "ability to speak is limited (1 to 5 words a day)", "all intelligible vocabulary lost", "unable to sit up independently", "unable to smile" and "unable to hold head up". Government Exhibit 394A at ACDISC038412.

**87. Micaela C.**

192

760.   The objective facts in AseraCare's medical record for Micaela C. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Micaela C. supported a terminal prognosis of six months or less to live if the illness ran its normal course from her admission on April 23, 2009 through March 31, 2011.  *See* Government Exhibit 395; Trial Tr. at 1841:18-1846:20 (S. Liao testimony).

761.   AseraCare admitted Micaela C. to hospice with a heart failure diagnosis.  *See* Government Exhibit 395A at ACDISC195193.

762.   AseraCare's medical record for Micaela C. does not support that Micaela C. was a New York Heart Disease Association Class IV and that she was receiving optimal treatment for her heart and lung conditions from April 23, 2009 through March 31, 2011.  *See* Government Exhibit 395; Trial Tr. at 1841:18-1846:20 (S. Liao testimony).

763.   AseraCare's medical record for Micaela C. contains a document titled "Nursing Clinical Note" dated June 22, 2009 with a notation that Micaela C. was "lying in bed talking.  Denies [shortness of breath] at present" and that Micaela C. had "less [shortness of breath] today reports provider."  *See* Government Exhibit 395 at ACDISC196077.

764.   AseraCare's medical record for Micaela C. contains a document titled "Nursing Clinical Note" dated February 11, 2011 with notations that

Micaela C. had "no [oxygen] on @ this moment and [with nebulizer treatments] – Albuterol ordered from HP-Lungs clear [with] coughing."  *See* Government Exhibit 395A at ACDIS195911. *See* Government Exhibit 395A at ACDIS195911.

765.   AseraCare's medical record for Micaela C. contains a document titled "Nursing Clinical Note" dated March 13, 2011 with a notation that Micaela C. did not have dyspnea at rest.  *See* Government Exhibit 395 at ACDISC195894.

766.   AseraCare's medical records contains a document titled "Active Medication Profile" dated August 25, 2010 a notation that Micaela C. was prescribed Nitroglycerin as needed and Hydralazine, 50 mg. twice a day. *See* Government Exhibit 395A at ACDISC196240.

**88. Michael B.**

767.   The objective facts in AseraCare's medical record for Michael B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Michael B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period October 26, 2007 through March 31, 2009.  *See* Government Exhibit 396; Trial Tr. at 1828:5-1836:9; 1837:16 - 1841:17 (S. Liao testimony).

194

768.   On October 26, 2007, AseraCare admitted Michael B. to hospice with a heart disease diagnosis.  Government Exhibit 396A at ACDISC126433.

769.   Michael B. was readmitted to hospice with COPD in March 2008.  Government Exhibit 396A at ACDISC126910.

770.   AseraCare's medical record for Michael B. does not support that Michael B. was at the most advanced stage of his heart disease (New York Heart Disease Association or NYHA Class IV) or that he was receiving optimal treatment for heart disease or a cardiopulmonary condition during the relevant time period.  *See* Government Exhibit 396; Trial Tr. at 1828:5-1836:9; 1837:16 - 1841:17 (S. Liao testimony).

771.   AseraCare's medical record for Michael B. contains a notation that Michael B. was admitted on September 21, 2007 to Highland Drive VA hospital with agitation and confusion.  Government Exhibit 396 at ACDISC126533.

772.   AseraCare's medical record for Michael B. contains a discharge summary from Highland Drive VA hospital that does not reference a diagnosis of heart disease.  Government Exhibit 396 at ACDISC126547.

773.   AseraCare's medical record for Michael B. contains a notation in the VA hospital medication record dated September 2007 that Michael B.

was only receiving two medications for heart failure – Lisinopril and Amiodarone.  Government Exhibit 396A at ACDISC126543 - 6544.

774.   AseraCare's medical record for Michael B. contains notations in an AseraCare Hospice Local Coverage Determination for Heart Disease for the benefit period from October 26, 2007 through January 23, 2008 that Michael B. did not meet criteria for "symptoms are present even at rest," was ambulating with a walker, and had no edema.  Government Exhibit 396A at ACDISC126490.

775.   AseraCare's medical record for Michael B. contains notations in an AseraCare Hospice Local Coverage Determination for Heart Disease for the benefit period from October 26, 2007 through January 25, 2008 that Michael B. was having shortness of breath with exertion only.  Government Exhibit 396A at ACDISC126490.

776.   AseraCare's medical record for Michael B. contains notations in an AseraCare Hospice Local Coverage Determination for Heart Disease for the benefit period from October 26, 2007 through January 25, 2008 that Michael B. was not having, "angina pectoris, at rest, resistant to standard nitrate therapy and are either not candidates or decline invasive procedures." Government Exhibit 396A at ACDISC126490.

777.   AseraCare's medical record for Michael B. contains a notation in a nursing clinical note dated March 13, 2008 that Michael B. had minimal shortness of breath with ambulation.  Government Exhibit 396A at ACDISC126910.

778.   AseraCare's medical record for Michael B. indicates in an active medication report dated March 18, 2008 that Michael B. was not receiving any diuretic.  Government Exhibit 396A at ACDISC127413.

779.   AseraCare's medical record for Michael B. contains a notation in an AseraCare Hospice Local Coverage Determination for Cardiopulmonary Disease LCD, for the benefit period from October 20, 2008 to December 18, 2008, that Michael B. had not met criteria for "optimally treated with diuretics and vasodilators" or "[d]ocumentation of ejection fraction of <20%", as listed under functions of cardiovascular and respiratory systems. Government Exhibit 396A at ACDISC126479.

780.   AseraCare's medical record for Michael B. contains a notation in an AseraCare Hospice Local Coverage Determination for Cardiopulmonary Disease LCD, for the benefit period from February 17, 2009 to April 17, 2009, that Michael B. had not met criteria for "structures of the cardiovascular and respiratory systems."  Government Exhibit 396A at ACDISC126471.

781.   AseraCare's medical record for Michael B. contains a notation that on April 14, 2009, Michael B. was discharged for extended prognosis. See Government Exhibit 396A at ACDISC126447.

### 89. Mildred H.

782.   The objective facts in AseraCare's medical record for Mildred H. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Mildred H. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period March 23, 2010 through January 31, 2012.  *See* Government Exhibit 397; Trial Tr. at 1655:4 -1664:10; 1665:15 - 1669:17 (S. Liao testimony).

783.   AseraCare admitted Mildred H. to hospice with an adult failure to thrive diagnosis.  Government Exhibit 397A at ACDISC65001.

784.   AseraCare's medical record for Mildred H. does not support that she had an irreversible progression of functional impairment during the relevant time period.  *See* Government Exhibit 397; Trial Tr. at 1655:4 - 1664:10; 1665:15 - 1669:17 (S. Liao testimony).

785.   AseraCare's medical record for Mildred H. contains notations in a nursing clinical note that Mildred H. was sitting up in her wheelchair,

and "self-propelling around the room" on July 26, 2010.  Government

Exhibit 397A at ACDISC65871.

786.   AseraCare's medical record for Mildred H. contains a notation

that on March 14, 2011, Mildred H.'s score under the PPS ["Palliative

Performance Scale"] was recorded at 50 percent.  Government Exhibit 397A

at ACDISC65305.

787.   AseraCare's medical record for Mildred H. contains a notation

that on May 20, 2011, Mildred H.'s score under the PPS was recorded at 50

percent.  Government Exhibit 397A at ACDISC065377.

788.   AseraCare's medical record for Mildred H. contains a notation

that on January 2, 2012, Mildred H.'s score under the PPS was recorded at

50 percent.  Government Exhibit 397A at ACDISC65346.

### 90. Mildred O.

789.   The objective facts in AseraCare's medical record for Mildred

O. create a genuine issue of material fact about whether the documentation

in AseraCare's medical record for Mildred O. supported a terminal

prognosis of six months or less to live if the illness ran its normal course for

the period July 1, 2008 through March 31, 2009.  *See* Government Exhibit

398; Trial Tr. 2727:17 – 2733:4 (S. Liao Testimony).

790.    AseraCare admitted Mildred O. to hospice in November 14, 2007 for COPD, which is an abbreviation for Chronic Obstructive Pulmonary Disease.  Government Exhibit 398A at Archived0022545.

791.    AseraCare's medical record for Mildred O. does not support that Mildred O. was at the most advanced stage of COPD in the July 1, 2008 through March 31, 2009 time period.  *See* Government Exhibit 398; Trial Tr. 2727:17 – 2733:4 (S. Liao Testimony).

792.    AseraCare's medical record for Mildred O. contains a document titled "Hospice Local Coverage Determination Pulmonary Disease" dated August 25, 2008, with a notation that Mildred O.'s respiration was "easy [and] unlabored at rest".  Government Exhibit 398A at Archived0022562.

793.    AseraCare's medical record for Mildred O. contains a document titled "Hospice Local Coverage Determination Pulmonary Disease" dated December 24, 2008, with a notation that Mildred O.'s respiration was "easy [and] unlabored at rest" and that Mildred O. "has [shortness of breath with] minimal exertion."  Government Exhibit 398A at Archived0022558.

## 91. Myra P.

794.   The objective facts in AseraCare's medical record for Myra P. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Myra P. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 9, 2010 through January 22, 2012.  *See* Government Exhibit 399; Trial Tr. at 1770:6-1777:8 (S. Liao testimony).

795.   AseraCare admitted Myra P. to hospice with a diagnosis of Alzheimer's disease.  Government Exhibit 399A at ACDISC043666.

796.   AseraCare's medical record for Myra P. does not support that Myra P. had significant comorbid or secondary conditions during the relevant time period.  *See* Government Exhibit 399; Trial Tr. at 1770:6-1777:8 (S. Liao testimony).

797.   AseraCare's medical record for Myra P. contains a notation in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease for benefit period December 1, 2011 through January 29, 2012 that Myra P. did not meet any of the comorbid conditions listed except for dependence in ADLs and advanced age.  Government Exhibit 399B at ACDISC043674.

798.   AseraCare's medical record for Myra P. contains a notation in an AseraCare Hospice Local Coverage Determination for Alzheimer's

201

Disease for benefit period December 1, 2011 through January 29, 2012 that

Myra P. did not meet any of the secondary conditions listed except for

dysphagia and orientation/cognitive status compared to 6 months ago.

Government Exhibit 399B at ACDISC043675.

799.   AseraCare's medical record for Myra P. contains a notation that

Myra P. was discharged on January 22, 2012 "due to extended prognosis."

Government Exhibit 399B at ACDISC043669.

### 92. Naomi M.

800.   The objective facts in AseraCare's medical record for Naomi M

create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for Naomi M. supported a terminal prognosis of

six months or less to live if the illness ran its normal course for the period

August 1, 2009 through August 23, 2010.  *See* Government Exhibit 400;

Trial Tr. 2638:25 – 2645:1 (S. Liao Testimony).

801.   AseraCare admitted Naomi M. to hospice on April 23, 2009

with a diagnosis of adult failure to thrive.  *See* Government Exhibit 400 at

ACDISC105000.

