```
                  UNITED STATES DISTRICT COURT
                  NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION




 UNITED STATES OF AMERICA,
 EX REL., ET AL.,                  CV-12-KOB-245-S


             Plaintiffs,       November 6, 2012

      vs.                      Birmingham, Alabama

 ASERACARE, INC., ET AL.,

             Defendants.

 * * * * * * * * * * * * * * * * * * * * * * * *


             REPORTER'S OFFICIAL TRANSCRIPT OF
                      MOTION HEARING



          BEFORE THE HONORABLE KARON O. BOWDRE
                UNITED STATES DISTRICT JUDGE







 COURT REPORTER:
 Teresa Roberson, RMR
 Julie Martin, RMR
 Federal Official Court Reporter
 1729 Fifth Avenue North
 Birmingham, Alabama  35203
```

```
 1                    * * * * *

 2                  A P P E A R A N C E S

 3                    * * * * *

 4   FOR THE PLAINTIFF:

 5   Jeff Wertkin
     Carolyn Tapie
 6   Holly Snow
     Eva Gunasekera
 7   Renee Brooker
     William Olson
 8   U.S. Department of Justice
     Civil Division
 9   P.O. Box 261 Ben Franklin Station
     Washington, DC  20044
10

11   Lane H. Woodke
     U.S. Attorney's Office
12   1801 4th Avenue South
     Birmingham, Alabama  35203
13

14   James F. Barger, Jr.
     Henry Froshin
15   FROSHIN & BARGER
     3430 Independence Drive
16   Birmingham, Alabama  35209

17   Nola J. Hitchcock Cross
     CROSS LAW FIRM
18   345 North 11th Street
     Milwaukee, Wisconsin  53233
19

20

21   FOR THE DEFENDANT:

22   James Sturgeon Christie, Jr.
     Jack Wright Selden
23   BRADLEY, ARANT, BOULT & CUMMINGS
     1819 Fifth Avenue North
24   Birmingham, Alabama  35203

25
```

```
 1                      * * * * *
 2                    P R O C E E D I N G S
 3                      * * * * *
 4            THE COURT:  Good afternoon.  We have several
 5   matters to take up today and I'm trying to figure out
 6   the most efficient way to deal with those matters.
 7   And I think what I may do is just, basically, just
 8   kind of blunder here and see if y'all want to chase
 9   this little rabbit and tell me where I may be wrong
10   on this.
11            Let me run this up the flag pole and see
12   what you want to do with this.
13            We have got the -- well, we have got tons of
14   things here.  Let me see if I can find what I want to
15   address.
16            We've got the defendant's -- if I can find
17   my listing of all these motions, that would help.
18            Motion to dismiss based upon the first to
19   file rule.  And what I want to know, basically, is
20   whether that is not, in essence, moot now because of
21   the government's intervention in all of these three
22   cases really and the filing of the complaint by the
23   government, so don't we just really need to say,
24   okay, we've got the government's complaint and go
25   forward?
```

1        MR. CHRISTIE:  Your Honor, it's my motion
2   and I would be glad to address it first.
3        MR. OLSON:  I might be able to short circuit
4   this.
5        There has been a disagreement on an issue
6   and, Your Honor, defendants have taken the position
7   that the Richardson case could still be barred by
8   subject matter jurisdiction based on the first to
9   file rule.
10       I think, subsequent to that filing, there's
11  been some procedural developments in the case
12  including the consolidation which allowed the United
13  States to reconsider or really put it in the position
14  to evaluate its position on first to file and the
15  status of the three sets of relators.
16       As we pointed -- I think we pointed out in
17  our motion seeking consolidation, we pointed out one
18  of the reasons this consolidation was to bring all
19  three cases before one judge to allow the first to
20  file issue to be before a judge so all the parties
21  could have an opportunity to weigh in on that issue.
22       Since the case has been consolidated before
23  you, Your Honor, we have had a chance to look at that
24  issue and discuss with the relators and the United
25  States is in a position now to take -- to take a

