```
                UNITED STATES DISTRICT COURT
                NORTHERN DISTRICT OF ALABAMA
                     SOUTHERN DIVISION




UNITED STATES OF AMERICA,
EX REL., ET AL.,                  CV-12-KOB-245-S


                 Plaintiffs,      November 2, 2015

    vs.                           Birmingham, Alabama

ASERACARE, INC., ET AL.,

                 Defendants.

*  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *  *


              REPORTER'S OFFICIAL TRANSCRIPT OF
                     PHONE CONFERENCE


            BEFORE THE HONORABLE KARON O. BOWDRE
             UNITED STATES DISTRICT CHIEF JUDGE








COURT REPORTER:
Teresa Roberson, RMR
Federal Official Court Reporter
1729 Fifth Avenue North
Birmingham, Alabama  35203
```

```
 1                        * * * * *

 2                       A P P E A R A N C E S

 3                        * * * * *

 4   FOR THE PLAINTIFF:

 5   Jeff Wertkin
     Carolyn Tapie
 6   U.S. Department of Justice
     Civil Division
 7   P.O. Box 261 Ben Franklin Station
     Washington, DC  20044
 8

 9   Lane H. Woodke
     Erin Massey Everitt
10   Jenny Smith
     Mary Lester
11   U.S. Attorney's Office
     1801 4th Avenue South
12   Birmingham, Alabama  35203

13   James F. Barger, Jr.
     Henry Froshin
14   J. Elliott Walthall
     FROSHIN & BARGER
15   3430 Independence Drive
     Birmingham, Alabama  35209
16
     Nola J. Hitchcock Cross
17   Mary Flanner
     CROSS LAW FIRM
18   345 North 11th Street
     Milwaukee, Wisconsin  53233
19

20

21

22

23

24

25
```

```
 1           A P P E A R A N C E S (continued)

 2   FOR THE DEFENDANT:

 3   James Sturgeon Christie, Jr.
     Jack Wright Selden
 4   Matt Lembke
     Charles Spainhour
 5   Nicholas Adam Danella
     BRADLEY, ARANT, BOULT & CUMMINGS
 6   1819 Fifth Avenue North
     Birmingham, Alabama   35203
 7


 8


 9   Kimberly Martin
     BRADLEY, ARANT, BOULT & CUMMINGS
10   200 Clinton Avenue
     Huntsville, Alabama   35801
11


12   Andrew Jones
     WHYTHE, HIRSCHBOECK, DUDEK
13   555 East Wells Street
     Suite 1900
14   Milwaukee, WI   53202

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                        * * * * *
 2                      P R O C E E D I N G S
 3                        * * * * *
 4               (In chambers phone conference.)
 5               (Off the record discussion.)
 6          THE COURT:  The reason that I reached out to
 7   y'all Friday before you filed what we were anticipating
 8   to receive, at least from the government, as a request
 9   for an interlocutory appeal is because of my continuing
10   concern about how much money we're spending on this case
11   and trying to figure out if there was a way, a very
12   pragmatic way, that we could get some guidance on what
13   the correct law is in this case before going through
14   that.
15          I mean, I keep thinking about, if we go
16   through a new trial, how much money has already been
17   spent on this case, millions has already been spent on
18   this case.  If we do another trial, that's going to be
19   more millions of dollars.  And then if, after phase one
20   of a new trial, we're back at the same place that we are
21   now where we have basically a difference of opinion as
22   to whether patients were eligible or whether the medical
23   records support that prognosis of less than six months,
24   then what do we do.
25          If I grant judgment as a matter of law then
```

and it's appealed, the Eleventh Circuit may tell me we were wrong and we may have a third trial.

So I really have been worried about how much money we're going to be spending before we figure out what the law is in this case.

I'm concerned that we need clear direction from the circuit as to what the correct legal standard is.

But I will say this:  I am now fully convinced that the legal standard as to the sufficiency of the evidence includes that statements or conclusions of opinions about which reasonable minds can differ is not sufficient to establish false claims without more.

I'm also convinced, as I have been for a long time, and did in fact instruct the jury, that bad practices or policies are not enough to prove falsity unless they are tied to an actual false claim.

The sine qua non of a False Claims Act case is not bad practices or actions, but the sine qua non of a False Claim Act case is a false claim; and that's what I've been trying to focus our attention on for quite a while.

But I also have concerns about whether my ruling on the sampling and extrapolation is correct.

And I sure would like to have some guidance

1   from somewhere before we get into that question in a full
2   second phase trial.
3           So, anyway, my staff and I have been trying to
4   figure out a way to get some answers from the circuit before
5   the parties spend millions of dollars and before the Court
6   spends a lot of time in going through another trial.
7           And we have come up with an idea that we think will
8   work to do that.
9           We found a way that we can posture the case where
10  there can be a direct appeal of right, possibly a cross
11  appeal, if that's appropriate, and that is through Federal
12  Rule of Civil Procedure 56(f)(3).
13          Now, Mr. Wertkin, you like rules and you like rule
14  numbers.  Do you know what that rule allows?
15          MR. WERTKIN:  Actually, Your Honor, I'm just looking
16  it up right now.
17          THE COURT:  Well, I will tell you, Mr. Wertkin, Rule
18  56(f)(3) provides that after giving notice and a reasonable
19  time to respond, the Court may consider summary judgment on
20  its own after identifying for the parties the material facts
21  that may not be genuinely in dispute.
22          The Eleventh Circuit has recognized that the Court
23  possesses the power to enter summary judgment sua sponte
24  provided the losing party was on notice that it had to come
25  forward with all of its evidence.