802.   AseraCare's medical record for Naomi M. does not support that

Naomi M. had irreversible nutritional impairments for the period August 1,

2009 through August 23, 2010.  *See* Government Exhibit 400; Trial Tr. 2638:25 – 2645:1 (S. Liao Testimony).

803.   AseraCare's medical record for Naomi M. contains a document titled "Nursing Clinical Note" dated May 11, 2009, with handwritten notations that Naomi M.'s weight on April 7 was 97.0 pounds and was 96 lbs. on May 5, 2009.  Government Exhibit 400A at ACDISC105399.

804.   AseraCare's medical record for Naomi M. contains a document dated August 3, 2009, with a notation that Naomi M.'s weight was recorded in July as 100.6 pounds.  Government Exhibit 400A at ACDISC105373.

805.   AseraCare's medical record for Naomi M. contains a document titled "Determining Terminal Status: Adult Failure To Thrive Worksheet" dated May 11, 2010, with a notation that Naomi M.'s weight was 107.8 pounds.  Government Exhibit 400A at ACDISC104972.

### 93. Nellie C.

806.   The objective facts in AseraCare's medical record for Nellie C. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Nellie C. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period October 10, 2007 through March 31, 2009.  *See* Government Exhibit 401; Trial Tr. at 1852:21-1870:11 (S. Liao testimony).

807.   AseraCare admitted Nellie C. to hospice with a diagnosis of heart disease.  Government Exhibit 401A at ACDISC165006.

808.   AseraCare's medical record for Nellie C. does not support that Nellie C. was at the most advanced stage of heart disease (New York Heart Association or NYHA Class IV) or optimally treated for terminal heart disease.  *See* Government Exhibit 401; Trial Tr. at 1852:21-1870:11 (S. Liao testimony).

809.   AseraCare's medical record for Nellie C. contains a notation in an admission medication profile dated October 10, 2007 that Nellie C. was not on a major diuretic.  Government Exhibit 401A at ACDISC165356.

810.   AseraCare's medical record for Nellie C. contains a notation in a General Medical Guidelines for Determining Prognosis document dated October 10, 2007 that Nellie C.'s Palliative Performance Score was 50 percent.  Government Exhibit 401A at ACDISC165044.

811.   AseraCare's medical record for Nellie C. contains a notation in a General Medical Guidelines for Determining Prognosis document dated October 10, 2007 that Nellie C. had dyspnea upon ambulation.  Government Exhibit 401A at ACDISC165044.

812.    AseraCare's medical record for Nellie C. contains a notation in a medication profile that on August 19, 2008, Nellie C. was ordered Lasix at 20 milligrams daily.  Government Exhibit 401A at ACDISC165354.

### 94. Norman K.

813.    The objective facts in AseraCare's medical record for Norman K. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Norman K. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period April 30, 2009 through July 23, 2010.  *See* Government Exhibit 402; Trial Tr. 2301:13-2319:5 (S. Liao Testimony).

814.    AseraCare admitted Norman K. to hospice on April 30, 2009 with an admitting diagnosis code of 423.9, which is the code for pericardial disease non-specified and is often referred to as end-stage cardiac disease. Government Exhibit 402 at ACDISC087693.

815.    AseraCare's medical record for Norman K. contains a document titled "Nurse Visit Note" dated May 26, 2009, with the following notation regarding Norman K.'s terminal hospice diagnosis: "Terminal DX: COPD/Heart Failure."  Government Exhibit 402 at ACDISC086327.

816.    AseraCare's medical record for Norman K. does not support that Norman K. was at the most advanced stage of his heart disease (New

205

York Heart Disease Association or NYHA Class IV) or the most advanced stage of COPD during the relevant time period.  *See* Government Exhibit 402; Trial Tr. 2301:13-2319:5 (S. Liao Testimony).

817.    AseraCare's medical record for Norman K. contains a document titled "Initial Nursing Assessment" dated April 30, 2009, with notations that Norman K. has "Dyspnea/shortness of breath" upon exertion of walking or talking but not when "[a]t rest," and that Norman K. "lives alone [with] 2 small dogs." Government Exhibit 402B at ACDISC087133, ACDISC087137.

818.    AseraCare's medical record for Norman K. contains a document titled "Patient Information Form" from Providence Hospital dated July 27, 2010, with the notation that Norman K. "was brought into the emergency room and was given some IV fluids."  Government Exhibit 402B at ACDISC086773.

819.    AseraCare's medical record for Norman K. contains a document titled "Patient Information Form" from Providence Hospital dated July 27, 2010, with the notation that Norman K. took home medications including: "Lisinopril 10 mg p.o. daily," "Metoprolol 25 mg p.o. b.i.d.," Lasix 40 mg p.o b.i.d."  Government Exhibit 402B at ACDISC086773-74.

820.   AseraCare's medical record for Norman K. contains a document titled "Patient Information Form" from Providence Hospital dated July 27, 2010, with the notation that Norman K. had "[n]o chest pain. Positive shortness of breath.  Positive dyspnea on exertion." Government Exhibit 402B at ACDISC086774.

821.   AseraCare's medical record for Norman K. contains a document entitled "Patient Information Form" from Providence Hospital dated July 27, 2010, with the notation that Norman K. had the following vital signs: "heart rate 81," "respiratory rate 22," "Oxygen saturation 95% on 3 L oxygen."  Government Exhibit 402B at ACDISC086774.

822.   AseraCare's medical record for Norman K. contains a document entitled "Patient Information Form" from Providence Hospital dated July 27, 2010, with the notation that Norman K. had the following cardiovascular condition: "regular rate and rhythm."  Government Exhibit 402B at ACDISC086774.

823.   AseraCare's medical record for Norman K. contains a document entitled "Patient Information Form" from Providence Hospital dated July 27, 2010, with the notation that Norman K. had the following condition in his extremities: "No edema." Government Exhibit 402B at ACDISC086774.

## 95. Oral D.

824.    The objective facts in AseraCare's medical record for Oral D. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Oral D. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period May 10, 2010 through October 14, 2011.  *See* Government Exhibit 403; Trial Tr. at 1733:17 – 1734:24; 1736:20 - 1742:5 (S. Liao testimony).

825.    AseraCare admitted Oral D. to hospice with an Alzheimer's disease diagnosis.  Government Exhibit 403A at ACDISC210573.

826.    AseraCare's medical record for Oral D. does not support that she had a significant comorbid or secondary condition during the relevant time period.  *See* Government Exhibit 403; Trial Tr. at 1733:17 – 1734:24; 1736:20 - 1742:5 (S. Liao testimony).

827.    AseraCare's medical record for Oral D. contains a notation in a Recertification of Terminal Illness Attestation for Hospice Medical Directors, signed by a physician, that on May 5, 2011, Oral D.'s only secondary conditions were depression and difficulty swallowing. Government Exhibit 403A at ACDISC210095.

828.    AseraCare's medical record for Oral D. contains a notation in a Recertification of Terminal Illness Attestation for Hospice Medical

Directors, signed by a physician, that on May 5, 2011, Oral D.'s only comorbid conditions were, "DJD ["degenerative joint disease"], hypothyroidism."  Government Exhibit 403A at ACDISC210095.

829.   AseraCare's medical record for Oral D. contains a notation that on May 16, 2011, Oral D. had a "pureed diet" but "no swallowing difficulties noted."  Government Exhibit 403A at ACDISC210343.

830.   AseraCare's medical record for Oral D. contains a notation that on October 14, 2011, Oral D. was discharged from hospice by a hospice initiated discharge for eligibility reasons.  Government Exhibit 403A at ACDISC210073.

## 96. Oron L.

831.   The objective facts in AseraCare's medical record for Oron L. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Oron L. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from his admission on October 26, 2009 through March 31, 2010.  *See* Government Exhibit 404, Trial Tr. 2208:16-2208:20; 2214:22-2219:10 (S. Liao testimony).

832.   AseraCare admitted Oron L. to hospice with a debility diagnosis.  Government Exhibit 404A at ACDISC139735.

833.   AseraCare's medical record for Oron L. does not support that Oron L. had irreversible nutritional impairment between October 26, 2009 and March 31, 2010.  *See* Government Exhibit 404, Trial Tr. 2208:16-2208:20; 2214:22-2219:10 (S. Liao testimony).

834.   AseraCare's medical record for Oron L. contains notations dated October 1, 2009 that Oron L weighed 182 pounds, "is currently 140% of [ideal body weight] with a BMI of 30.8" and that he is "[d]isplaying no weight change at 30 or 180 days."  Government Exhibit 404 at ACDISC139886.

835.   AseraCare's medical record for Oron L. contains a notation that Oron L.'s weight was 171.6 pounds on October 5, 2009.  *See* Government Exhibit 404 at ACDISC139897.

836.   AseraCare's medical record for Oron L. contains a notation that Oron L.'s weight was 171 pounds in December 2009.  Government Exhibit 404A at ACDISC139803.

837.   On January 27, 2010, AseraCare changed Oron L.'s diagnosis to Alzheimer's disease.  Government Exhibit 404A at ACDISC139747.

838.   AseraCare's medical record for Oron L. does not support that Oron L. had significant comorbid or secondary conditions in the January 28,

210

2010 to March 31, 2010 time-period.  Government Exhibit 404, Trial Tr.
2208:16-2208:20; 2214:22-2219:10 (S. Liao testimony).

839.   AseraCare's medical record for Oron L. contained a document
titled "Comprehensive Physical Examination" dated April 28, 2010, with a
notation that Oron L. had a Parkinson's disease diagnosis.  Government
Exhibit 404A at ACDISC139733.

### 97. Patricia D.

840.   The objective facts in AseraCare's medical record for Patricia
D. create a genuine issue of material fact about whether the documentation
in AseraCare's medical record for Patricia D. supported a terminal prognosis
of six months or less to live if the illness ran its normal course for the period
July 21, 2010 through November 12, 2011.  *See* Government Exhibit 405;
Trial Tr. 2287:8 – 2301:12 (S. Liao Testimony).

841.   AseraCare admitted Patricia D. to hospice on July 21, 2010 for
"senile dementia uncomplicated."  *See* Government Exhibit 405 at
ACDISC045398.

842.   AseraCare's medical record for Patricia D. does not support that
Patricia D. was a FAST 7 during the relevant time period.  *See* Government
Exhibit 405; Trial Tr. 2287:8 – 2301:12 (S. Liao Testimony).

843.   AseraCare's medical record for Patricia D. contains a document titled "Volunteer Note" dated September 29, 2010, with the notation that Patricia D. "was pleasant [and] smiling frequently during our visit.  She would answer question and initiate conversation most of which was inappropriate."  Government Exhibit 405A at ACDISC046041.

844.   AseraCare's medical record for Patricia D. contains a document titled "Volunteer Note" dated November 9, 2010, with the notation "I asked her about her family and even though she looked confused, she tried hard to remember and usually came up with the answer.  She laughs a lot and I really enjoy that about her.  She always seems to be in a good mood and I honestly have never seen her asleep.  She is a very sweet lady and I look forward to our visits!  We talked about her family and I was amazed at what she remembered."  Government Exhibit 405A at ACDISC046044.