1   position that the Paradies case is a nationwide case
2   and that because of that, the Richardson and Micca
3   relators are barred.
4           And, accordingly, since the United States
5   has filed a complaint, consolidated a complaint in
6   intervention in Paradies that it intends to move
7   forward on, which has been filed in the three cases,
8   the United States' view is that really all the
9   pending motions are moot and the United States would
10  view it appropriate, if the Court was to dismiss the
11  Richardson and Micca actions without prejudice to the
12  United States, to allow the United States to proceed
13  in the Paradies action and counsel for the relator
14  are here to state their position.
15          But as the Court may have noted, none of the
16  plaintiff side parties took a position on first to
17  file in the previous pleadings in this case.
18          MR. CHRISTIE:  Your Honor, that is very
19  close to our position.  And AseraCare understands the
20  Court, in ruling on the motion to intervene in Micca,
21  has chosen a way that the Rockwell case can be
22  interpreted.  Recognizing the AseraCare argues a
23  different position.  Accepting that position, then
24  the result that the government has suggested, I
25  believe, is the correct result, that in Rockwell, you

1  know, the issue was whether or not the relator was going
2  to be dismissed.  And the defendant, Rockwell, argued
3  that Stone, the relator, should be dismissed in that
4  case and the Supreme Court ruled that they should be,
5  reversing the Tenth Circuit on that particular issue.
6          And so the same way, AseraCare's position would
7  be that the Richardson relators and the Micca relator
8  should be dismissed.
9          Then, I guess a further question is, do we
10 really need three separate lawsuits or can we just
11 simplify the matter and have one lawsuit, the Paradies
12 lawsuit, and the government has the authority to dismiss
13 the other lawsuits just by moving to do so.
14         The Court could also do that, I think.  But I'm
15 just pointing out to you that at this point in time,
16 accepting that the Court ruled against AseraCare's
17 position as to how you interpret Rockwell, with the
18 motion to intervene in Micca, accepting that position,
19 the way to simplify the case the best would be to have
20 one lawsuit moving forward, which would be the Paradies
21 lawsuit.
22         That's really what I was going to stand up and
23 say, I guess Mr. Olson and I have a very similar
24 position, if not the same position.
25         THE COURT:  Okay.  Then it seems to me that the

1  two other cases, Richardson and Micca, should be
2  dismissed, either by order of the Court or by the
3  government's motion.  I don't care how we do it.
4        But I think that that is in line with the law,
5  and as I read the authority from the various courts --
6  of course, we don't have anything directly on point from
7  the Eleventh Circuit, but I think when you piece
8  together all of the bits and pieces of the law, it is
9  clear to me that that's what needs to be done.  And that
10 the Paradies case, being the first one filed, should be
11 the case that proceeds.
12       The others are barred by the first to file as
13 far as the relators go, the government, of course, is in
14 a different position.  But that's where I think we are.
15       MR. CHRISTIE:  Yes, Your Honor.  Based on that
16 ruling, the other motions to dismiss that we have really
17 would be moot, understanding that the relators in the
18 Richardson case and in the Micca case could be barred by
19 subject matter jurisdiction, you wouldn't even take up
20 the other issues.
21       THE COURT:  We all agree on that?
22       MR. CHRISTIE:  First to file rule is the matter
23 of subject matter jurisdiction, so I think the answer to
24 that is yes.
25       MR. OLSON:  Correct.