1          We are at a posture where the government has come
2    forward with all of its evidence on falsity, and so I think
3    that sua sponte looking at summary judgment may be an
4    appropriate way to address the legal issues in this case prior
5    to the expenditure of more time and money with retrial of
6    phase one.
7          In this case, you know, after the government has
8    come forward at the first trial with all of its evidence
9    regarding falsity, I can find nothing more than a difference
10   of opinion among physicians, which I believe is insufficient
11   to support the finding that a claim is false.  So that is my
12   position at this time.
13         We are pretty close to having an opinion and order
14   ready to go, but I wanted to let y'all know about that before
15   you filed whatever you were going to file, Jeff, and I was
16   anticipating it to be a motion for interlocutory appeal.
17         MR. WERTKIN:  Thank you, Your Honor.  We were
18   actually waiting to get your order before we filed anything
19   anyway.  So that was -- so I just wanted to let you know where
20   we were.
21         THE COURT:  Okay.  Good.  You see the pragmatism in
22   what I'm about to do?
23         MR. WERTKIN:  Your Honor, this is kind of coming out
24   of -- it's not something we had anticipated, so, at this
25   point, we can't take a position on it.

1        THE COURT:  I understand.  But I anticipate that
2   this memorandum opinion and order will probably be out in the
3   next couple of days, and I'll give the government probably
4   about thirty days or so to respond, to point me to anything in
5   the record that goes beyond difference of opinion to support a
6   finding of falsity.
7        MR. WERTKIN:  Your Honor, just out of curiosity, are
8   we on the record now?
9        THE COURT:  Yes, we are.  I told you I would let you
10  know any time I go off the record.
11       MR. WERTKIN:  Thank you.  So, Your Honor's reading
12  of 56(f)(3) or just (f) is that -- that the order that would
13  come out would be -- would be the notice and reasonable time
14  to respond or the notice -- I guess just procedurally, if the
15  order comes out, does the Court anticipate that the order
16  would be summary judgment and then there would be a time to
17  respond or --
18       THE COURT:  No.  It would, in essence, be the
19  Court's motion for summary judgment to which you would have
20  time to respond.
21       MR. WERTKIN:  Okay.
22       THE COURT:  I will be setting out in there basically
23  my take on what the evidence or lack thereof is as to falsity
24  but giving you a chance to show me if I have missed something.
25       MR. WERTKIN:  Okay.  So Your Honor would be

1  considering summary judgment on its own --
2          THE COURT:  Yes.
3          MR. WERTKIN:  -- and the order that would come out
4  would be identifying for the parties the material facts that
5  may not be generally in dispute, is that procedurally how you
6  think it would be working?
7          THE COURT:  Yes.  But I'm not planning on going
8  through 123 patients and saying there's no dispute kind of
9  thing.  It's more of an overview.
10         And I have looked at what at least one other court
11 has done in a similar circumstance and am kind of following
12 that.
13         Jeff, you're going to be thrilled to know that it's
14 a California court that I'm looking at and the cite to it will
15 be in my opinion.
16         But it's one where, after granting a new trial, the
17 Court sua sponte did this motion for summary judgment and gave
18 the other side time to respond to it.
19         But this same procedure has been used in the
20 Eleventh Circuit, it's also been used in the Northern District
21 of Alabama, but the California case is the only one we have
22 found, thus far, where 56(f)(3) was used after the Court had
23 granted a new trial and was looking at the evidence that was
24 presented at trial.
25         MR. WERTKIN:  Thank you, Your Honor.  We hear you

1  and we will respond.
2          THE COURT: Okay. Anything from the defense?
3          MR. LEMBKE: Your Honor, I assume that this would
4  mean that the Court, in light of this procedure, does not plan
5  to proceed in January with the new trial?
6          THE COURT: Right. Right.
7          MR. LEMBKE: That you will issue your order and hear
8  from the parties and make your decision, and then based on
9  what the Court does, if there is the need for a new trial, you
10 would set the trial at some point in the future; is that what
11 you're saying?
12         THE COURT: Right. Right.
13         MR. LEMBKE: Okay.
14         THE COURT: If there are any claims where the
15 government can show me that there's more than a difference of
16 opinion on which reasonable minds could differ, that we would
17 have remaining for trial, then we will, of course, caucus
18 before we get to that point and come up with a plan for a new
19 trial, if we need to go that route.
20         MR. LEMBKE: Thank you, Your Honor.
21         THE COURT: My thought was, if we even get to that,
22 at least we have narrowed the issues or it may be that I could
23 enter an order making my decision final as to the ones that we
24 grant summary judgment on and, of course, maybe retroactively
25 making the prior summary judgment ruling, Matt, on the

1  sampling and Dr. Miescke, making that final and appealable as
2  well.
3           So we'll have some things to talk about down the
4  line.
5           But I wanted to give y'all kind of a heads up of
6  what we're doing, since it is a little different than when we
7  last talked.
8           MR. WERTKIN:  Your Honor, so, are you anticipating
9  that the Rule 56(f) would also include the statistical
10 sampling issue as well?
11          THE COURT:  No.  But what I'm saying is, if we get
12 this in a posture where things can go up on appeal, I would do
13 whatever is necessary to make sure that if the defense wanted
14 to cross appeal that, we could have that lined up, too.
15          MR. WERTKIN:  That makes sense.  Thank you, Your
16 Honor, for the clarification.
17          THE COURT:  I can only bite off this part of the
18 elephant right now.
19          Any questions or comments?
20          MR. LEMBKE:  None from the defense, Your Honor.
21          THE COURT:  All right.  Well, just be watching for
22 that opinion and order that we hope to get out in the next few
23 days.  Thank y'all.
24                    (CONFERENCE ADJOURNED)
25

C E R T I F I C A T E

I hereby certify that the foregoing is a correct transcript from the record of proceedings in the above-referenced matter.

_____
Teresa Roberson, RPR, RMR