845.   AseraCare's medical record for Patricia D. contains a document entitled "AseraCare Hospice Notice of Non-Coverage" indicating that Patricia D. was discharged for extended prognosis on November 12, 2011. Government Exhibit 405 at ACDISC045400.

## 98. Patricia F.

846.   The objective facts in AseraCare's medical record for Patricia F. create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for Patricia F. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 1, 2010 through July 25, 2011. *See* Government Exhibit 406; Trial Tr. at 1595:6-1620:11 (S. Liao testimony).

847.   AseraCare admitted Patricia F. to hospice with a pulmonary fibrosis prognosis during the relevant time period. *See* Government Exhibit 406A at ACDISC015500.

848.   AseraCare's medical record for Patricia F. does not support that she was at the most advanced stage of pulmonary fibrosis disease during the relevant time period. *See* Government Exhibit 406; Trial Tr. at 1595:6-1620:11 (S. Liao testimony).

849.   AseraCare's medical record for Patricia F. contains notations in a hospital discharge summary dated March 29, 2010 that Patricia F. "overall had improved on the day of discharge to an O2 [oxygen] requirement of not needing any oxygen at rest and needing some with activity" and listed the following discharge medications including, "DuoNebs [nebulizer treatments] every 4 hours as needed" and "Prednisone [steroid] taper as well." Government Exhibit 406A at ACDISC015584-85.

850.   AseraCare's medical record for Patricia F. contains notations in a hospital record dated May 14, 2010, that Patricia F. "has been driving

without her oxygen" and listed Patricia F.'s current medications as "DuoNebs 1 dose nebulized every 4 hours as needed for shortness of breath" and "Prednisone 10 mg daily."  Government Exhibit 406A at ACDISC015579-80.

851.   AseraCare's medical record for Patricia F. contains a notation in a Certification of Terminal Illness for the first benefit period (June 1, 2010 to August 29, 2010) that Patricia F.'s score under the Palliative Performance Scale was 50 percent.  Government Exhibit 406A at ACDISC015456.

852.   AseraCare's medical record for Patricia F. contains notations in a family medicine chart dated July 13, 2010 that Patricia F. "drove herself here [doctor's appointment] today…[and] forgot her oxygen in the car." During this visit, Patricia F. had "some SOB [short of breath] with exertion", "[d]oes Duonebs about once per week", and she was "[o]verall doing well". It is also documented on the same date that Patricia F. "currently smokes, ½ pack per week…[and] has been counseled to quit" and that she exercises regularly and "walks some."  Government Exhibit 406 at ACDISC015589-90.

853.   AseraCare's medical record for Patricia F. contains a notation in a family medicine chart dated December 27, 2010 that Patricia F. had

214

"some SOB with exertion" and was on "5 mg Prednisone."  Government

Exhibit 406A at ACDISC015595.

854.   AseraCare's medical record for Patricia F. contains notations in

a psychosocial/spiritual note dated July 25, 2011that Patricia F. "walks about

her apt. [apartment]."  Government Exhibit 406A at ACDISC015472.

855.   AseraCare's medical record for Patricia F. contains notations

that Patricia F. was discharged on July 25, 2011 for eligibility reasons

summarizing Patricia F.'s care as "slow[] decline[] . . . It then became

difficult for her to go upstairs so she became unable to run errands, empty

her trash or do her laundry.  A volunteer was obtained to do these things for

her."  Government Exhibit 406A at ACDISC015489.


### 99. Paul M.

856.   The objective facts in AseraCare's medical record for Paul M.

create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for Paul M. supported a terminal prognosis of

six months or less to live if the illness ran its normal course for the period

July 1, 2008 through March 31, 2009.  *See* Government Exhibit 407; Trial

Tr. 2692:15 – 2702:1 (S. Liao Testimony).

857.   AseraCare admitted Paul M. to hospice on March 18, 2008 with a diagnosis of "cerebral atherosclerosis."  *See* Government Exhibit 407A at Archived0016587.

858.   AseraCare's medical record for Paul M. contains a document titled "Hospice Change in Level of Care and/or Patient Status" dated June 12, 2008, with a notation that Paul M.'s hospice diagnosis was changed to "cerebrovascular disease."  *See* Government Exhibit 407A at Archived0016572.

859.   AseraCare's medical record for Paul M. does not support that Paul M. had both irreversible nutritional and functional impairment in the July 1, 2008 through March 31, 2009 time period.  *See* Government Exhibit 407; Trial Tr. 2692:15 – 2702:1 (S. Liao Testimony).

860.   AseraCare's medical record for Paul M. contains a document titled "Nursing Assessment" dated June 9, 2008, with a notation that Paul M.'s weight was 138.7 pounds.  *See* Government Exhibit 407A at Archived0016799.

861.   AseraCare's medical record for Paul M. contains a document titled "Hospice Local Coverage Determination Stroke or Coma" dated June 9, 2008, with five separate notations indicating that Paul M. did not meet the criteria listed under Nutritional Status section of the document and a notation

216

that "[p]atient can only ambulate short distances in his room [with] walker [and] assist X1 usually is transferred to walker.  Pt. sleeps usually most of the times even when up in [wheelchair]."  *See* Government Exhibit 407A at Archived0016630, Archived0016633.

862.   AseraCare's medical record for Paul M. contains a document titled "Nursing Assessment" dated September 9, 2008, with a notation that Paul M.'s weight was 147.8 pounds.  *See* Government Exhibit 407A at Archived0016794.

863.   AseraCare's medical record for Paul M. contains a document entitled "Nursing Assessment" dated March 11, 2009, with a notation that Paul M.'s weight on February 11, 2009 was 163.5 pounds.  *See* Government Exhibit 407A at Archived0016752.

864.   AseraCare's medical records for Paul M. contain a document entitled "Hospice Level of Change/Patient Status" dated April 1, 2009, with a notation that Paul M. was discharged from hospice for "Extended Prognosis." *See* Government Exhibit 407A at Archived0016574.

### 100. Phyllis P.

865.   The objective facts in AseraCare's medical record for Phyllis P. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Phyllis P. supported a terminal prognosis of

217

six months or less to live if the illness ran its normal course for the period January 31, 2008 through March 25, 2009.  *See* Government Exhibit 408; Trial Tr. at 1523:13 -1529:6; 1539:6 - 1559:20 (S. Liao testimony).

866.   AseraCare admitted Phyllis P. to hospice with a dementia diagnosis.  Government Exhibit 408A at ACDISC225976.

867.   AseraCare's medical record for Phyllis P.  does not support that Phyllis P. had a significant comorbid or secondary condition during the relevant time period.  *See* Government Exhibit 408; Trial Tr. at 1523:13 - 1529:6; 1539:6 - 1559:20 (S. Liao testimony).

868.   AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the first benefit period, from January 31, 2008 through April 30, 2008, that lists Phyllis P.'s comorbid conditions as "hx [history] CVA", "aphasia", "[s]enile and [p]resenile [p]sychosis", "[d]epression" and "[a]therosclerosis".  Government Exhibit 408A at ACDISC225976.

869.   AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the first benefit period, from January 31, 2008 through April 30, 2008 that Phyllis P.'s secondary

218

conditions were "[t]otal care", "[i]ncont B&B/ [incontinence of bowel and bladder] briefs", "freq[uent] falls hx of", "humerus fx [fracture], not repaired" and "[r]t [right] arm – [i]mmobilizer."  Government Exhibit 408A at ACDISC225974-75.

870.    AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the second benefit period, from April 30, 2008 through July 28, 2008, that Phyllis P's comorbid conditions were "CVA aphasia", "nonverbal – less words 5", "nonsensible garbled" and "[d]oesn't routinely now recognize family".  Government Exhibit 408A at ACDISC225982.

871.    AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the second benefit period, from April 30, 2008 through July 28, 2008, that Phyllis P.'s secondary conditions were, "[t]otal care, [i]ncont B&B/briefs, "freq falls," "fx humerus ([n]ot repaired)" and "[r]t arm – now healed."  Government Exhibit 408A at ACDISC225980-81.

872.    AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's

Disease and Related Disorders document for the third benefit period, from July 29, 2008 through September 26, 2008, that Phyllis P.'s comorbid conditions were "hx CVA," "[s]enile dementia"; "HTN [hypertension]" and "fx humerus (hx osteoporosis)".  Government Exhibit 408A at ACDISC225986.

873.   AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the third benefit period, from July 29, 2008 through September 26, 2008, that Phyllis P. had the following secondary conditions: "[b]ehavioral problems", "[i]ncontinent B&B," "[t]otal care required including feeding," "nonambulatory" and "nonverbal". *See* Government Exhibit 408A at ACDISC225985-86.

874.   AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the fourth benefit period from September 27, 2008 through November 25, 2008, that show the following co-morbid conditions listed for Phyllis P.: "hxCVA"; "[s]enile [d]ementia"; "HTN [hypertension]"; and "fx humerus healed but at risk for other injuries".  Government Exhibit 408A at ACDISC225970.

875.   AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the fourth benefit period from September 27, 2008 through November 25, 2008, that "[b]ehavior problems" and "resist[ing] care" were the only secondary conditions listed for Phyllis P.  *See* Government Exhibit 408A at ACDISC225970-71.

876.   AseraCare's medical record for Phyllis P. contains notations in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the fifth benefit period from November 26, 2008 through January 24, 2009, that Phyllis P.'s list of comorbid conditions included: "Alzheimer's"; [dementia & behavior issues"; "DVT (deep venous thrombosis)", "OA [osteoarthritis]" and "bradycardia" [?]; [?]; "[t]otal [d]epend ADL's"; [i]ncont B/B" "[d]oes not speak intelligible word"; [?]; "PPS 40%".  Government Exhibit 408A at ACDISC225966.

877.   AseraCare's medical record for Phyllis P. contains no notation in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document for the fifth benefit period from November 26, 2008 through January 24, 2009, showing any secondary conditions for Phyllis P.  Government Exhibit 408A at ACDISC225966-67.

878.   AseraCare's medical record for Phyllis P. contains a notation in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document that during the sixth benefit period, from January 25, 2009 to March 25, 2009, that Phyllis P. had only the following comorbid conditions: "CVA"; "humerus fx"; "senile dementia," and "DVT".  *See* Government Exhibit 408A at ACDISC225962.

879.   AseraCare's medical record for Phyllis P. contains no notation in an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders document that during the sixth benefit period, from January 25, 2009 to March 25, 2009, that Phyllis P. had any secondary conditions.  Government Exhibit 408A at ACDISC225962-63.

880.   AseraCare's medical record for Phyllis P. contains a notation that during the benefit period from January 31, 2008 through March 25, 2009, Phyllis P. was discharged from hospice for extended prognosis. Government Exhibit 408A at ACDISC225918-19.

### 101. Ralph S.

881.   The objective facts in AseraCare's medical record for Ralph S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Ralph S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

May 3, 2007 through March 31, 2009. *See* Government Exhibit 409; Trial

Tr. at 1476:7 -1523:12 (S. Liao testimony).