1  MR. BARGER:  For the relators, the relators
2 also agree -- the relators in Richardson and Micca agree
3 the first to file rule would bar any recovery.
4  I mean, this is sort of a hypertechnical
5 reading of the False Claims Act.  But there is no
6 subject matter jurisdiction issue before the Court
7 because the relators' cases have been subsumed by the
8 government.
9  This is a matter of whether the Richardson and
10 Micca relators could participate in the action under
11 Part C of the statute or whether they would be entitled
12 to reward in Part D of the statute and they are willing
13 to stipulate that they wouldn't be.
14  But I don't think the Court needs to issue any
15 orders as to subject matter jurisdiction because the
16 United States -- this Court has jurisdiction to hear all
17 three actions because the government -- the United
18 States is the one bringing the action now.
19  It's a moot -- it's a fine point, but it's an
20 important point because if the Court were to issue an
21 order at this stage stating that there wasn't some sort
22 of jurisdiction, that could be read later to say that
23 the government didn't -- there was no jurisdiction for
24 this Court to hear actions on behalf of the government.
25  The way the statute is intended to operate --

```
 1            THE COURT:  No, I'm not saying that.  I'm
 2   dealing with the separate claims of the other relators
 3   and the separate cases that have been brought.
 4            But the government certainly has brought a
 5   nationwide case that encompasses -- in Paradies that
 6   encompasses the Richardson and the Micca claims.
 7            MR. BARGER:  I agree, Your Honor.  I think we
 8   are all saying the same thing.
 9            It's just the simplest way to affect it, as you
10   said, how do we do this, would be upon the government's
11   motion, the relators in Richardson and Micca would be
12   dismissed and that the claims against -- any claims
13   brought by the government would be dismissed voluntarily
14   without prejudice to the government.
15            And we all stipulate to that, we can go forward
16   in Paradies and there doesn't have to be any sort of
17   complex discussions about subject matter jurisdiction.
18            MR. CHRISTIE:  Your Honor, my kids tease that
19   I'm a nerd because I tend to get into details sometimes
20   on rules.
21            But matters of subject matter jurisdiction are
22   the things the Court takes up first.  And in the
23   Rockwell case, the Tenth Circuit held that relator Stone
24   was an original source and there was subject matter
25   jurisdiction over him.
```

1               The Supreme Court reversed the Tenth Circuit on
2    that issue and held that there was no subject matter
3    jurisdiction over relator Stone.
4               And we are in the same position here.  And the
5    basis of the Court's dismissal, as the government
6    indicated, is under the first to file rule and the first
7    to file rule is a matter of subject matter jurisdiction
8    just like the original source rule.  Using the Rockwell
9    decision, the Supreme Court decision, just as the
10   relator in Rockwell was barred and dismissed as a matter
11   of subject matter jurisdiction, the relators, not ones
12   in the Paradies case, but the ones in the Richardson
13   case and the Micca case, are barred as a matter of
14   subject matter jurisdiction and should be dismissed.
15              It's a matter of what the law -- what Congress
16   intended when it drafted the statute.
17              MR. OLSON:  Your Honor, maybe I can clarify the
18   United States' position.
19              The United States does agree with respect to
20   the relators that the relators would be barred by
21   subject matter jurisdiction.
22              The first to file rule is a subject matter
23   jurisdiction bar.
24              But our position -- and this is the dispute --
25   the United States' position is that it's a bar that only

```
 1  applies to relators and not to the United States.  And
 2  that if the United States needed to --
 3          THE COURT:  I think that is what Mr. Christie
 4  is saying.
 5          MR. OLSON:  Right.  I just want to clarify
 6  that.  And maybe -- the United States, we would be open
 7  either way of filing a motion, if the Court found it
 8  appropriate, or I think as I presented initially, in
 9  light of our position, our stated position on the
10  relators being barred by first to file and the fact that
11  the Paradies case is going forward, I do think the Court
12  could enter an order dismissing the other two actions,
13  but it wouldn't necessarily -- and I don't think it
14  needs to address whether the United States -- whether
15  the Court had subject matter jurisdiction over the
16  United States' claims, it should just be clear that
17  dismissal is without prejudice so the United States may
18  continue in the Paradies case.
19          But we would be open to filing a voluntary
20  dismissal as well.  It's the Court's prerogative.
21          MR. CHRISTIE:  Your Honor, I agree with counsel
22  for the government.
23          The relators, accepting the Court's ruling in
24  the motion to intervene in Micca, accepting that ruling
25  and moving forward from there, the relators are barred
```

Case 2:12-cv-00245-KOB   Document 556   Filed 06/21/16   Page 12 of 17
12

by subject matter jurisdiction, and then we have three lawsuits all alleging the exact same thing, and so my staff and the government's staff are both having to keep up with three sets of pleadings instead of one for no purpose and the Court is having to keep up with three sets of pleadings instead of one.

So after the relators are dismissed for subject matter jurisdiction, then the government could voluntarily dismiss or the Court could dismiss, we are indifferent, but we do think simplifying matters to that extent would be worthwhile.