882.   AseraCare admitted Ralph S. to hospice with an Alzheimer's

diagnosis.  Government Exhibit 409A at ACDISC088919.

883.   AseraCare's medical record for Ralph S. does not support that

Ralph S. had a Functional Assessment Staging Tool (FAST) score of 7

during the relevant time period. *See* Government Exhibit 409; Trial Tr. at

1476:7 -1523:12 (S. Liao testimony).

884.   AseraCare's medical record for Ralph S. contains notations by

a social worker on May 14, 2007 that Ralph S. said "I am feeling pretty

good," and "answered questions yes & no well."  Government Exhibit 409A

at ACDISC089389.

885.   AseraCare's medical record for Ralph S. contains notations by

a social worker on June 26, 2007 that Ralph S. said he "slept just fine last

night," and responded, "No.  She must have forgotten," when asked if his

daughter was there last night.  Government Exhibit 409A at

ACDISC089189.

886.   AseraCare's medical record for Ralph S. contains notations in a

psychiatric consultation on July 16, 2007 that Ralph S. "appears to

confabulate" and that he is "[n]ot a good historian."  Government Exhibit

409A at ACDIS088987.

887.   AseraCare's medical record for Ralph S. contains a notation by

a social worker on September 14, 2007 that Ralph S. had clear speech.

Government Exhibit 409A at ACDISC089182.

888.   AseraCare's medical record for Ralph S. contains notations by

a social worker on November 30, 2007, that Ralph S. "greeted SW [social

worker] appropriately," "would answer direct questions from SW," and

made the following statements, "Got a kink in my neck" and "What are you

doing coughing?" after the social worker coughed.  Government Exhibit

409A at ACDISC089178.

889.   AseraCare's medical record for Ralph S. contains a notation by

a volunteer on February 27, 2008, that Ralph S. "did respond to our presence

by answering questions with a few brief words." Government Exhibit 409A

at ACDISC089837.

890.   AseraCare's medical record for Ralph S. contains notations on

May 12, 2008 that Ralph S. asked the social worker what her papers were

for and after the social worker explained, Ralph S. responded, "Well, that

sounds about right."  The note further stated that the "social worker actively

engaged [Ralph S.] in conversation", and that Ralph S. said, "Should be about lunchtime soon."  Government Exhibit 409A at ACDISC089169.

891.   AseraCare's medical record for Ralph S. contains a notation on August 1, 2008, from a volunteer that reads, "I had a nice conversation with him [Ralph S.] about how his week had been, how he had been feeling and what he had been up to recently."  Government Exhibit 409A at ACDISC089829.

892.   AseraCare's medical record for Ralph S. contains notations on September 2, 2008, from a volunteer, that "Ralph was awaiting dinner and was extremely talkative.  We discussed tennis, golf, football, baseball and the Olympics.  Ralph was clapping from energy and excitement and nurses commented on his good mood.  We talked for about 20 minutes".  Government Exhibit 409A at ACDISC089827.

893.   AseraCare's medical record for Ralph S. contains notations on October 19, 2008, from a volunteer, that "Ralph was very pleasant to talk to and very agreeable."  The volunteer further noted that, "He told me he had visitors this week," and "He pleasantly asked for me [volunteer] to bring a warmer Sunday next time".  Government Exhibit 409A at ACDISC08923.

894.   AseraCare's medical record for Ralph S. contains notations on January 12, 2008, that Ralph S. responded, "Feeling pretty good," when

spoken to, and asked, "We going sailing?"  Government Exhibit 409A at
ACDISC089161.

895.   AseraCare's medical record for Ralph S. contains notations in
January 2009, that Ralph S. was "alert, verbal", and "able to follow verbal
cues", and his "appetite at dinnertime was 100%".  Government Exhibit
409A at ACDISC089081.

896.   AseraCare's medical record for Ralph S. contains a notation on
June 30, 2009, from a Chaplin, that Ralph said, "What time are those stamps
ready, Dave?"  Government Exhibit 409A at ACDISC089192.

897.   AseraCare's medical record for Ralph S. contains a notation on
July 17, 2009, that Ralph S. revoked from hospice.  Government Exhibit
409A at ACDISC089093.

## 102. Robert G.

898.   The objective facts in AseraCare's medical record for Robert G.
create a genuine issue of material fact about whether the documentation in
AseraCare's medical record for Robert G. supported a terminal prognosis of
six months or less to live if the illness ran its normal course for the period
April 26, 2010 through May 31, 2011.  *See* Government Exhibit 410; Trial
Tr.at 1893:1 – 1899:19, 1908:21 - 1916:10 (S. Liao testimony).

226

899.   AseraCare admitted Robert G. to hospice with a diagnosis of heart failure.  Government Exhibit 410 at ACDISC167669.

900.   AseraCare's medical record for Robert G. does not support that Robert G. was at the most advanced stage of his heart disease (New York Heart Association or NYHA Class IV) or that he was being optimally treated for his heart disease during the relevant time period.  *See* Government Exhibit 410; Trial Tr.at 1893:1 – 1899:19, 1908:21 - 1916:10 (S. Liao testimony).

901.   AseraCare's medical record for Robert G. contains a notation in a medication record initialed by a nurse each day between April 1, 2010 and April 25, 2010 that Robert G. was on only one medication for heart disease, Aspirin.  Government Exhibit 410B at ACDISC167847-7853.

902.   AseraCare's medical record for Robert G. contains a notation in the initial and comprehensive nursing assessment dated April 26, 2010 that Robert G. "reports SOB [shortness of breath] 5/10, but refuses offer of supplemental O2 [oxygen]."  Government Exhibit 410 at ACDISC0168404.

903.   AseraCare's medical record for Robert G. contains a notation in a radiology report signed by a physician on April 1, 2011 that Robert G.'s, "heart is slightly enlarged.  The mediastinum is prominent.  There is very slight left lobe atelectasis.  Pulmonary vascularity is normal.  There is a

227

pacemaker in position.  Old right rib fractures." Government Exhibit 410A

at ACDISC168526.

904.   Normal pulmonary vascularity means that one's lungs are clear

of fluid because heart is pumping blood sufficiently.  Trial Tr. at 1895:22 –

1897:2 (S. Liao testimony)

905.   AseraCare's medical record for Robert G. contains a notation in

a radiology report signed by a physician on April 1, 2011 that the doctor's

conclusion about Robert G.'s radiology report was, "Very slight left lower

lobe atelectasis and mild cardiomegaly, no infiltrate.  Modest lung

hypoaeration.  No gross change."  Government Exhibit 410A at

ACDISC168526.

### 103. Rosalyn H.

906.   The objective facts in AseraCare's medical record for Rosalyn

H. create a genuine issue of material fact about whether the documentation

in AseraCare's medical record for Rosalyn H. supported a terminal

prognosis of six months or less to live if the illness ran its normal course

from her admission on September 28, 2010 through January 31, 2012.  *See*

Government Exhibit 411; Trial Tr.at 2904:11 – 2911:22 (S. Liao

Testimony).

907.   AseraCare admitted Rosalyn H. to hospice with a vascular

dementia diagnosis.  Government Exhibit 411A at ACDISC130815.

908.   AseraCare's medical record for Rosalyn H. does not support

that Rosalyn H. had any significant comorbid or secondary conditions during

the relevant time period.  *See* Government Exhibit 411; Trial Tr.at 2904:11 –

2911:22 (S. Liao Testimony).

909.   AseraCare's medical record for Rosalyn H. contains notations

in a nursing home evaluation dated September 22, 2010 that Rosalyn H. has

vascular dementia, coronary artery disease, hypertension, hyperlipidemia,

hypothyroidism, diabetes mellitus, anxiety, depression, frequent UTIs,

insomnia, behaviors, constipation, flight risk; her weight is stable; and

further states that she has an "unsteady gait; wanders aimlessly; cannot find

room," "combative [with] ADL/care," and "confused, cannot answer

questions appropriately today – nonsensical speech."  Government Exhibit

411A at ACDISC130871.

910.   AseraCare's medical record for Rosalyn H. contains a notation

in a document titled "Practitioner Progress Note" dated January 2, 2012 that

Rosalyn H.'s medical history is dementia and her past medical

history/problem list includes coronary artery disease, hypertension,

hypothyroidism, and anxiety.  Government Exhibit 411A at
ACDISC130889.

911.   AseraCare's medical record for Rosalyn H. contains a notation
in a psychiatric medicine evaluation dated February 3, 2012 next to the
header "History of present illness" that the "RN reports pt with new found
energy.  Continues to attempt to stand [and] walk with multiple falls.
Resistive for care, head butting staff, spitting.  [No] prn Ativan used in Jan."
Government Exhibit 411A at ACDISC130974.

912.   AseraCare's medical record for Rosalyn H. contains a further
notation in a psychiatric medicine evaluation dated February 3, 2012 next to
the header "Treatment Recommendations" that Rosalyn H.'s "behavior
never totally under control on Seroquel; continued to strike out for care that
Depakote to assist in angry striking out, disoriented."  Government Exhibit
411A at ACDISC130974.

### 104. Rosemary D.

913.   The objective facts in AseraCare's medical record for
Rosemary D. create a genuine issue of material fact about whether the
documentation in AseraCare medical record for Rosemary D. supported a
terminal prognosis of six months or less to live if the illness ran its normal
course for the period from her admission on August 1, 2007 through March

31, 2009.  *See* Government Exhibit 412, Trial Tr. 2926:13-2933:21(S. Liao testimony).

914.   AseraCare admitted Rosemary D. to hospice with an Alzheimer's diagnosis.  *See* Government Exhibit 412A at ACDISC213637, ACDISC213639.

915.   AseraCare's medical record for Rosemary D. does not support that Rosemary D. was a FAST 7 or had significant comorbid or secondary conditions in the August 1, 2007 through March 31, 2009 time period but supports that her functional decline was due to her depression.  *See* Government Exhibit 412, Trial Tr. 2926:13-2933:21(S. Liao testimony).

916.   The AseraCare medical record for Rosemary D. contains a document titled "Hospice Local Coverage Determination – Alzheimer's Disease & Related Disorders" dated August 1, 2007, with notations that Rosemary D. did not meet the following criteria for FAST Scale Stage 7: "7A Ability to speak is limited (1 to 5 words a day)," "7B All intelligible vocabulary lost," and "7C Non ambulatory."  *See* Government Exhibit 412A at ACDISC213714.

917.   The document titled "Hospice Local Coverage Determination – Alzheimer's Disease & Related Disorders" dated August 1, 2007, contained in the AseraCare medical record for Rosemary D. also has the following

231

notations under the header "Summary of Co-Morbid Conditions":

"[fractured] hip, agitation, intracranial hemorrhage, vertigo, volume

depletion, fluid & electrolyte imbalance, cataracts." *See* Government

Exhibit 412A at ACDISC213714.

918.   The document titled "Hospice Local Coverage Determination –

Alzheimer's Disease & Related Disorders" dated August 1, 2007, contained

in the AseraCare medical record for Rosemary D. also has the following

notations under the header "Summary of Secondary Conditions:" "↓

functional ability & ADL's - ↓ amb – amb & assist." *See* Government

Exhibit 412A at ACDISC213715.