THE COURT: It seems to me from a procedural nicety approach that a motion from the government to dismiss -- to voluntarily dismiss the two other cases would be the easiest way to do it because that way I won't have to parse out the relators from the government in dismissing those cases or dismissing those claims, and we can get rid of the two other cases in one fail swoop and move forward that way.

But for our purposes here, Mr. Christie, we can understand that if I were entering a separate order on that, I would be ruling that there were no -- that the Court has no subject matter jurisdiction over the Richardson and the Micca relators.

Does that make sense?

```
 1                MR. CHRISTIE:  Yes, Your Honor.
 2                THE COURT:  Does that make you happy?
 3                MR. CHRISTIE:  It does, Judge.  I guess another
 4   way of stating it, the only relators who would be
 5   parties to the action would be the relators in the
 6   Paradies action.
 7                THE COURT:  Right, right.  And the only real
 8   case per se moving forward will be Paradies, which is
 9   12:245.
10                Now, with that having been said, I cannot help
11   but raise the question of whether we should transfer it
12   back to Wisconsin from which it came and where it was
13   originally set.  I see everybody shaking your head no.
14                But I'm sorry, I couldn't help but raise that
15   question.  Can you say anything on the record?
16                MR. CHRISTIE:  Your Honor, my client may be
17   interested in that because there are many more witnesses
18   in Wisconsin than there are here.  There are no
19   witnesses that have been identified other than an expert
20   witness who resides in the Northern District of Alabama.
21                There are witnesses --
22                THE COURT:  As I understand the decision in
23   Wisconsin, it was to transfer it here to be combined
24   with these two other cases that had been filed here.
25                MR. CHRISTIE:  Your Honor, let me be careful
```

```
 1  because I have a client and my contacts are attorneys.
 2  This is the kind of issue -- before Mr. Selden was
 3  whispering in my ear, make sure we ask the client first.
 4  Frankly because we're concerned about litigation
 5  expenses.
 6          THE COURT:  I understand.
 7          MR. OLSON:  The United States' preference and
 8  attention would be for the action to remain in this
 9  jurisdiction.  As plaintiffs, the plaintiff generally
10  has greater weight in the choice of the jurisdiction,
11  where it chooses to file a case.  Ultimately, there was
12  procedural reasons outside -- somewhat outside our
13  control that led us to this point in light of timing,
14  rulings on election deadlines, that led us to intervene
15  in the Richardson matter as of right, but at this stage
16  in the litigation, our intention and preference would be
17  to remain in this jurisdiction.
18          THE COURT:  As I said, I couldn't help but
19  raise that issue.
20          The other motions then that are pending are now
21  moot; am I correct on that?
22          MR. OLSON:  Yes, Your Honor.
23          MR. CHRISTIE:  Yes, except there is one -- in
24  some ways you might not consider the motion.
25          The Court had asked the parties to be ready to
```

```
 1  address scheduling issues.  And in order to have a way
 2  to bring some of our concerns to the Court's attention,
 3  we filed a motion to basically have scheduling issues
 4  considered.
 5          THE COURT:  That was filed yesterday afternoon.
 6          MR. CHRISTIE:  Yes, Your Honor.
 7          THE COURT:  That was one of the reasons I was a
 8  little late coming in because I have been swamped and
 9  did not have time to read that until shortly before this
10  hearing was scheduled.
11          But I had indicated previously that my intent
12  was for us to adjourn from the hearing and have a
13  conference on scheduling issues.  And I intend to do
14  that.
15          MR. CHRISTIE:  Frankly, we weren't really clear
16  how to bring the concerns we raised in there to the
17  Court's attention.  We don't ask for specific relief.
18  We just wanted to raise some issues.
19          THE COURT:  Okay.  We will adjourn from this
20  hearing into the jury room where we will have a
21  conference or a discussion about how we go forward with
22  the need for discovery, how much time we need, how we
23  need to put that together into some workable format and
24  how to approach that.
25          So we will take about a five minute break and
```

1   then we'll see y'all in the jury room.
2                  (Conference held off the record)

```
 1
 2                     C E R T I F I C A T E
 3
 4        I hereby certify that the foregoing is a
 5   correct transcript from the record of proceedings in the
 6   above-referenced matter.
 7
 8
 9   _____
     Teresa Roberson, RPR, RMR
10
```