919.   The AseraCare medical record for Rosemary D. contains a

document titled "REASSESSMENT FOR ONGOING ELIGIBILITY" dated

September 26, 2007, with notations that Rosemary D. "no longer attempts to

get up + walk on her own + instead waits for someone to come get her +

assist her [with] ambulation to the [dining room] or some other setting," and

Rosemary D "often blurts out words in Italian despite being spoken to in

English." *See* Government Exhibit 412A at ACDISC213801.

920.   The AseraCare medical record for Rosemary D. contains a

notation in a document dated April 13, 2009, that she was diagnosed with

congestive heart failure on April 7, 2009. Government Exhibit 412A at ACDISC214123.

### 105. Rubye Y.

921.   The objective facts in AseraCare's medical record for Rubye Y. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Rubye Y. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 1, 2008 through March 3, 2009. *See* Government Exhibit 413; Trial Tr. 2719:22- 2727:16 (S. Liao testimony).

922.   AseraCare admitted Rubye Y. to hospice on November 17, 2007 for "CHF" which is an abbreviation for congestive heart failure. *See* Government Exhibit 413A at Archived0001163.

923.   AseraCare's medical record for Rubye Y. does not support that Rubye Y. was at the most advanced stage of his heart disease (New York Heart Disease Association or NYHA Class IV) in the June 1, 2008 through March 3, 2009 time period. *See* Government Exhibit 413; Trial Tr. 2719:22- 2727:16 (S. Liao testimony).

924.   AseraCare's medical record for Rubye Y. contains a document dated March 20, 2008, with the notation that Rubye Y. "does not use

[oxygen]" and was "in [wheelchair] 50% of day – sleeps while in [wheelchair]". *See* Government Exhibit 413A at Archived0001309.

925.   AseraCare's medical record for Rubye Y. contains a document entitled "Hospice Local Coverage Determination Heart Disease" dated April 3, 2008 with the notation that Rubye Y. has " [shortness of breath] [with] exertion, sleeps while in [wheelchair]".  *See* Government Exhibit 413A at Archived0001215-16.

926.   AseraCare's medical record for Rubye Y. contains a document entitled "Discharge Planning Guide 30-Day Discharge Plan" dated March 4, 2009 with the notation that Rubye Y. "continued to be chronic rather than terminal.  [Rubye Y.] no longer needing [oxygen as needed].  [Weight] continued to remain stable; edema controlled [with] current meds."  *See* Government Exhibit 413A at Archived0001163.

## 106. Ruth S.

927.   The objective facts in AseraCare's medical record for Ruth S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Ruth S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period January 8, 2008 through March 31, 2009.  *See* Government Exhibit 414; Trial Tr. 2395:23 – 2405:15 (S. Liao testimony).

928.   AseraCare admitted Ruth S. to hospice on January 8, 2008 for senile dementia uncomplicated.  *See* Government Exhibit 414 at Archived0019397.

929.   AseraCare's medical record for Ruth S. does not support that Ruth S. was a FAST 7 during the period of January 8, 2008 through March 31, 2009.  *See* Government Exhibit 414; Trial Tr. 2395:23 – 2405:15 (S. Liao testimony).

930.   AseraCare's medical record for Ruth S. contains a document entitled "General Medical Guidelines for Determining Prognosis" dated December 22, 2008, with the notation that Ruth S. "repeats self over numerous times a day."  *See* Government Exhibit 414B at Archived0019439.

931.   AseraCare's medical record for Ruth S. contains a document titled "General Medical Guidelines for Determining Prognosis" dated December 22, 2008, with several notations that Ruth S. was dependent in the following activities of daily living: "bathing," "dressing," "feeding," "transfers," and "continence."  The document does not contain a notation that Ruth S. was dependent in the activity of "ambulation to bathroom."  *See* Government Exhibit 414B at Archived0019439.

932.    AseraCare's medical record for Ruth S. contains a document titled "General Medical Guidelines for Determining Prognosis" dated February 18, 2009, with the notation that Ruth S. "[r]epeats phrases." *See* Government Exhibit 414B at Archived0019437.

933.    AseraCare's medical record for Ruth S. contains a document titled "General Medical Guidelines for Determining Prognosis" dated December 22, 2008, with several notations that Ruth S. was dependent in the following activities of daily living: "bathing," "dressing," "feeding," "transfers," and "continence."  The document does not contain a notation that Ruth S. was dependent in the activity of "ambulation to bathroom." *See* Government Exhibit 414B at Archived0019437.

934.    AseraCare's medical record for Ruth S. contains a document entitled "Hospice Level of Change/Patient Status" dated May 4, 2009 with a notation that Ruth S. was discharged from hospice for extended prognosis. *See* Government Exhibit 414 at Archived0019414.

## 107. Samuel T.

935.    The objective facts in AseraCare's medical record for Samuel T. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Samuel T. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period

236

from his admission on March 30, 2010 through January 13, 2012. *See* Government Exhibit 415, Trial Tr. 2047:19-2054:8, 2055:13-2070:4 (S. Liao testimony).

936.   AseraCare admitted Samuel T. to hospice with an Alzheimer's disease diagnosis.  Government Exhibit 415A at ACDISC193869.

937.   AseraCare's medical record for Samuel T. does not support that Samuel T. had significant comorbid or secondary in the March 30, 2010 through January 13, 2012 time-frame. *See* Government Exhibit 415, Trial Tr. 2047:19-2054:8, 2055:13-2070:4 (S. Liao testimony).

938.   AseraCare's medical record for Samuel T. contains a document titled "Progress Note" dated October 14, 2011, and signed by Dr. Cindy Zimmer, which contains notations in the box labeled "Subjective" that "Carol thinks that [patient] is maintaining  his weight" and that Dr. Zimmer "[a]rrived to find [patient] sitting in the dining room.  Carol states that he needs prompting and cueing with eating, but once started, eats close to 100% of his meals.  He takes fluids well without coughing or choking." Government Exhibit 415A at ACDISC193819-20.

939.   The document titled "Progress Note" dated October 14, 2011 and signed by Dr. Cindy Zimmer contained in AseraCare's medical record for Samuel T. contains notations in the boxes labeled

237

"ASSESSMENT/PLAN" that Samuel T. is "A FAST of 7A and a PPS of 50%," that Samuel T. is "very [hard of hearing] but can answer simple questions and director reports that he is frequently social and visits other tables during dinner," and that "because [patient] does not appear to have evidence of decline, and if I were seeing him for the first time today, I do not feel that he would meet hospice criteria.  I feel that this [patient] should be DC'd from Hospice."  Government Exhibit 415A at ACDISC193820.

940.    AseraCare's medical record for Samuel T. contains a document titled "Attestation of Face-to-Face Encounter for Patients Entering their 3rd and Greater Benefit Period" dated October 14, 2011 with the notation:  "Did not recertify [patient] for hospice.  Discussed [with] the available staff on 10-14-11.  Cindy Zimmer MD."  Government Exhibit 415A at ACDISC193818.

### 108. Sarah C.

941.    The objective facts in AseraCare's medical record for Sarah C. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Sarah C. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period August 1, 2007 through June 12, 2008.  *See* Defendant's Exhibit 522; Trial Tr. 2672:7 – 2677:23; 2685:18 – 2688:13 (S. Liao transcript).

238

942.   AseraCare admitted Sarah C. to hospice on January 5, 2007 for Alzheimer's disease.  *See* Defendant's Exhibit 522 at Archived0000053.

943.   AseraCare's medical records for Sarah C. does not support that Sarah C. had symptoms consistent with a terminal prognosis for Alzheimer's disease.  *See* Defendant's Exhibit 522; Trial Tr. 2672:7 – 2677:23; 2685:18 – 2688:13 (S. Liao transcript).

944.   AseraCare's medical record for Sarah C. contains a document titled "Initial Nursing Assessment" dated January 5, 2007 with a notation that Sarah C. had an approximate weight of 140 pounds and had lost 8 pounds in the previous 6 months.  *See* Government Exhibit 416A at Archived0000105.

945.   AseraCare's medical record for Sarah C. contains a document titled "Initial Nursing Assessment" dated January 5, 2007 with a notation that Sarah C. was "Bed-bound 100% of day".  *See* Government Exhibit 416A at Archived0000106.

946.   AseraCare's medical record for Sarah C. contains a document titled "Reassessment for Ongoing Eligibility" dated May 25, 2007, with a notation that Sarah C. had an approximate weight of 144.9 pounds had gained 4.9 pounds in the previous 4 months.  *See* Government Exhibit 416A at Archived0000145.

947.   AseraCare's medical record for Sarah C. contains a document titled "Reassessment for Ongoing Eligibility" dated May 25, 2007, with a notation that Sarah C. was "Chair-bound 50%" and "Bed-bound 50% of day". *See* Government Exhibit 416A at Archived0000146.

948.   AseraCare's medical record for Sarah C. contains a document titled "Reassessment for Ongoing Eligibility" dated July 13, 2007 with a notation that Sarah C. had an approximate weight of 145.6 pounds had gained 5.6 pounds in the previous 6 months. *See* Government Exhibit 416A at Archived0000140.

949.   AseraCare's medical record for Sarah C. contains a document titled "Reassessment for Ongoing Eligibility" dated July 13, 2007 with a notation that Sarah C. was "Chair-bound 50%" and "Bed-bound 50% of day". *See* Government Exhibit 416A at Archived0000141.

950.   AseraCare's medical record for Sarah C. contains a document titled "Reassessment for Ongoing Eligibility" dated March 14, 2008 with a notation that Sarah C. had an approximate weight of 162.8 pounds had gained 2 pounds in the previous 2 months. *See* Government Exhibit 416A at Archived0000090.

951.   AseraCare's medical record for Sarah C. contains a document titled "Hospice Level of Change/Patient Status" dated June 12, 2008, with a

notation that Sarah C. was discharged from hospice for extended prognosis. *See* Government Exhibit 416A at Archived0000039.

### 109. Saverio L.

952.   The objective facts in AseraCare's medical record for Saverio L. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Saverio L. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period October 1, 2010 through December 31, 2011.  *See* Government Exhibit 417; Trial Tr. 2745:8 – 2751:11 (S. Liao testimony).

953.   AseraCare admitted Saverio L. to hospice on December 1, 2009 for Chronic Airway Obstruction, which is commonly referred to as Chronic Obstructive Pulmonary Disease or COPD.  *See* Government Exhibit 417 at ACDISC190274.

954.   AseraCare's medical record for Saverio L. does not support that Saverio L. was at the most advanced stage of his COPD during the period of October 1, 2010 through December 31, 2011.  *See* Government Exhibit 417; Trial Tr. 2745:8 – 2751:11 (S. Liao testimony).

955.   AseraCare's medical record for Saverio L. contains a document titled "Physician Progress Note" dated September 23, 2010 with a notation

that Saverio L. "[a]mbulates short distances in room." *See* Government

Exhibit 417A at ACDISC189686.

956.   AseraCare's medical record for Saverio L. contains a document

titled "Nursing Clinical Note" dated March 1, 2011, with a notation that

Saverio L. was "now up in hallway ambulating self – gait steady.  Removes

[oxygen] while ambulating.  Mild [shortness of breath] noted.  No other

complaints."  *See* Government Exhibit 417A at ACDISC189862.

957.   AseraCare's medical record for Saverio L. contains a document

titled "Nursing Clinical Note" dated December 14, 2011, with a notation that

Saverio L. "[a]mbulates self in hallways, removes [oxygen] to ambulate.

Gait steady.  [Shortness of breath] noted [with] minimal exertion

ambulating, eating, speech."  *See* Government Exhibit 417A at

ACDISC189301.

958.   AseraCare's medical record for Saverio L. contains a document

titled "Physician Progress Note" dated January 31, 2012, with a notation that

Saverio L.'s prognosis was "fair."  *See* Government Exhibit 417A at

ACDISC190312.

959.   AseraCare's medical record for Saverio L. contains a document

titled "Discharge Summary" dated February 3, 2012, with notations that

Saverio L. was discharged due to "extended prognosis" and that Saverio L.

"has had no recent decline in condition."  *See* Government Exhibit 417A at ACDISC189059.

## 110. Sheila A.

960.   The objective facts in AseraCare's medical record for Sheila A. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Sheila A. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period September 17, 2010 through January 31, 2012.  *See* Government Exhibit 418; Trial Tr.at 2227:24 - 2234:25 (S. Liao testimony).

961.   AseraCare admitted Sheila A. to hospice with a diagnosis of debility.  Government Exhibit 418 at ACDISC162027.

962.   AseraCare's medical record for Sheila A. does not support that Sheila A. had irreversible functional or nutritional impairment during the relevant time period.  *See* Government Exhibit 418; Trial Tr.at 2227:24 - 2234:25 (S. Liao testimony).

963.   AseraCare's medical record for Shelia A. contains an Enhancement to Physician Narrative dated July 1, 2012, that indicates, "Narrative.  68 yr. female seen @ GL-Oil City-SNF.  Pt. propels self randomly in Broda ch[air].  Face flat but staring and reaching into air, intermit. [intermittently].  Skin pale, warm & dry.  Risperdal D/C'd

[discontinued] 4/12/12 due to stability." Government Exhibit 418A at ACDISC162039.

964. AseraCare's medical record for Shelia A. contains a notation in a nursing clinical note dated June 15, 2011 that Sheila A.'s weight on January 11, 2011 was 143.8 pounds, her weight on March 2, 2011 was 137.8 pounds and only on June 1, 2011 when Sheila A.'s weight was 126.2 pounds did her BMI drop below 22 to 21.6. Government Exhibit 418 at ACDISC162260.

### 111. Sue S.

965. The objective facts in AseraCare's medical record for Sue S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Sue S. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 15, 2007 through June 30, 2008. *See* Government Exhibit 421; Trial Tr. at 1728:14-1733:16 (S. Liao testimony).

966. AseraCare admitted Sue S. to hospice with a dementia diagnosis. *See* Government Exhibit 421A at Active0006414.

967. AseraCare's medical record for Sue S. does not support that Sue S. was a Functional Assessment Staging Tool (FAST) 7 during the

relevant time period and was not functionally impaired.  *See* Government

Exhibit 421.

968.   AseraCare's medical records contain notations in an AseraCare

Hospice Local Coverage Determination for the benefit period October 7,

2008 through December 5, 2008, that Sue S. did not meet the FAST 7A or

7B criteria for "ability to speak is limited (1 to 5 words a day)" and "all

intelligible vocabulary lost."  Government Exhibit 421A at Active0006565.

969.   AseraCare's medical records contain a notation in a nursing

clinical note, dated June 17, 2008, that Sue S. was "able to answer simple

questions."  Government Exhibit 421 at Active0006925.

970.   AseraCare's medical records contain a notation in a nursing

clinical note, dated June 23, 2008, that Sue S. was "responding to

questions,"  "was alert, talkative & [and] was able to recognize [her]

daughter."  Government Exhibit 421 at Active0006923.

971.   AseraCare's medical records contain a notation in a nursing

assessment, dated December 7, 2007, that Sue S. "wanders."  Government

Exhibit 421A at Active0006610.

972.   AseraCare's medical records contain a notation in an

Interdisciplinary Team Plan of Care recertification, signed by a physician on

February 6, 2008, that Sue S. "wanders."  Government Exhibit 421A at Active0006453.

### 112. Sue R.

973.   The objective facts in AseraCare's medical record for Sue R. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Sue R. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period October 30, 2010 through March 31, 2011.  *See* Government Exhibit 420; Trial Tr. at 1449:9 – 1452:22, 1457:8 - 1465:1 (S. Liao testimony).

974.   AseraCare admitted Sue R. to hospice with a debility diagnosis. Government Exhibit 420A at ACDISC108137.

975.   AseraCare's medical record for Sue R. does not support that Sue R. had an irreversible progression of functional or nutritional impairment during the relevant time period.  *See* Government Exhibit 420; Trial Tr. at 1449:9 – 1452:22, 1457:8 - 1465:1 (S. Liao testimony).

976.   AseraCare's medical record for Sue R. contains notations in a clinical status worksheet signed by a physician that upon Sue R.'s admission to hospice, on October 30, 2010, her body mass index was 25.8, and further stated that Sue R. "can ambulate with a merry walker."  Government Exhibit 420A at ACDISC108192-93.

977.   AseraCare's medical record for Sue R. contains a notation that Sue R.'s score under the Palliative Performance Scale was recorded as 50 percent in October 2010.  Government Exhibit 420A at ACDISC108206.

978.   AseraCare's medical record for Sue R. contains a notation in a clinical status work worksheet, signed by a physician, on January 12, 2011, that Sue R. "uses a merry walker."  Government Exhibit 420A at ACDISC108194.

979.   AseraCare's medical record for Sue R. contains a notation in a recertification of terminal illness, signed by a physician, on January 18, 2011, for certification period January 28, 2011 through April 24, 2011, that Sue R. had "slow wt.[weight] loss."  Government Exhibit 420A at ACDISC108164.

### 113. Thomas S.

980.   The objective facts in AseraCare's medical record for Thomas S. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Thomas S. supported a terminal prognosis of six months or less to live if the illness ran its normal course from his admission on October 24, 2007 through January 31, 2009.  *See* Government Exhibit 422; Trial Tr.at 1721:3 – 1722:15 (S. Liao Testimony).

981.   AseraCare admitted Thomas S. to hospice with a dementia diagnosis.  Government Exhibit 422A at Active0015416.

982.   AseraCare's medical record for Thomas S. does not support that Thomas S. was a FAST 7 during the relevant time period.  *See* Government Exhibit 422; Trial Tr.at 1721:3 – 1722:15 (S. Liao Testimony).

983.   AseraCare's medical record for Thomas S. contains notations in document titled "NURSING ASSESSMENT" dated October 24, 2007 that Thomas S. "has been mentally debilitated since 2000.  Unable to hold employment since that time. . . . . Does not engage in any meaningful communication, eyes frequently fixed on distant plane, pt whistles, laughs and makes guttural noises in turn frequently and continuously." Government Exhibit 422 at Active0015482.

984.   AseraCare's medical record for Thomas S. contain a notation in a document titled "REASSESSMENT FOR ONGOING ELIGIBILITY" dated April 7, 2008 that Thomas S. was diagnosed with dementia approximately eight years ago and has "slow decline since then." Government Exhibit 422 at Active0015678.

985.   AseraCare's medical record for Thomas S. contains a notation in a document titled "REASSESSMENT FOR ONGOING ELIGIBILITY" dated April 7, 2008 that Thomas S.'s "speech is limited to one word

248

responses and his responses have become much less."  Government Exhibit 422 at Active0015678.

986.   AseraCare's medical records contain a notation in a document titled "REASSESSMENT FOR ONGOING ELIGIBILITY" dated August 15, 2008 that Thomas S.'s "speech is limited to a few words a day at best." Government Exhibit 422 at Active0015636.

### 114. Vera W.

987.   The objective facts in AseraCare's medical record for Vera W. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Vera W. support a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her admission on September 14, 2007 through March 31, 2009.  *See* Government Exhibit 423, Trial Tr. 2933:22- 2940:1 (S. Liao testimony).

988.   AseraCare admitted Vera W. to hospice with a dementia diagnosis.  Government Exhibit 423 at ACDISC227238.

989.   AseraCare's medical record for Vera W. does not support that Vera W.'s functional and nutritional impairments were due to the progression of dementia rather than uncontrolled psychiatric problems.  *See* Government Exhibit 423, Trial Tr. 2933:22- 2940:1 (S. Liao testimony).

990.   The AseraCare medical record for Vera W. contains a notation dated March 29, 2006, that Vera W. had the following diagnoses:  "Other nonorganic psychoses, unspecified psychosis," "Neurotic disorders, anxiety states," and "Depressive disorder, not elsewhere classified."  Government Exhibit 423A at ACDISC227668.

991.   The AseraCare medical record for Vera W. contains a document titled "NURSE VISIT NOTE" dated September 24, 2007, with notations that Vera W. engaged in "[frequent] rambling conversation, speaks in monotone, [frequently] cries to go home" and that Vera W. "cried during [skilled nursing visit] stating she was going to die if somebody did not get the bullet out of her thumb" and there was "short, rambling conversation during entire [skilled nursing visit], went from one subject to another [after] 2-3 minutes.  None of conversation made any sense."  *See* Government Exhibit 423A at ACDISC228515.

992.   The AseraCare medical record for Vera W. contains a document titled "REASSESSMENT FOR ONGOING ELIGIBILITY" dated November 5, 2008, with notations that Vera W. was "unable to answer nurse's questions appropriately.  Thinks she is at home @ times," that Vera W. "[i]s spoon fed mechanical soft diet" and that "@ times will bite spoon &

refuse to eat," and that Vera W. is "agitated @ times – will hit @ staff." Government Exhibit 423B at ACDISC227434.

993.   The AseraCare medical record for Vera W. contains a document titled "REASSESSMENT FOR ONGOING ELIGIBILITY" dated February 24, 2009, with notations that Vera W. is "frequently tearful," that when Vera W." is called by her name states "is that who I am,'" that Vera W.'s "speech mechanical in nature.  Frequent hallucination, delusions, paranoia – speaks of people wanting to hurt her but then describes people . . . that are not real."  Government Exhibit 423A at ACDISC227424.

### 115. Vina L.

994.   The objective facts in AseraCare's medical record for Vina L. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Vina L. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period June 11, 2009 through December 3, 2010.  *See* Government Exhibit 424; Trial Tr. 2319:6 – 2341:24 (S. Liao testimony).

995.   AseraCare admitted Vina L. to hospice on June 11, 2009 with a hospice diagnosis of senile dementia.  *See* Government Exhibit 424 at ACDISC224547.

996.   AseraCare's medical records for Vina L. does not support that Vina L. was a FAST 7 in the time period June 11, 2009 through December 3, 2010.  *See* Government Exhibit 424; Trial Tr. 2319:6 – 2341:24 (S. Liao testimony).

997.   AseraCare's medical record for Vina L. contains a document titled "Nursing Assessment Update" dated September 20, 2010, with the notation "Patient was in activity room dozing.  Woke up for me, states 'I'm not so well today.'  I asked her what was wrong.  She was worried about 'getting the tractor working.'  I told her she could sit/rest and didn't need to work today.  She said "oh, oh."  She denied pain/discomfort."  *See* Government Exhibit 424A at ACDISC224272.

998.   AseraCare's medical record for Vina L. contains a document titled "Nursing Clinical Note" dated October 21, 2010, with the notation "mainly w/c bound – occ walks in halls . . . . She often won't initiate conversation, when does verbalize, usually just couple of sentence."  *See* Government Exhibit 424A at ACDISC224251.

999.   AseraCare's medical record for Vina L. contains a document titled "Discharge Summary" signed November 29, 2010, with a notation that Vina L.'s condition was "thought to be chronic vs. terminal at this time" and

the reason for Vina L.'s discharge was listed as "extended prognosis."  *See*
Government Exhibit 424 at ACDISC224048.

### 116. Virginia E.

1000. The objective facts in AseraCare's medical record for Virginia
E. create a genuine issue of material fact about whether the documentation in
AseraCare's medical record for Virginia E. supported a terminal prognosis
of six months or less to live if the illness ran its normal course for the period
September 1, 2008 through March 31, 2009.  *See* Government Exhibit 425;
Trial Tr. at 1681:7 - 1688:21 (S. Liao testimony).

1001. AseraCare admitted Virginia E. to hospice with a debility
diagnosis.  Government Exhibit 425A at ACDISC096830.

1002. AseraCare changed Virginia E.'s diagnosis to dementia during
the third benefit period in August 2008.  Government Exhibit 425A at
ACDISC096869.

1003. AseraCare changed Virginia E.'s diagnosis to stroke during the
fourth benefit period in October 2008.  Government Exhibit 425A at
ACDISC096860.

1004. AseraCare's medical record for Virginia E. does not support
that Virginia E. had a FAST score of 7 or a significant comorbid or
secondary condition during the relevant time period.  Government Exhibit

253

425A. *See* Government Exhibit 425; Trial Tr. at 1681:7 - 1688:21 (S. Liao testimony).

1005. AseraCare's medical record for Virginia E. contains notations on an AseraCare Hospice Local Coverage Determination for Alzheimer's Disease and Related Disorders for the benefit period August 27, 2008 through October 25, 2008 that Virgina E. did not meet the comorbid or secondary condition criteria.  Government Exhibit 425A at ACDISC096869.

1006. AseraCare's medical record for Virginia E. contains notations on an AseraCare Hospice Local Coverage Determination for Stroke dated September 3, 2008 that Virginia E. had "speech disorganized, had very few spoken words."  Government Exhibit 425A at ACDISC096864.

1007. AseraCare's medical record for Virginia E. contains no notation on an AseraCare Hospice Local Coverage Determination for Stroke for the benefit period October 26, 2008 through December 24, 2008, that the nutritional criteria necessary for a stroke terminal prognosis were met. Government Exhibit 425A at ACDISC096860.

1008. AseraCare's medical record for Virginia E. contains a notation that on April 23, 2009, Virginia E. was discharged from hospice for extended prognosis. Government Exhibit 425A at ACDISC096884.

### 117. Virginia M.

1009. The objective facts in AseraCare's medical record for Virginia M. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Virginia M. supports a terminal prognosis of six months or less to live if the illness ran its normal course for the period from December 1, 2007 through November 30, 2008.  *See* Government Exhibit 426, Trial Tr. 2884:22-2893:20 (S. Liao testimony).

1010. AseraCare admitted Virginia M. to hospice with an Alzheimer's disease diagnosis.  Virginia M. was admitted to hospice on March 16, 2007. *See* Government Exhibit 426A at Archived0018191.

1011. AseraCare's medical record for Virginia M. does not support that Virginia M. had irreversible nutritional or functional impairments for the period from December 1, 2007 through November 30, 2008.  *See* Government Exhibit 426, Trial Tr. 2884:22-2893:20 (S. Liao testimony).

1012. The AseraCare medical record for Virginia M. contains a document titled "Nursing Clinical Note" dated March 20, 2007, with notations that Virginia M.'s weight was 130 lbs. and had text "max assist" in the box labeled "MS/Mobility."  Government Exhibit 426A at Archived 0018574.

1013. The AseraCare medical record for Virginia M contains a notation in a document dated November 6, 2007 that Virginia M.'s co-

255

morbid conditions included depression in the box labeled "Summary of Co-Morbid Conditions."  Government Exhibit 426A at Archived0018271-73.

1014.  The AseraCare medical record for Virginia M. contains a document titled "Nursing Clinical Note" dated December 3, 2007, with notations that Virginia M.'s weight was 139.7 lbs. and had text "assist [out of bed]" in the box labeled "MS/Mobility."  Government Exhibit 426A at Archived0018527.

1015.  The AseraCare medical record for Virginia M. contains a document titled "Nursing Clinical Note" dated May 13, 2008, with notations that Virginia M.'s weight was 152.5 lbs., and had text "max to transfer" in the box labeled "MS/Mobility," and had a notation that Virginia M.was "up to [wheel chair]"  Government Exhibit 426A at Archived0018508.

### 118. William B.

1016.  The objective facts in AseraCare's medical record for William B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for William B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period February 1, 2008 through March 31, 2009.  *See* Government Exhibit 427; Trial Tr. at 1471:19 – 1475:8 (S. Liao Testimony).

1017.  AseraCare admitted William B. to hospice with a debility diagnosis on June 12, 2007.  Government Exhibit 427A at Active0005298.

1018.  AseraCare's medical record for William B. does not support that William B. had an irreversible nutritional impairment during the relevant time period.  *See* Government Exhibit 427; Trial Tr. at 1471:19 – 1475:8 (S. Liao Testimony).

1019.  AseraCare's medical record for William B. contains a notation in a document titled "ADDENDUM" signed by a nurse on January 22, 2008 that William B. had "[n]o significant weight [changes for] 90 days or 180 days."  Government Exhibit 427A at Active0004803.

1020.  AseraCare's medical record for William B. contains notations in a document titled "Nutrition Reassessment Progress Note" dated December 16, 2008 that William B.'s weight was recorded in May 2008 as 120 pounds to 116 pounds and then back to 120 pounds and that he had "[n]o significant weight [changes for] prior 90 days or 180 days." Government Exhibit 427 at Active0004798.

1021.  AseraCare's medical record for William B. contains a notation in that same nutrition reassessment progress note that William B.'s "BMI was unchanged since 6/08 – pt. gaining weight."  Government Exhibit 427 at Active0004798.

257

1022.  AseraCare's medical record for William B. contains a notation in a document titled "Nutrition Reassessment Progress Note" dated March 30, 2009 and April 28, 2009 that William B.'s weight in February 2009 was 131.6 pounds.  Government Exhibit 427 at Active0004797.

### 119. William M.

1023.  The objective facts in AseraCare's medical record for William M. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for William M. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period August 1, 2008 through March 31, 2009.  *See* Government Exhibit 428; Trial Tr. 2634:2 – 2638:24 (S. Liao testimony).

1024.  AseraCare admitted William M. to hospice on January 26, 2008 with a diagnosis of adult failure to thrive.  *See* Government Exhibit 428A at Active0009851.

1025.  AseraCare's medical record for William M. contains a document titled "Hospice Change in level of Care and/or Patient Status" dated March 26, 2009, with the notation that William M.'s diagnosis was changed to "COPD."  *See* Government Exhibit 428A at Active0009855.

1026.  AseraCare's medical record for William M. does not support that William M. had irreversible nutritional impairment or was at the most

258

advanced stage of his COPD during the period of August 1, 2008 through

March 31, 2009.  .  *See* Government Exhibit 428; Trial Tr. 2634:2 – 2638:24

(S. Liao testimony).

1027.  AseraCare's medical record for William M. contains a

document titled "Nursing Assessment" dated November 10, 2008, with the

notation that William M.'s weight was 140.8 pounds.  *See* Government

Exhibit 428 at Active0010085.

1028.  AseraCare's medical record for William M. contains a

document titled "General Medical Guidelines for Determining Prognosis"

dated March 16, 2009, with the notation that William M. had a "4 lb wt. loss

in Nov 2008 back [up] to 142 lbs & maintained since Dec. 2008."  *See*

Government Exhibit 428 at Active0009896.

1029.  AseraCare's medical record for William M. contains a

document titled "Nursing Assessment Update" dated March 16, 2009, with

the notation that William M. had dyspnea/shortness of breath at rest "at

[times]".  *See* Government Exhibit 428A at Active0010063.

1030.  AseraCare's medical records for William M. contain a

document entitled "Nursing Assessment Update" dated March 16, 2009,

with the notation that William M.'s inhalation therapy consisted of using an

asthma inhaler twice a day and "Duo nebs [twice a day]." *See* Government

Exhibit 428A at Active0010063.

## 120. William T.

1031. The objective facts in AseraCare's medical record for William

T. create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for William T. supports a terminal prognosis of

six months or less to live if the illness ran its normal course for the period

from his admission on September 10, 2007 through March 31, 2009. *See*

Government Exhibit 429, Trial Tr. 2070:5-2086:13 (S. Liao testimony).

1032. AseraCare admitted William T. to hospice with a debility

diagnosis. Government Exhibit 429A at ACDISC064305.

1033. AseraCare's medical record for William T. does not support

that he had irreversible nutritional impairment but does support that William

T. was medically stable during the period between September 10, 2007 and

March 31, 2009. *See* Government Exhibit 429, Trial Tr. 2070:5-2086:13 (S.

Liao testimony).

1034. The AseraCare medical record for William T. contains a

document titled "Nursing Home Note" dated April 3, 2008, with notations

that William T. has "a history of traumatic amputation of the left upper

extremity," that William T. "has remained fairly stable" and "has been

tolerating the tube feeds," that "[t]here have been no major changes in his status," that his weight was "148 pounds.  This has been really quite stable," and that "[h]is nutrition status has remained stable."  Government Exhibit 429A at ACDISC064600.

1035. The AseraCare medical record for William T. contains a document titled "INTERDISCIPLINARY PROGRESS NOTES GL-GREELEY" which contains a note dated April 1, 2008, with notations that William T.'s weight was "145.8#(1/31/08) 153#(2/08) 147#(3/08) 148#(3/27/08) overall [weight] stable 145-150# past 180 days" and "[tube feeding] meets his needs > 100% to maintain stable weight and adequate hydration."  Government Exhibit 429A at ACDISC064599.

1036. The document titled "INTERDISCIPLINARY PROGRESS NOTES GL-GREELEY" contained in the AseraCare medical record for William T. also has notations dated May 29, 2008, that William T.'s weight was "153#(2/08) 147#(3/08) 148#(3/27/08) 153#(5/15/08) overall [weight stable 147-153# X past 90days" and that "[tube feeding] meets his needs > 100% to maintain stable weight and adequate hydration."  Government Exhibit 429A at ACDISC064599.

1037. The AseraCare medical record for William T. contains a document titled "PHYSCIAN PROGRESS NOTES" dated April 17, 2009,

with notations that William T. was "tube fed almost 100%," that William T. weighed 155 lbs. on November 6, 2008 and 149.3 lbs. on March 19, 2009, and that "my assessment is that he is appropriate for palliative care but not currently to continue hospice as there has been no clear evidence of decline for a long time."  Government Exhibit 429A at ACDISC064605.

### 121. Wilson B.

1038.  The objective facts in AseraCare's medical record for Wilson B. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Wilson B. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period March 20, 2009 through June 24, 2010.  *See* Government Exhibit 430; Trial Tr.at 2244:4-2257:15 (S. Liao testimony).

1039.  AseraCare admitted Wilson B. to hospice with a diagnosis of heart failure.  Government Exhibit 430 at ACDISC088111.

1040.  AseraCare's medical record for Wilson B. does not support that Wilson B. was at the most advanced stage of his heart disease (New York Heart Association or NYHA Class IV) during the relevant time period.  *See* Government Exhibit 430; Trial Tr.at 2244:4-2257:15 (S. Liao testimony).

1041.  AseraCare's medical record for Wilson B. contains a notation in a Diagnostic & Medical Clinic Record by a physician dated February 26,

2009 that notes, "Mr. B Returns for followup.  I last saw him a year ago.
Recently he was hospitalized with congestive heart failure.  He had an
echocardiogram which was not available at the time of his discharge, but his
ejection fraction was 20% to 25%.  This is a new finding.  In the past, he has
apparently had normal left ventricular systolic function.  He has a history of
renal insufficiency, but by my review of the records, the patient and family
history, there has not been a history of coronary artery disease.  He had a
catheterization in 1990 and reportedly had normal coronaries at that time.
He has had evaluation of his ejection fraction multiple times over the years
and they have been normal.  He has no chest pain, chest tightness or chest
pressure but simply began to experience some volume acquisition and was
diuresed.  Since discharge he has done pretty well.  His wife notes that when
he takes Lasix 40 mg a day he does not really diurese much.  He drinks a fair
amount of fluid.  He has dementia and his fluid intake is related to that to
some extent.  Again, he has had no chest pain, chest tightness or chest
pressure.  He is on Courmadin.  He is on digoxin.  He lives at home.  His
wife basically takes care of him.  On examination today, he weighs 147
pounds, which is 7 pounds less than a year ago.  The blood pressure is
130/70, the heart rate is 77 and the respiratory rate is 18.  There are no
carotid bruits.  The thyroid is not enlarged.  The lungs are clear.  The heart

rhythm is regular.  The abdomen is soft.  There are no masses, bruits, tenderness or organomegaly.  There are normal bowel sounds.  The extremities are warm.  There is minimal edema.  There are diminished but palpable pulses.  The patient is alert, conversant, oriented, and has no focal motor or sensory deficiencies.  He has moderate decreased memory for recent events.  There is no adenopathy of the neck or supraclavicular region.  There are no gross joint deformities.  His pacemaker is functioning appropriately.  He is pacing the ventricle all the time.  Impression: 1.  Cardiomyopathy with chronic RV pacing.  2.  Recent congestive heart failure.  3.  Cardiomyopathy of uncertain etiology.  I discussed this with Mr. B's wife.  The pros, cons and risks of heart catheterization, ischemia evaluation, etc. were discussed, and I think on Mr. B, given his degree of dementia and advanced age, it is best that we treat him medically.  He is on metroprolol and ditiazaem.  I am going to change these to Coreg, and I will see him back in about a month.  At that time we will consider putting him on an ACE inhibitor and check lipids.  I discussed sliding scale Lasix, sodium restriction, avoiding excess fluid, etc.  Plan:  We will make no additional changes.  I will see him back in one month."  Government Exhibit 430A at ACDISC088896-ACDISC088897.

1042. AseraCare's medical record for Wilson B. contains a Nursing Clinical Note dated November 11, 2009 that contains a notation that Wilson B. had no dyspnea (shortness of breath) and no cardiac-related pain. Government Exhibit 430A at ACDISC088523.

1043. AseraCare's medical record for Wilson B. contains a Nursing Clinical Note dated November 11, 2009 that contains a notation that Wilson B.'s cardiopulmonary assessment has been "assessed and [is] unchanged." Government Exhibit 430A at ACDISC088524.

1044. AseraCare's medical record for Wilson B. contains a Nursing Clinical Note dated November 11, 2009 with a Nursing Narrative that states, "Pt [patient] denies any SOB [shortness of breath] at rest.  Has occasional dyspnea with exertion, although wife states that he doesn't exert himself…Patient also denies any chest pain…Patient has dependent edema noted to BLE [bilateral lower extremities.]  Pt has legs wrapped in whit[e] elastic type bandages, "to help with the swelling."  Pt = class III NYHA [New York Heart Association] & PPS [Palliative Performance Scale] of 40% and KPS [Karnosfsky Performance Status] of 50%."  Government Exhibit 430A at ACDISC088525.

1045. AseraCare's medical record for Wilson B. contains a notation on a hospice local coverage determination for cardiopulmonary conditions

265

for Wilson B.'s seventh benefit period (from 3/15/10 through 5/13/10), that Wilson B. did not have documentation of ejection fraction less than 20% and did not have "[u]nintentional progressive weight loss of greater than 10% of body weight over preceding six months or visual assessment e.g. loose clothing, muscle wasting, skin turgor, pallor, etc."  Government Exhibit 430A at ACDISC088257-ACDISC088258.

1046.  AseraCare's medical record for Wilson B. contains a notation on a hospice local coverage determination for cardiopulmonary conditions for Wilson B.'s seventh benefit period (from 3/15/10 through 5/13/10), that Wilson B. did not have, "secondary conditions of cardiopulmonary (conditions directly related to primary conditions.)"  Government Exhibit 430A at ACDISC088259.

1047.  AseraCare's medical record for Wilson B. contains a notation on a hospice local coverage determination for cardiopulmonary conditions for Wilson B.'s seventh benefit period (from 3/15/10 through 5/13/10) that Wilson B. was, "unable to ambulate more than 10ft without exertion.  SOB [shortness of breath] at rest O2 @ 24 NC [?] 50% of time."  Government Exhibit 430A at ACDISC088260.

1048.  AseraCare's medical record for Wilson B. contains a notation on a recertification of terminal illness signed May 11, 2010 that Wilson B. is

"chronic" and not using any oxygen.  Government Exhibit 430 at

ACDISC088133.

## 122. Winoma T.

1049.  The objective facts in AseraCare's medical record for Winoma

T. create a genuine issue of material fact about whether the documentation in

AseraCare's medical record for Winoma T. supported a terminal prognosis

of six months or less to live if the illness ran its normal course for the period

January 22, 2010 through June 30, 2011.  *See* Government Exhibit 431; Trial

Tr.at 1983:19 – 1989:11, 1991:9 - 1993:10 (S. Liao testimony).

1050.  AseraCare admitted Winoma T. to hospice with a diagnosis of

chronic obstructive pulmonary disease or COPD.  Government Exhibit 431A

at ACDISC051627.

1051.  AseraCare changed Winoma T.'s hospice diagnosis to debility

in November 2010.  Government Exhibit 431A at ACDISC050875.

1052.  AseraCare's medical record for Winoma T. does not support

that Winoma T. had the most advanced form of COPD or that Winoma T.

had irreversible nutritional impairment during the relevant time period.  *See*

Government Exhibit 431; Trial Tr.at 1983:19 – 1989:11, 1991:9 - 1993:10

(S. Liao testimony).

1053. AseraCare's medical record for Winoma T. contains a notation on a Nursing Clinical Note dated February 15, 2010 that Winoma T. "has been up walking around with her walker some.  She also still uses a w/c [wheelchair]…She has O2 [oxygen] that she wears as needed."  Government Exhibit 431A at ACDISC051629.

1054. AseraCare's medical record for Winoma T. contains a notation in a Physician Narrative dated March 17, 2011 that Winoma T., "continues to exhibit SOB [shortness of breath] with conversation and mild exertion but refuses to wear oxygen."  Government Exhibit 431A at ACDISC050859.

1055. AseraCare's medical record for Winoma T. contains a notation in a Physician Narrative dated March 17, 2011 that Winoma T.'s BMI was 24 percent.  Government Exhibit 431A at ACDISC050859.

### 123. Yvonne Y.

1056. The objective facts in AseraCare's medical record for Yvonne Y. create a genuine issue of material fact about whether the documentation in AseraCare's medical record for Yvonne Y. supported a terminal prognosis of six months or less to live if the illness ran its normal course for the period from her admission on April 30, 2007 through March 31, 2008.  *See* Government Exhibit 432; Trial Tr. at 1468:21 – 1471:18 (S. Liao Testimony).

1057. AseraCare admitted Yvonne Y. to hospice with a debility diagnosis.  Government Exhibit 432A at Archived0029969.

1058. AseraCare's medical record for Yvonne Y. does not support that Yvonne Y. had an irreversible functional or nutritional impairment during the relevant time period.  *See* Government Exhibit 432; Trial Tr. at 1468:21 – 1471:18 (S. Liao Testimony).

1059. AseraCare's medical record for Yvonne Y. contains a notation in a document titled "General Medical Guidelines for Determining Prognosis" dated July 29, 2007 that Yvonne Y.'s functional status using the Palliative Performance Scale (PPS) was a 50%.  Government Exhibit 432A at Archived0029969.

1060. AseraCare's medical record for Yvonne Y. contains a notation in a document titled "Hospice Local Coverage Determination – Adult Failure to Thrive" for the benefit period dated February 24, 2008 through April 28, 2008 that Yvonne Y. did not meet the functional status of a "Karnofsky or PPS value less than or equal to 40%."  Government Exhibit 432A at Archived0029977.

1061. AseraCare's medical record for Yvonne Y. contains a notation in a document titled "Hospice Local Coverage Determination – Adult Failure to Thrive" for the benefit period dated August 22, 2008 through

269

October 20, 2008 that Yvonne Y. did not meet the functional status of a "Karnofsky or PPS value less than or equal to 40%." Government Exhibit 432A at Archived0029971.

1062. AseraCare's medical record for Yvonne Y. contains a notation in a document titled "AseraCare Hospice Nutrition Assessment Progress Note" dated November 15, 2007 that Yvonne Y.'s ideal body weight was 115 pounds. Government Exhibit 432 at Archived0030802.

1063. AseraCare's medical record for Yvonne Y. contains a notation in a document titled "NURSING CLINICAL NOTE" dated July 10, 2007 that Yvonne Y. weighed 115 pounds. Government Exhibit 432A at Archived0030382.

1064. AseraCare's medical records contain a notation in a document titled "NURSING CLINICAL NOTE" dated August 24, 2007 that Yvonne Y. weighed 120 pounds. Government Exhibit 432 at Archived0030367.